**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cellco Partnership doing business as Verizon Wireless,<br><br>              Plaintiff,<br><br>vs.<br><br>Jason Hope, et al.,<br><br>              Defendants. | No. CV11-0432-PHX-DGC<br><br>**ORDER** |

On March 29, 2011, the Court received a conference call from counsel for the parties and counsel for third-party witness Robert Alpert. Counsel for Mr. Alpert explained that Mr. Alpert has been subpoenaed for a deposition in this case. Counsel for Defendants explained that they wish to inquire concerning Mr. Alpert's communications with Plaintiff. Defendants believe that this lawsuit is based on accusations that Mr. Alpert communicated to Plaintiff and that Plaintiff failed to investigate. Defendants contend that the communications are directly relevant to the veracity and good faith of Plaintiff's allegations.

Counsel for Mr. Alpert explained that Mr. Alpert currently is involved in a state-court lawsuit with one of the Defendants in this action. A Temporary Restraining Order ("TRO") has been entered in the state case. Mr. Alpert's litigation opponent in the state case has repeatedly alleged that Mr. Alpert has violated the TRO, resulting in much costly litigation. The opponent has made clear that any communications Mr. Alpert has had with Plaintiff would be deemed by the opponent as a further violation of the TRO. Counsel for Mr. Alpert is concerned that Mr. Alpert's testimony in this case about any such communications would spawn further accusations in the state case concerning

violation of the TRO.  Counsel for Mr. Alpert stated that the special master in the state case has refused to permit the litigation opponent to inquire into Mr. Alpert's communications with Plaintiff, deeming them irrelevant and outside the scope of the state-court discovery.  Mr. Alpert does not contend that his deposition in this case would require the disclosure of privileged, trade secret, or other legally protected information.

This situation presents a challenging issue.  On one hand, Mr. Alpert's communications with Plaintiff appear to be clearly relevant in this case.  On the other hand, the special master apparently has concluded that the communications are not relevant in the state case, and yet disclosure about the communications in this case could work to Mr. Alpert's disadvantage if his opponent in the state case uses the disclosures to allege further violations of the TRO and engage in further costly litigation.

Rule 26(c) of the Federal Rules of Civil Procedure grants district courts broad discretion to enter or deny protective orders.  *Seattle Times Co. v. Reinhart*, 467 U.S. 20, 36 (1984).  The party seeking a protective order must show "good cause."  Fed. R. Civ. P. 26(c)(1).  Rule 26(c) indirectly defines good cause by providing that a protective order may be entered "to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense[.]"  *Id*.

The Court does not find that Mr. Alpert's deposition in this case would result in annoyance, embarrassment, or oppression.  Nor would it result in the disclosure of privileged, trade secret, or other legally protected information.  The question, therefore, is whether it would result in undue burden or expense to Mr. Alpert by potentially provoking additional litigation in the state case.  For two reasons, the Court concludes that Mr. Alpert's counsel has not shown that any burden or expense in the state case would be "undue."  First, the special master and state court judge apparently have addressed the scope of relevant discovery in that case and can appropriately control any litigation the state-court opponent might attempt to initiate on the basis of a deposition in this case.  Second, if the special master and state-court judge conclude that litigation

resulting from this deposition should be permitted in the state case, the Court cannot conclude that the burden and expense of that litigation would be "undue." Stated differently, the Court cannot conclude that relevant, non-privileged evidence in this case should be suppressed when Mr. Alpert has a special master and state court judge to protect him from undue litigation in the state case.

Because the Court cannot conclude that the good cause showing for a Rule 26(c) protective order has been made by Mr. Alpert, the Court will deny his request that the deposition be prohibited or limited. Counsel for the parties in this case shall promptly provide a copy of this order to counsel for Mr. Alpert.

DATED this 30th day of March, 2011.

*David G. Campbell*
United States District Judge