Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
Email:          paul.charlton@gknet.com
                     lindsi.weber@gknet.com

Marcos Jiménez (admitted pro hac vice)
Scott Cosgrove (admitted pro hac vice)
Ann M. St. Peter-Griffith (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:   (786) 587-1077
Facsimile:    (305) 675-7970
Email:          MJimenez@kasowitz.com
                     SCosgrove@kasowitz.com
                     AStpetergriffith@kasowitz.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Plaintiff,<br><br>v.<br><br>JASON HOPE; et al.,<br><br>Defendants. | Case No. 2:11-cv-00432-DGC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PARAGRAPH 76 OF PLAINTIFF'S COMPLAINT FOR FRAUD** |

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") hereby responds to defendants' Motion to Strike Paragraph 76 of Plaintiff's Complaint for Fraud [D.E. 53] (the "Motion," or "Motion to Strike").

**I.  INTRODUCTION**

Verizon Wireless' Complaint is replete with allegations and evidence demonstrating the elaborate and egregious fraud committed by defendants to deceive Verizon Wireless and its customers by, among other things, hiding unapproved, misleading and noncompliant URLs from Verizon Wireless. Rather than providing any substantive response to Verizon Wireless' detailed allegations of fraud, Defendants focus

on one screenshot, out of fourteen screenshots depicted in the Complaint, and claim that Verizon intentionally reduced its size in the Complaint to obscure defendants' alleged pricing disclosures and commit a fraud upon the Court. Defendants' arguments are meritless.

In addition to their glaring failure to provide any response whatsoever to the other thirteen screenshots and their multiple deceptive webpages depicted in the Complaint, Defendants' histrionic accusations relating to the one screenshot conveniently ignore that that screenshot itself was ***not approved*** by Verizon Wireless and, moreover, even the alleged pricing disclosures in that screenshot violate the MMA Best Practices. For example, in some locations the pricing disclosure is hidden below the "fold" line; in other locations the color contrast between the pricing disclosures on the background is insufficient.

In their Motion to Strike, Defendants argue that "Verizon and/or its attorneys intentionally reduced their reproduction of the webpage [referenced in paragraph 76(h) of the complaint] so as to hide Defendants' seven price disclosures." (Motion to Strike at pp. 3-4). Further, Defendants contend that Verizon Wireless' purported "hiding" of Defendants' disclosures demonstrates that Verizon Wireless' allegations "were made in bad faith, with a conscious disregard for the truth," and therefore should be stricken under Federal Rule of Civil Procedure 12(f).[1] As Verizon Wireless already has explained to this Court – and defendants – in their Response to Defendants' Motion for Expedited Discovery [D.E. 59], and as shown further below, Defendants' arguments are wrong and, indeed, nonsensical. Put simply, there was no fraud or other misconduct by Verizon Wireless here. Defendants have failed to satisfy either the stringent threshold necessary to prevail on a Rule 12(f) motion to strike, or the even more stringent standard under the

---

[1] This is not the first time that defendants have resorted to such *ad hominem* attacks. They previously have accused Verizon Wireless of planning a lawsuit for the purpose of disrupting Mr. Hopes' wedding ceremony, and generally alleged "unethical things have happened." *See, e.g.,* March 11, 2011 hearing tr., 17:2-4; 19-3-6.

Court's inherent authority. Accordingly, the Motion should be denied.

## II.    MEMORANDUM OF LAW

### a. Defendants Cannot Satisfy the Stringent Standards for Granting a Motion to Strike.

In order to prevail on a motion to strike, the moving party must show: (1) that the material to be stricken is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable; ***and*** (2) how such material will cause prejudice. *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 U.S. Dist. LEXIS 89690, *8 (D. Ariz. Aug. 2, 2010). As to the first prong, any doubt regarding the redundancy, immateriality, impertinence, scandalousness or insufficiency of a pleading must be decided in favor of the non-movant. *Id.* With respect to the second prong, motions to strike frequently are denied "when no prejudice could result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f)." *Id.* (quoting *Am. Buying Ins. Servs., Inc. v. S. Kornreich & Sons, Inc.*, 944 F.Supp. 240, 249-50 (S.D.N.Y. 1996)).

