Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:   (602) 530-8500
Email:       paul.charlton@gknet.com
             lindsi.weber@gknet.com

Marcos Jiménez (admitted pro hac vice)
Scott Cosgrove (admitted pro hac vice)
Ann M. St. Peter-Griffith (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:   (786) 587-1077
Facsimile:   (305) 675-7970
Email:       MJimenez@kasowitz.com
             SCosgrove@kasowitz.com
             AStpetergriffith@kasowitz.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>                Plaintiff,<br><br>v.<br><br>JASON HOPE; et al.,<br><br>                Defendants. | Case No. 2:11-cv-00432-DGC<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule of Civil Procedure 7.2, hereby moves to strike Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction (the "Supplemental Brief") (Dkt. #92).  This motion is based on the record in this case and the memorandum of law contained herein.

## I. INTRODUCTION

Throughout the short course of this litigation, Defendants have treated the Rules of Civil Procedure, and this Court's Local Rules, as if compliance with them is optional.

Thus, as shown in plaintiffs' motion to strike or dismiss Defendants' First Amended Counterclaim, defendants have filed several unauthorized pleadings and have attempted to amend those pleadings without leave of the Court.  Defendants' latest exercise in disdain for the rules is their April 11, 2011 Supplemental Brief.  In violation of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 7.2, Defendants did not seek leave of the Court to file that Supplemental Brief (which is, in reality, simply an unauthorized surreply brief) and, as such, the Supplemental Brief should be stricken.

## II.  MEMORANDUM OF LAW

### THE SUPPLEMENTAL BRIEF WAS FILED IN VIOLATION OF THE APPLICABLE RULES AND SHOULD BE STRICKEN

The Rules of Civil Procedure, including this Court's Local Rules, are clear as to the types of briefs that may be filed in connection with a motion. Those briefs include an opening brief, a response and a reply.  *See* L. R. Civ. P. 7.2.  However, as this Court has held, "[n]either Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a surreply, and surreplies are not authorized by any other rules of procedure absent express prior leave of the Court." *Spina v. Maricopa County DOT*, No. CV 05-0712-PHX-SMM, 2009 U.S. Dist. LEXIS 32291, at *1 (D. Ariz. Mar. 31, 2009) (denying motion for leave to file surreply brief).  The foregoing prescription against unauthorized surreplies applies regardless of the moniker Defendants attach to their Supplemental Brief: "Surreplies and supplemental pleadings or briefs are not authorized by Rule 7, Fed. R. Civ. P., any other Rule of Procedure, or the Local Rules without the express prior leave of the Court." *Oliver v. Long*, No. CV-06-2429-PCT-LOA, 2007 U.S. Dist. LEXIS 13403, at **5-6 (D. Ariz. Feb. 23, 2007).[1]  Indeed, "'[s]urreplies … are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 U.S. Dist. LEXIS 135661, at *20 (D. Ariz.

---

[1] Thus, Defendants cannot circumvent the rules by calling their brief a "supplemental brief" instead of a "surreply."

2

Dec. 21, 2010) (citations omitted). For this reason, "courts will not allow surreplies except 'in the most extraordinary circumstances.'" *Id*. (citations omitted).

Here, Defendants have not sought leave of the Court to file the Supplemental Brief. Considering their consistent flouting of the procedural rules, their attempt to sneak in the "last word" on Verizon Wireless' motion is hardly surprising, but it nonetheless is improper. Accordingly, under the foregoing law, the Supplemental Brief should be stricken. *See also Taylor v. Horizon Distribs., Inc.*, No. CV-07-1984-PHX-DGC, 2009 U.S. Dist. LEXIS 69301, at *6 (D. Ariz. Aug. 7, 2009) (Campbell, J.) (refusing to alter prior decision striking surreply brief filed without leave of court); *ADi Motorsports, Inc. v. Hubman*, No. CV-07-1932-PHX-DGC, 2007 U.S. Dist. LEXIS 95854, at *6 n.2 (D. Ariz. Dec. 11, 2007) (Campbell, J.) (refusing to consider evidence presented in surreply where leave to file surreply was not requested); *Liaosheng Zhang v. Honeywell Int'l, Inc.*, No. 06-1181-PHX-MHM, 2007 U.S. Dist. LEXIS 56154, at **4-5 (D. Ariz. Aug. 1, 2007) (granting motion to strike surreply brief filed without leave of court).

Moreover, even if Defendants had complied with the rules – which clearly they did not – there would be no basis for granting a motion to file a surreply here, as there is nothing in the Supplemental Brief about which Defendants were unaware and could not argue when they filed their opposition to Verizon Wireless' motion for an injunction. *See, e.g., Sims*, 2010 U.S. Dist. LEXIS 135661 at *21 (denying motion for leave to file surreply where moving party "has failed to point to any extraordinary circumstances that justify his request" and party "had a full and fair opportunity to brief the issues in this case in his Response"); *Millenium 3 Techs. v. ARINC, Inc*., No. CV 08-1257-PHX-JAT, 2008 U.S. Dist. LEXIS 111350, at **5-6 (D. Ariz. October 29, 2008) (rejecting surreply brief filed without leave of court and which sought to address issues and raise arguments known to party before it filed its response to the subject motion).[2]

---

[2] Should the Court decide to consider Defendants improper eleventh-hour surreply, Verizon Wireless requests respectfully that it be permitted to file a brief responding to Defendants untimely arguments.

3

**CONCLUSION**

For the foregoing reasons and pursuant to the foregoing authorities, Verizon Wireless requests respectfully that Defendants Supplemental Brief be stricken in its entirety.

RESPECTFULLY SUBMITTED this 12th day of April, 2011.

>GALLAGHER & KENNEDY, P.A.
>
>Paul K. Charlton
>Lindsi M. Weber
>2575 East Camelback Road
>Phoenix, Arizona 85016-9225
>
>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
>
>By */s/Marcos Jiménez*
>Marcos Jiménez
>Scott Cosgrove
>Ann M. St. Peter-Griffith
>1441 Brickell Avenue, Suite 1420
>Miami, Florida 33131
>
>*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

>*/s/Marcos Jiménez*