IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cellco Partnership doing business as Verizon Wireless,<br><br>Plaintiff,<br><br>vs.<br><br>Jason Hope, et al.,<br><br>Defendants. | No. CV11-0432 PHX DGC<br><br>**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for **June 23, 2011 at 3:00 p.m.** in Courtroom 603, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. In preparation for this Case Management Conference, it is hereby Ordered as follows:

A.    <u>Initial Disclosures.</u>

The parties shall provide initial disclosures in the form and on the schedule required by Federal Rule of Civil Procedure 26(a)(1). The parties shall file with the Clerk of Court a Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

B.    <u>Rule 26(f) Meeting and Case Management Report</u>.

The parties are directed to meet and confer at least 10 days before the Case Management Conference as required by Federal Rule of Civil Procedure 26(f). At this

meeting the parties shall consider the expedited trial alternative set forth in section C below, and shall develop a joint Case Management Report which contains the information called for in section D below.

C.     Expedited Trial Alternative.

The parties may elect to take this case directly to trial – whether jury or bench trial – without discovery and without motion practice.  The intent of this expedited trial alternative is to afford parties a ready trial forum in which cases can be resolved without the time and expense normally required for discovery and motion practice.

      1.     An expedited trial will be held in this case if all parties agree to such a trial.

      2.     If the parties elect to proceed to an expedited trial:

            a.     No formal discovery or motion practice will occur.

            b.     The Joint Case Management Report required by section D below need not include the information called for in sections D(8), (12), (14), and (15);

            c.     At the Case Management Conference scheduled above, the Court will set a Final Pretrial Conference within two months.  At the Final Pretrial Conference, the Court will give the parties a firm trial date, usually within two or three months of the Final Pretrial Conference.  Thus, the expedited trial likely will occur within four or five months of the Case Management Conference.

      3.     Counsel for each party is required to discuss this expedited trial alternative with his or her client before the Rule 26(f) conference.  As part of this discussion, counsel must provide his or her client with two good faith estimates of the costs (including attorneys' fees) of litigating this case to completion:  (a) an estimate of the cost if an expedited trial is elected, and (b) an estimate of the cost if an expedited trial is not elected and typical discovery and motion practice occur.  The intent of this requirement is to ensure that clients clearly understand the potential cost savings of an expedited trial.

      4.     Each counsel must certify in the Joint Case Management Report that he or she has held the client discussion required in the immediately preceding paragraph.  Each pro se litigant must certify that he or she has considered the expedited trial alternative.

5. If the parties identify other expedited procedures that might reduce the cost of litigating this case to completion, such as limited discovery leading to an expedited trial with no motion practice, they may propose such procedures in the Joint Case Management Report.

D. <u>Joint Case Management Report</u>.

The parties' Joint Case Management Report shall contain the following information in separately numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3. A short statement of the nature of the case (3 pages or less), including a description of the claims and defenses;

4. The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days after the Case Management Conference to join parties or amend pleadings);

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

7. Whether the parties elect the Expedited Trial described in section C above, and a certification that all parties have complied with the requirements set forth in section C.

8. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

9. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;

10. The status of related cases pending before other courts or other judges of this Court;

11. A statement of when the parties exchanged Federal Rule of Civil Procedure 26(a) initial disclosures;

12. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));

13. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));

14. A discussion of necessary discovery, including:

    a. The extent, nature, and location of discovery anticipated by the parties;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2;

    c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

15. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

    a. A date by which the parties shall have engaged in face-to-face good faith settlement talks.

    b.  A deadline for the completion of fact discovery;[2]

    c.  Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    d.  A deadline for completion of all expert depositions;

    e.  A deadline for filing dispositive motions;

  16. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

  17. The estimated length of trial and any suggestions for shortening the trial;

  18. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

  19. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

  The parties shall jointly file the Case Management Report with the Clerk not less than seven days before the Case Management Conference. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

E. <u>Case Management Order</u>.

  The Court directs counsel and any unrepresented parties to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference. Counsel who will be responsible for trial of the lawsuit for each party, and any party is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause.

---

[2] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes.

1      During or after the Case Management Conference the Court will enter a Case Management Order. The form of the Court's standard Case Management Order can be found on the Court's website at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures. The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

F. <u>Other Matters</u>.

     The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery if they do not elect an expedited trial. The parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1 and 7.2.

     The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

     Dated this 16th day of May, 2011.

*David G. Campbell*
United States District Judge