**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810      Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants Jason Hope and Wayne P. Destefano*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
Co-Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS,<br><br>  Plaintiff,<br><br>v.<br><br>JASON R. HOPE, et al.,<br><br>  Defendants. | Case No.:  CV 11-00432-DGC<br><br>**DEFENDANTS/COUNTER-CLAIMANTS' MOTION TO DISMISS UNDER THE DOCTRINE OF RES JUDICATA AND RULE 12(B)(1), FED.R.CIV.P.**<br><br>**(Oral Argument Requested)** |
| JASON R. HOPE, et al.,<br><br>  Counterclaimants, | |

1  **v.**

2  **CELLCO PARTNERSHIP d/b/a**
3  **VERIZON WIRELESS,**

4             **Counterdefendants.**

5      Defendants Jason R. Hope, Wayne P. DeStefano and Eye Level Holdings, LLC ("JAWA"), hereby respectfully request that the Court dismiss Verizon Wireless's ("Verizon") claims in this action for lack of subject matter jurisdiction. Jurisdiction over Verizon's claims was reserved by the Circuit Court in Cook County, Illinois, when it issued an order approving the settlement of a class action lawsuit there on January 14, 2011. Verizon could hardly have claimed it is not bound by that order because: (a) the class action suit involved the same alleged conduct by JAWA that Verizon asserts as the basis for its claims in this case; (b) the order was a final order and judgment; (c) Verizon was in privity with OpenMarket, a defendant in that case; (d) Verizon was a defendant in a related action that was specifically adjudicated by the Illinois class action settlement; and (e) Verizon had an opportunity to litigate its claims in the Illinois action.

      Even if this Court disregards the Illinois Court's retention of jurisdiction, the Court should nevertheless determine that Verizon's claims are barred by application of the doctrine of *res judicata* to the Illinois class action settlement, leading to the same conclusion that this Court lacks subject matter jurisdiction. Any potential claims by Verizon relating to JAWA's conduct alleged in the class action were barred by the class action settlement.

      Alternatively, JAWA requests that the Court stay the action based upon the abstention-like doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

      Verizon's claims should be dismissed and the Court's Preliminary Injunction should be vacated. This Motion is supported by the following Memorandum of Points and Authorities.

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual Background

On October 28, 2008, Plaintiff Cynthia Walker filed an action against Cellfish Media, LLC, captioned *Cynthia Walker v. Cellfish Media, LLC,* No. 08 CH 40592 (IL. Cir. Ct.) (the "Class Action"), alleging claims for damages as well as injunctive and declaratory relief arising out of the marketing, receipt, and billing of allegedly unauthorized Mobile Content, such as ringtones, news and information alerts, and other digital and electronic media to wireless telephone subscribers. [Stipulation of Class Action Settlement ("Stipulation"), p. 2, attached hereto as Exhibit 1] Other class actions that had been filed against JAWA and others, including Verizon Wireless, which, were defined in the Stipulation as "Related Actions", were also adjudicated by the settlement of the Class Action. [*Id.*, p. 12-13] The Class Action was settled by a Stipulation dated July 22, 2010. [*Id.*, p. 40]

The "Released Conduct" was defined in the Stipulation as:

> [A]ny and all direct or indirect acts, omissions, representations, conduct, legal duties, unjust enrichment, trade practices, or obligations that arise out of, or are related or connected in any way with one or more of the following: (1) the advertising, marketing, sale, or purchase of the Mobile Content, (2) the transmission, operation, control, or receipt of the Mobile Content, (3) the billing for the Mobile Content, (4) the receipt of money for the Mobile Content or (5) recycled telephone numbers.

[Exhibit 1, p. 14] The "Claims or Causes of Action" were broadly defined in the Stipulation to include, *inter alia*, any allegations of wrongdoing including torts, unfair or deceptive practices, contract actions, unjust enrichment, claims arising out of statutes, and any demands for equitable relief such as injunctions. [*Id.*, p. 7-8]

Verizon was specifically identified as one of the "Released Parties" in the Class Action by reference to Verizon Wireless in the definition of "Wireless Carriers". [*Id.*, pp. 14, 17-18]

3

JAWA was also a released party, as were its "predecessors, successors, assigns, affiliates, parents (whether direct or indirect), subsidiaries, divisions, departments, and any and all of their past, present, and future officers, directors, managers, employees, stockholders, members, partners, agents, servants, successors, attorneys, representatives, insurers, subrogees and assigns of any of the foregoing." [*Id.*, p. 14]

On January 14, 2011 the court in the Class Action issued a "Final Order and Judgment", approving the Class Action settlement. [Final Order and Judgment, attached hereto as Exhibit 2] The Final Order and Judgment states that:

