**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants*
*Jason Hope and Wayne P. Destefano, et al.*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **CELLCO PARTNERSHIP d/b/a/ VERIZONA WIRELESS,** | Case No. CV 11-00432-DGC |
| **Plaintiff,** | **MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** |
| v. | |
| **JASON R. HOPE, et al.,** | **Assigned to the Honorable David G. Campbell** |
| **Defendants.** | |

Defendants Jason R. Hope, Wayne P. DeStefano and Eye Level Holdings, LLC (collectively "JAWA"), by and through undersigned counsel, hereby respectfully request that

the Court grant leave for JAWA to amend its counterclaims pursuant to Rule 15(a)(2), FED.R.CIV.P. A copy of the proposed amended pleading is attached hereto in conformance with Local Rule 15.1. The following memorandum of points and authorities supports this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

JAWA asks the Court to follow the general rule whereby amended pleadings are freely granted and order that JAWA has leave to amend its Answer and Counterclaims. The Court has discretion to grant leave, and none of the limitations against the liberal grant of leave to amend apply. Moreover, justice requires this amendment because this is the last opportunity for JAWA to amend its pleading, as the deadline is Monday, August 29, 2011.

### II. LEGAL ARGUMENT

A district court should freely grant leave to amend when a viable case may be pled. Rule 15(a)(2), FED.R.CIV.P. ("[t]he court should freely give leave when justice so requires.") *See also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citing *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039 (9th Cir.2002)). The limitations against the liberal grant of leave to amend include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay. *Id*. (quoting *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989) (citation omitted)). Even so, allowance of amendments after responsive pleading has been served is within sound discretion of trial court. *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969).

The Court can use its discretion to freely give leave to JAWA because none of the limitations as enumerated in *Cafasso* apply. In *Cafasso*, the plaintiff moved to amend and tendered a 733-page proposed amended complaint. *Cafasso*, 637 F.3d at 1058. The Ninth Circuit held that the district court was within its discretion to deny leave. *Id*. The court reasoned that the

amendment would have been futile considering its extraordinary length, which did not comply with Rule 8(a) that requires a "short and plain statement of the claim." *Id*. (citation omitted). Also, the 733-page proposed amended complaint may show bad faith due to its length alone. *Id*. Moreover, the proposed amendment attempted to circumvent a discovery order issued by the district court. *Id.*

Here, none of the limitations on freely granted leave to amend are present, including: undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay. The purpose of the amendment is to add additional claims and legal theories, not to correct deficiencies in the previous counterclaims. Furthermore, JAWA does not restate claims, as none of JAWA's claims have been dismissed. The amended counterclaims are consistent with JAWA's previous positions in this case such that Verizon should not be surprised or incur unreasonable additional discovery costs. Thus, although JAWA has previously amended its pleadings, there would be no prejudice to Verizon for the Court to grant leave in this instance.

### III. CONCLUSION

Based upon the foregoing reasons, JAWA requests leave to amend its Answer and Counterclaims.

**RESPECTFULLY SUBMITTED** this 29th day of August, 2011

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| /s/ Dennis I. Wilenchik, Esq. | /s/ Dennis I. Wilenchik *for* |
| Dennis I. Wilenchik, Esq. | Grant Woods, Esq. |
| The Wilenchik & Bartness Building | Two Renaissance Square |
| 2810 North Third Street | 40 N. Central Ave, Suite 2250 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| admin@wb-law.com | gw@grantwoodspc.net |
| *Attorneys for Defendants Jason Hope and Wayne P. Destefano, et al.* | *Co-counsel for Defendants Jason Hope and Wayne P. Destefano, et al.* |

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of August, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ H. Myers