1  Paul K. Charlton (Bar No. 012449)
   Lindsi M. Weber (Bar No. 025820)
2  GALLAGHER & KENNEDY, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   Telephone:   (602) 530-8000
4  Facsimile:   (602) 530-8500
   Email:       paul.charlton@gknet.com
5               lindsi.weber@gknet.com

6  Marcos Jiménez (admitted pro hac vice)
   Scott Cosgrove (admitted pro hac vice)
7  Ann M. St. Peter-Griffith (admitted pro hac vice)
   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
8  1441 Brickell Avenue, Suite 1420
   Miami, Florida 33131
9  Telephone:   (786) 587-1077
   Facsimile:   (305) 675-7970
10 Email:       MJimenez@kasowitz.com
                SCosgrove@kasowitz.com
11              AStpetergriffith@kasowitz.com

12 *Attorneys for Plaintiff*

13               **UNITED STATES DISTRICT COURT**

14                  **DISTRICT OF ARIZONA**

15 CELLCO PARTNERSHIP d/b/a            Case No. 2:11-cv-00432-DGC
   VERIZON WIRELESS,
16                                     **PLAINTIFF'S MOTION FOR LEAVE**
                        Plaintiff,     **TO FILE FIRST AMENDED**
17 v.                                  **COMPLAINT**

18 JASON HOPE; et al.,

19                     Defendants.

20        Pursuant to Fed. R. Civ. P. 15, LR Civ. 15.1 and the Court's Case Management

21 Order entered on June 30, 2011 (Dkt. #155), Plaintiff Cellco Partnership d/b/a Verizon

22 Wireless ("Verizon Wireless") hereby seeks leave to file the *First Amended Complaint*

23 attached in redline as Exhibit A to this Motion.  For the reasons set forth below, leave

24 should be granted.

25            <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

26 **I.    Introduction.**

27        This Court's Case Management Order set August 29, 2011 as the deadline to

28 amend the pleadings in this action. Accordingly, Verizon Wireless' request for leave to

GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-8000

1  file its First Amended Complaint is timely.  In addition, the proposed amendments are

2  made to further clarify the claims raised by Verizon Wireless, refine certain allegations,

3  reflect the Court's rulings thus far, and account for facts that have been obtained through

4  discovery in this case. The First Amended Complaint presents substantially similar issues

5  to those presented in the original Complaint, therefore Defendants are not prejudiced by

6  the proposed amendments.  Finally, there is no delay, bad faith, prejudice, or prior

7  amendment, and the proposed amendments are not futile.  Accordingly, for the reasons

8  set forth herein, the Court should grant Verizon Wireless leave to file the First Amended

9  Complaint.

10  **II.   Legal Analysis.**

11      The standard for leave to amend is liberal.  Rule 15(a) of the Federal Rules of

12  Civil Procedure provides that leave to amend a pleading "shall be freely given when

13  justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit has stated that "Rule 15's

14  policy of favoring amendments to pleadings should be applied with extreme liberality."

15  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations

16  omitted); *accord Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), *aff'd* 525

17  U.S. 299 (1999).  Rule 15(a) exists to "facilitate decision on the merits" of a case "rather

18  than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186 (*citing United*

19  *States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

20      Courts generally consider five factors in assessing whether leave to amend should

21  be granted:  (1) undue delay, (2) bad faith, (3) previous amendments, (4) prejudice to the

22  non-moving party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182

23  (1962); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991);

24  *Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 645 (D. Ariz. 2001).  This assessment

25  should be made with all inferences in favor of granting the motion.  *Griggs v. Pace Am.*

26  *Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  After a party seeking leave to amend

27  states the ground for the amendment, and that justice requires it, the burden usually shifts

28  to the opposing party to show the court that justice requires denial. *See, e.g., In re Circuit*

1  *Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997), *aff'd sub nom. Westinghouse Elec.*

2  *Corp. v. Gen. Circuit Breaker & Elec. Supply, Inc.*, 106 F.3d 894 (9th Cir. 1997).