The standard for striking pleadings pursuant to the Court's inherent authority is even more stringent. Indeed, as the case law cited by Defendants notes, it requires a specific finding of "bad faith or conduct tantamount to bad faith." *Chavez v. Northland Group*, CV-09-2521-PHX-LOA, 2011 WL 317482, *23 (D. Ariz. Feb. 1, 2011) (declining to impose sanctions where there was no specific finding of bad faith); *see also Fink v. Gomez*, 239 F.3d 989, 990 (9th Cir. 2001) (even reckless misstatement of law and fact is not enough; sanctions are available only when combined with the additional factor of frivolousness, harassment, or improper purpose).

Defendants simply have not satisfied – because they cannot satisfy – these requirements. Contrary to the defendants' inflated contentions, and as detailed below, the allegations in Paragraph 76 of the Complaint are not "scandalous" (at least, not for any reason other than the defendants' own misdeeds). Nor have Defendants been unduly prejudiced by those allegations, since the challenged screenshot is in fact deceptive and in violation of the MMA Best Practices regardless of whether it contains pricing

3

information. Finally, defendants' attempt to transform a mere clerical drafting error into a deliberate fraud by Verizon Wireless on the Court is itself scandalous – and downright silly – and Defendants' motion to strike should be rejected.

### b. Verizon Wireless did not Commit Fraud, Nor Did it Have Any Reason to do so.

Defendants' concocted allegations of bad faith, fraud on the Court and fabrication of evidence hinge on what obviously was a mere clerical drafting error. Specifically, Paragraph 76(h)(i) of the Complaint, in pertinent part, reads "[t]he MIN overlay does not disclose pricing or the short code," whereas it actually should read, "[t]he MIN overlay does not disclose *compliant* pricing or the short code." Verizon Wireless has no reason to misrepresent the content of the subject screenshot – it has presented an abundance of evidence to support its claims without resorting to the very type of fraud in which defendants have engaged. The Complaint is replete with visibly deceptive URLs. In addition, as shown further below (in Part II(d)), the subject screenshot is, in fact, noncompliant *with or without* the pricing information upon which Defendants rely.

Moreover, contrary to Defendants' baseless accusations, the screenshot image included in the Complaint was *not* reduced to make pricing disclosures difficult to read or otherwise misrepresent any information to the Court. Such an attempt would make no sense, as the image will be introduced in its original form at trial. Thus, defendants' contention that the inadvertent omission of a single word from Paragraph 76(h)(i) is anything more than a clerical drafting error is nonsensical. Rather, the image necessarily was reduced in a PowerPoint presentation created by Verizon Wireless' auditors for a simple reason: so that it would fit into the slide with two additional screenshots. Verizon Wireless actually *enlarged* the image from that PowerPoint presentation, rather than reducing it, when it was pasted into the Complaint. Indeed, *every* screenshot image in the Complaint was sized to fit onto its pages. There was no bad faith or attempt to mislead anyone on Verizon Wireless' part.

4

### c. Paragraph 76 is Not Scandalous.

Defendants' tirade about the purportedly "scandalous" nature of Paragraph 76 (Motion ¶ 9) similarly is unfounded. In a feeble attempt to satisfy the first requirement for striking pleadings under Rule 12(f) – *i.e.*, that the challenged material is scandalous – the Motion to Strike discusses at length the "stigmatizing" effect of the fraud accusations against Defendants. Defendants even contend that the Complaint implicitly casts them as the "moral equivalents of mobsters." (Id. at ¶ 8). However, if the true facts of defendants' extensive scheme to mislead Verizon Wireless and consumers "scandalizes" defendants, that injury is entirely self-inflicted. As shown below, the subject screenshot and associated URL were unapproved and noncompliant, regardless of whether the pricing information was visible. Further, the Complaint is replete with other allegations and depictions of Defendants' many additional deceptive practices, none of which have been rebutted. Thus, it is Defendants' own scandalous misconduct that has injured them.