> 1. This Court has, and will continue to have, exclusive jurisdiction over the subject matter of this action, and over the Parties to the Agreement, including OpenMarket, Eye Level Holdings, LLC, Cellfish Media, LLC, Predicto Mobile, LLC, Too Lazy, LLC, 3C Interactive, LLC) (collectively, the "Defendants"), and Plaintiffs and all Settlement Class Members, to consummate, administer, supervise, construe and enforce the Agreement.
> ***
> 11. The Action is dismissed with prejudice and without costs. The terms of the Agreement and this Final Judgment shall have *res judicata* and preclusive effect on the Plaintiffs and all Settlement Class Members and Releasing Parties in any and all future Claims or Causes of Action that are based upon or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues set forth or raised in the Action or Related Actions, or (b) the Released Conduct.
> ***
> 14. Each Released Party, by operation of this Judgment, is now and forever absolutely, unconditionally, and permanently released and discharged from any and all past, present and future Claims or Causes of Action that are based upon or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues set forth or raised in the Action or Related Actions, or (b) the Released Conduct.
> 15. Each of the Wireless Carriers and the Defendants is now and forever barred and permanently enjoined from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether by contract or any other source) against any Defendant that is based upon on (sic) or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues set forth or raised in the Action or Related Actions, or (b) the Released Conduct.
> ***

22.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Action for the purpose of construing, enforcing and administering the Agreement and its terms, and the terms of this Judgment and Order.

[*Id.*, pp. 1, 4, 5, 7]

Verizon had notice of the Class Action and its settlement through its participation in a "Related Action", *Shaw v. Cellco P'ship et al.,* No. 2:10-CV-184 (W.D. Wash.), if not by other means. [Exhibit 1, p. 13]  Verizon was in contractual privity with OpenMarket, a lead defendant in the Class Action.  [Letter dated March 8, 2011 from Verizon to OpenMarket, referencing "Advanced Messaging Agreement for Marketing Messaging Hubs between OpenMarket and Verizon Wireless", attached hereto as Exhibit 3]  Verizon would have also surely had notice of the Class Action through the notice provisions contained in the Stipulation, approved in the "Order Preliminarily Approving Class Action Settlement, Certifying Nationwide Settlement Class, Approving Procedure and Form of Notice, and Scheduling Final Fairness Hearing" dated September 13, 2010.  [*See* Preliminary Order, attached hereto as Exhibit 4]

II.   **Legal Argument**
   A.   **This Court Lacks Subject Matter Jurisdiction Over Verizon's Claims Because They Are Barred By The Doctrine Of *Res Judicata*.**

The doctrine of *res judicata* should apply to all of Verizon's claims:  "Three elements constitute a successful res judicata defense.  'Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). All three exist in the instant case and application of *res judicata* necessarily bars Verizon's claims for lack of subject matter jurisdiction, requiring dismissal under Rule 12(b)(1), Fed.R.Civ.P.

"The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that

5

has, or could have, been litigated. Rather, '[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.' Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. at 1077-78 (internal citations omitted). Every claim in Verizon's complaint is covered by the definition of "Claims or Causes of Action" or "Released Conduct" in the Stipulation, which is the governing document for the Class Action settlement. Verizon's claims under RICO (18 U.S.C. § 1962 (a), (c) & (d)) and Arizona's Consumer Fraud Act are statutory claims that fall under the Stipulation's definition of "Claims or Causes of Action." Verizon's claim in tort for Tortious Interference is also a "Claim or Cause of Action." Verizon's claim for Unjust Enrichment is specifically barred as a "Claim or Cause of Action" and as "Released Conduct." Lastly, Verizon's request for an Injunction was also a "Claim of Cause of Action" which was barred by the Illinois court's Final Order and Judgment, ¶¶ 14 and 15, reproduced above. Each of Verizon's current claims could have been asserted in the Illinois Class Action as a third-party complaint. That is clearly true because the Illinois court expressly barred such claims from being brought in the future.

The Illinois court's Final Order and Judgment clearly satisfies the *res judicata* requirement for a final judgment in the prior action. "The fact that this judgment was the result of the parties' stipulation of settlement does not detract from its being considered a conclusive determination of the merits of that action for purposes of collateral estoppel where, as here, it is clear that the parties intended the stipulation of settlement and judgment entered thereon to adjudicate once and for all the issues raised in that action." *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1383 (9th Cir. 1978).

The "privity" element for *res judicata* is satisfied where the party had an opportunity to be heard in the previous litigation:

6

> Once a sophisticated party has had a full and fair opportunity to be heard, however, we also recognize the merits of finality:
>
>> The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' The application of this doctrine is 'central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.' Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated 'conserves judicial resources' and 'fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'
>
> *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997) (quoting *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)); *see also Bell v. United States*, 2002 WL 1987395, at *4 (E.D.Cal.2002) ("The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions."); *Clements v. Airport Auth.*, 69 F.3d 321, 330 (9th Cir.1995) ("Preclusion doctrine encompasses vindication of both public and private interests. The private values protected include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose. The public interests served include avoiding inconsistent results and preserving judicial economy.").