3      Not all of the factors above, however, are given equal weight. *Eminence Capital,*

4  *LLC v. Spechler*, 316 F.3d 1048, 1053 (9th Cir. 2003).  The Ninth Circuit and other

5  circuits have held that consideration of prejudice to the opposing party carries the greatest

6  weight. *Id.*  "Absent prejudice, or a strong showing of any of the remaining *Foman*

7  factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."

8  *Id.* (emphasis in original).  In this case, there is no prejudice to any party by granting

9  leave to amend.  Because prejudice is given the greatest weight, Verizon Wireless

10  addresses that factor first.

11  **A.    Prejudice**

12      The party opposing amendment bears the burden of showing prejudice. *DCD*

13  *Programs*, 833 F.2d at 187.  Here, the instant Motion is timely filed and incorporates the

14  necessary allegations and amended causes of action to reach a speedy and just resolution

15  of the issues in this case.  This Motion is made well before the deadline for completion of

16  fact discovery or any other important deadlines relating to pursuing the merits of the

17  claims in this case.

18      In short, the proposed amendments set forth in Exhibit A do not extend or

19  complicate discovery, nor are they likely to require rescheduling of any deadlines set by

20  the Court in the Case Management Order.  Accordingly, leave to amend the Complaint

21  should be granted because there is no prejudice to any party.

22  **B.    Bad Faith, Undue Delay, Prior Amendment and Futility**

23      There is no evidence of bad faith or undue delay in bringing this amendment.  The

24  parties have conducted early initial discovery in an effort to obtain relevant information

25  for purposes of the preliminary injunction proceedings in this case.  In light of the

26  discovery conducted, and the Court's prior Orders, Verizon Wireless believes justice

27  requires that the Court allow the amendment so that all of the relevant issues may be

28  determined in a timely manner.  There is no undue delay or bad faith under such

1  circumstances.  Likewise, nothing suggests that the amendments pursued in the attached,
2  proposed First Amended Complaint would be futile.  To the contrary, many of the
3  proposed amendments are included to reflect the Court's prior rulings in this case and to
4  conform the pleadings to the current status of these proceedings.  Finally, Verizon
5  Wireless has not previously amended its Complaint in this action.

6      Accordingly, application of the five factors requires that amendment be allowed.
7  There is no undue delay because this motion is being brought within the time set forth by
8  the Court's Case Management Order.  There is no bad faith because Verizon Wireless
9  asserted virtually the same claims in its original pleading, and is moving to amend the
10 allegations in that pleading to provide additional information, support, and clarification
11 for the positions set forth therein.  Verizon Wireless has not previously moved to amend.
12 There is no prejudice because substantially the same claims, defenses, and legal issues for
13 which Verizon Wireless requests leave to amend were included in the original pleadings
14 in this case, negating any claim of unfair surprise.  Finally, the amendments are not futile
15 because they allege facts and legal theories that, if proven, would support judgment in
16 favor of Verizon Wireless and an award of the relief sought.

17 **III.  Conclusion.**

18     For all the reasons stated above, Verizon Wireless respectfully requests that the
19 Court enter an Order granting leave to file the First Amended Complaint.  A proposed
20 form of Order is attached as Exhibit B and separately lodged with the Court.

21     RESPECTFULLY SUBMITTED this 29th day of August, 2011.

22                                    GALLAGHER & KENNEDY, P.A.

23                                    By /s/ Lindsi M. Weber
                                         Paul K. Charlton
24                                       Lindsi M. Weber
                                         2575 East Camelback Road
25                                       Phoenix, Arizona 85016-9225

26                                    KASOWITZ, BENSON, TORRES &
                                      FRIEDMAN LLP
27
                                         Marcos Jiménez
28                                       Scott Cosgrove

Ann M. St. Peter-Griffith
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

_/s/ Maricella Nunez_

5