### d. Defendants Have Not Been Prejudiced Because the URL Depicted in Paragraph 76(h) Never was Approved by Verizon Wireless, is Deceptive With or Without the Noncompliant Pricing Disclosures and the Clerical Drafting Error Easily can be Corrected.

Defendants' motion also fails because, with or without the pricing information on which Defendants rely, Paragraph 76(h)(i) unequivocally was deceptive and noncompliant. Indeed, Defendants do not even discuss – let alone refute – Verizon Wireless' other allegations of the noncompliance of that screenshot or the fact that it never was approved by Verizon Wireless. Moreover, any purported "prejudice" to defendants easily could be rectified by an amendment by interlineation to add the word "compliant" to paragraph 76(h)(i). As such, defendants do not – and cannot – show that they were prejudiced.

In fact, as outlined in Verizon Wireless' Response to Defendants' Motion for Expedited Discovery [D.E. 59] and the supporting declaration thereto by Richard LaPerch ("Second LaPerch Dec.") [D.E. 60], the screenshot was part of a PSMS campaign that was both intentionally concealed from and ***never was approved*** by Verizon

Wireless, as is required in order to market PSMS to Verizon Wireless' customers,[2] and with good reason; it was deceptive and did not comply with the MMA Best Practices. Compounding their fraud, Defendants used cloaking software to intentionally redirect Verizon Wireless' auditors away from this *unapproved and noncompliant* webpage. *See* First LaPerch Declaration in Support of Plaintiff's Motion for Preliminary Injunction ("First LaPerch Dec.") [D.E. 8] at ¶¶ 65-66.

In any event, the pricing "disclosures" about which defendants brag are noncompliant due to their size, color contrast or location. (*See generally* Exhibit B to Second LaPerch Dec.). Moreover, as Verizon Wireless alleged in ¶ 76(h)(i) of the Complaint, and as described by Mr. LaPerch, almost all of the pricing disclosures were set against a gray color contrast that can hinder a customer's ability actually to view them, are located far from the MIN entry, and do not meet the MMA Best Practices location and color contrast requirements. (*See id.* at pp. 4-7, 10-11). The one color-compliant disclosure has an insufficient font size. (*See id.* at p. 9). In addition, the last "disclosure," in the Terms and Conditions section of the URL, is noncompliant because Terms and Conditions must be above the "fold line" of the webpage (*i.e.*, the lower portion of the screen that viewers must scroll down to see). (*See id.* at p. 11).

Additionally, the subject screenshot illustrates just one part of the completely unapproved order path – MIN entry, text message enclosing the required PIN, and PIN entry – a customer follows to purchase PSMS through the www.funny-jokes-site.com URL. The MMA Best Practices require that *all* steps in the order path disclose pricing in a clear and conspicuous manner. The subject screenshot is the MIN entry step only. Defendants completely ignore the other steps of the order path process, because they too violate the MMA Best Practices – the PIN entry page failed to disclose pricing and other

---

[2] The only approved campaign on the subject short code, 37975, was called "Standard Plan – Pegasus Blue" and purported to use the URL www.standardrateplan.com to offer random fact alerts at a price to customers. However, as explained in the Complaint, and defendants do not refute, defendants used short code 37975 to run an *unapproved* campaign for jokes (rather than fact alerts) using *unapproved* URL www.funny-jokes-site.com, which they concealed from Verizon Wireless' auditors.

required items, and the text message enclosing the PIN lists the PIN well before the pricing information. *See* First LaPerch Dec. at ¶¶ 68-69; Complaint at pp. 26-27.