*Tahoe-Sierra Pres. Council, Inc.,* 322 F.3d at 1077. Verizon was fully aware of the Class Action, having been drawn in through a "Related Action" in which it was a defendant. Verizon had an opportunity to be heard at the fairness hearings conducted by the Illinois court, including a final Fairness Hearing on January 14, 2011. [Exhibit 4, p. 7]

Moreover, Verizon was in direct privity with a party to the Class Action, having a contractual relationship with OpenMarket, which was a defendant. [Exhibit 3, p. VZW00000757] "[A] relationship of privity can be said to exist when there is an 'express or implied legal relationship by which parties to the first suit are accountable to non-parties who file a subsequent suit with identical issues.'" *Tahoe-Sierra Pres. Council, Inc.* at 1082 (citing *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997)). "Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest, chiefly: . . . parties to a contract, . . . ; indemnitors and

7

indemnitees; . . . unincorporated associations and their members." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053 (9th Cir. 2005). OpenMarket's indemnity obligations, both contractual and at common law, gave OpenMarket every incentive to protect Verizon's interests in the subject matter of the Class Action. OpenMarket's continuing obligation to indemnify Verizon as to its claims wrongfully asserted against JAWA in this action was highlighted in Exhibit 3, the March 8, 2011 demand letter. The letter demanded that OpenMarket take several actions to protect Verizon from JAWA's alleged conduct, and specifically asserted that "OpenMarket must accept responsibility for the costs that Verizon Wireless will incur in connection with these improper messaging campaigns that the defendants have been running through OpenMarket." [Exhibit 3, p. VZW00000758] The letter further reiterated that "Under the Agreement, OpenMarket is responsible for the messaging campaigns it manages, and it is responsible for ensuring that the campaigns comply with Verizon Wireless, as well as industry, standards. . . . . While Verizon Wireless is pursuing those that actually perpetrated the fraud in the complaint, it is important to note that OpenMarket ultimately is responsible under the Agreement." [*Id.*]

Verizon's claims must be dismissed because they are barred by the doctrine of *res judicata*. Its claims could have been brought in the Class Action, the outcome of which is binding on Verizon, but it failed to do so.

**B.   This Court Lacks Subject Matter Jurisdiction Because Jurisdiction Was Exclusively Reserved By The Illinois Court Presiding Over The Class Action.**

Even if Verizon's claims are not specifically barred by *res judicata*, jurisdiction in this Court is improper because jurisdiction was specifically retained by the Illinois Court. This case is much like the case of *Magnolia v. Connecticut Gen. Life Ins. Co.*, 157 F. Supp. 2d 583 (D. Md. 2001), which applied the Ninth Circuit's holding from *Flanagan v. Arnaiz,* 143 F.3d 540 (9th Cir. 1998). In the settlement order in *Magnolia* "the United States District Court for the

8

Central District of California retained jurisdiction 'as to all matters' relating to the 'enforcement and interpretation' of the settlement agreement and the Final Order itself." *Magnolia*, 157 F. Supp. 2d at 587. The court reasoned that jurisdiction was properly in the California Court exclusively:

> It is apparent from language of the Final Order that the California Court intended to retain exclusive jurisdiction over issues like the one presented in this case. Assuredly, the California Court rather than this Court is the proper forum for determining whether parties like the Magnolias received proper notice and were therefore bound by the settlement. It would make no sense for the California Court to retain jurisdiction to interpret and apply its own judgment but permit another court to construe what it meant in that judgment. See *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir.1998).

*Id*. In *Flanagan*, the Ninth Circuit explained how and why courts may retain jurisdiction:

> Enforcement of a settlement agreement "is more than just a continuation or renewal of jurisdiction, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 1675-76, 128 L.Ed.2d 391 (1994). Such a basis for jurisdiction may be furnished "by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Id. at 381, 114 S.Ct. at 1677. In the case at bar, the district court made exactly the sort of express provision described by *Kokkonen*, so the district court had jurisdiction to enforce the settlement agreement. *Cf. Ortolf v. Silver Bar Mines*, 111 F.3d 85 (9th Cir.1997).

*Flanagan*, 143 F.3d at 544. In *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831 (9th Cir. 2005), the Ninth Circuit held that a court may retain jurisdiction in a settlement agreement and order, which it does to "protect its judgment from a subsequent action that frustrates the purpose of the settlement agreement and order." *Id*. at 841. This is precisely the reason that the Illinois Court retained jurisdiction and the reason that Verizon's claims should now be heard only by that court.