Because the language and image set forth in Paragraph 76(h)(i) of the Complaint demonstrate that the subject screenshot was deceptive and noncompliant *regardless* of the visibility of pricing information, defendants have not been prejudiced. Accordingly, they cannot satisfy the requirements of Rule 12(f). *See TriQuint*, 2010 U.S. Dist. LEXIS 89690 at *8.

### e. A Second and More Egregious Version of the Subject Screenshot Demonstrates Further the Diversionary Nature of the Defendants' Allegations.

The baselessness of Defendants' arguments is perhaps best revealed and confirmed by a similar, even more egregious – and also unapproved – URL that they used to lure customers but did *not* attach to their Motion to Strike. This URL (which Verizon Wireless obtained after filing the Complaint) is depicted on page 3 of Exhibit "B" to the Second LaPerch Declaration. It has a much different look, and does *not* contain some of the critical pricing disclosures defendants brag about. For example: (i) there is no pricing disclosure under the "GO" button next to the MIN entry field (Second LaPerch Dec., Exhibit "B" at p. 7); and (ii) the tiny pricing disclosure next to the "check" box under the MIN entry field is written in yellow, "making it almost completely illegible" (Second LaPerch Dec., Exhibit "B" at p. 8).

The MIN overlay in the URL that defendants did not disclose to the Court is depicted on the following page:



(undisclosed URL).  When compared with the URL attached to defendants' motion, this undisclosed URL highlights defendants' deception.



(internal URL attached to Motion to Strike).

Moreover, in the URL that Defendants did not disclose to the Court, another of the main "disclosures" upon which defendants rely is missing; to wit, the words "for $9.99 a month" are removed from the blue color "Best Funny Jokes" line.  (Second LaPerch Dec., Exhibit "B" at p. 6).  This difference between the URL that they attached to their Motion to Strike, and the URL that they failed to disclose, is illustrated on the following page:



(undisclosed URL)



(internal URL attached to Motion to Strike)

The existence of this second, even more egregious URL exposes the true motive behind Defendants' Motion to Strike: to divert the Court's attention from their own misleading and deceptive business practices. Such a diversionary tactic alone warrants denial of the Motion. *See James v. Litton Loan Servicing, LP*, 2011 U.S. Dist. LEXIS 17404, *11 (N.D. Cal. Feb. 22, 2011) (motions to strike are disfavored because they often are used as delay tactics); *Plaspro GMBH v. Gens*, 2011 U.S. Dist. LEXIS 28808, *16 (N. D. Cal. Mar. 21, 2011) (same).

In short, Defendants have failed to show that the challenged paragraph is redundant, immaterial, impertinent, or scandalous or that they have been prejudiced so as to warrant the striking of Paragraph 76 pursuant to Federal Rule of Civil Procedure 12(f). Likewise, Defendants have not – and cannot – demonstrate any bad faith or attempted fraud by Verizon Wireless. At best, they have identified a clerical drafting error which Verizon Wireless is more than willing to correct in an Amended Complaint.

Accusations of fraud on the Court are grave, and should not be made lightly. The facts will show that Defendants perpetrated misleading and deceptive business practices and actively concealed them. The facility with which Defendants make their unsupported

accusation of fraud is only exceeded by the breadth and weight of evidence that supports their own misdeeds.

**WHEREFORE**, Verizon Wireless respectfully requests that this Court deny Defendants' Motion to Strike Paragraph 76 of Plaintiff's Complaint for Fraud in its entirety, and grant such further relief as this Court deems just and proper. In the alternative, Verizon Wireless requests that this Court grant it leave to amend the Complaint.

RESPECTFULLY SUBMITTED this 7th day of April, 2011.

GALLAGHER & KENNEDY, P.A.

Paul K. Charlton
Lindsi M. Weber
2575 East Camelback Road
Phoenix, Arizona 85016-9225

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By */s/Marcos D. Jiménez*
Marcos Jiménez
Scott Cosgrove
Ann M. St. Peter-Griffith
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th_day of April, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

/s/*Marcos D. Jiménez*