Paragraphs 1 and 22 from the Final Order and Judgment exclusively retained jurisdiction over all possible issues regarding the Class Action. [Exhibit 1] If the Court agrees that

Verizon's claims are in fact covered by the Class Action settlement, as explained hereinabove, then regardless of whether Verizon's claims are actually barred by the doctrine of *res judicata*, at a minimum the proper jurisdiction for making that determination is in the state of Illinois. This is not an issue of abstention, this Court absolutely lacks subject matter jurisdiction and Verizon must bring its claims in Illinois. Therefore, Verizon's claims must be dismissed.

**C.     This Court Should Abstain From Hearing Verizon's Claims Because Jurisdiction For Them Is Properly In The Illinois State Court.**

Even if Verizon's claims are not barred outright by the doctrine of *res judicata*, and even if the Court could somehow find that the Illinois court could not exclusively retain subject matter jurisdiction over all matters covered by the Class Action, by filing a conflicting action in Arizona federal court, Verizon has invoked the application of the abstention-like doctrine articulated in *Colorado River*. The factors that the Court should consider under *Colorado River* and subsequent cases are:

(1) whether the state court first assumed jurisdiction over property;
(2) inconvenience of the federal forum;
(3) the desirability of avoiding piecemeal litigation;
(4) the order in which jurisdiction was obtained by the concurrent forums;
(5) whether federal law or state law provides the rule of decision on the merits;
(6) whether the state court proceedings are inadequate to protect the federal litigant's rights;
(7) whether exercising jurisdiction would promote forum shopping.

*Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002). Regarding the first and fourth factors, Illinois clearly first assumed jurisdiction over the subject matter of the lawsuit and the "property", in the form of money paid to the Settlement Class, and it retained that jurisdiction. Considering the second and seventh factors, the federal forum in Arizona is not inconvenient, but it does indicate forum shopping because the Illinois state court is the right place to litigate the matters previously settled in the Class Action. The third factor, avoiding piecemeal litigation, is not a concern here because JAWA's claims can be litigated in Arizona while

Verizon properly seeks redress in Illinois. JAWA's claims do not require the court to re-litigate any issues in the Class Action, and Verizon's claims can only properly be to enforce the settlement agreement. There is no danger that the two courts would produce conflicting opinions on the rights of the parties. On the other hand, should the Court retain jurisdiction of Verizon's claims rather than appropriately dismissing them for refilling in the Illinois court or, at a minimum, staying the current action, then there becomes the a potential from piecemeal litigation or conflicting opinions, because a ruling on Verizon's claims has the very real potential to frustrate the purpose and content of the Settlement Agreement reached in Illinois. Regarding the fifth factor, most of Verizon's claims are state-law claims, and regardless of the presence of Federal RICO claims, all of Verizon's claims are wrongfully brought in Arizona. Finally, regarding the sixth *Colorado River* factor, Illinois state court proceedings for the enforcement of the Class Action settlement should be sufficient to protect Verizon, especially where the subject matter of the litigation has already been adjudicated.

A balancing analysis reveals that the *Colorado River* factors weigh heavily in favor of staying Verizon's claims pending the outcome of Verizon bringing a proper action in Illinois. Verizon's claims could be bifurcated from JAWA's counterclaims, allowing JAWA to move forward with its case in Arizona. If for any reason the Illinois court determines that Verizon may maintain its tort claims, the Court could opt to consolidate the cases or allow Verizon to proceed separately.

**III.  Conclusion**

Verizon's claims should be dismissed with prejudice because they are precluded by the doctrine of *res judicata* by the Illinois Class Action settlement. If for any reason Verizon's claims should go forward, they may only be brought in Illinois in the context of that settled litigation because the Illinois court retained jurisdiction. If the Court relies upon the doctrine of

11

abstention, Verizon's suit in Arizona should be stayed pending any decision by the Illinois court. Should the Illinois court allow Verizon's tort and statutory claims, only then could Verizon's action in Arizona be permitted to go forward.

**DATED** this 20th day of August, 2011.

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| /s/ Dennis I. Wilenchik | /s/ J. Grant Woods |
| Dennis I. Wilenchik, Esq. | Two Renaissance Square |
| The Wilenchik & Bartness Building | 40 N. Central Ave., Ste 2250 |
| 2810 North Third Street | Phoenix, Arizona 85004 |
| Phoenix, Arizona 85004 | gw@grantwoodspc.net |
| admin@wb-law.com | *Co-counsel for Defendants Jason Hope* |
| *Attorneys for Defendants Jason Hope* | *and Wayne P. Destefano* |
| *and Wayne P. Destefano* | |

## **CERTIFICATE OF SERVICE**

I certify that on this 23rd day of August, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ H. Myers