**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW

The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants*
*Jason Hope and Wayne P. DeStefano, et al.*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS,** | Case No. CV 11-00432-DGC |
| Plaintiff, | **MOTION FOR ADDITIONAL DISCOVERY** |
| v. | |
| **JASON R. HOPE, et al.,** | |
| Defendants. | **Assigned to the Honorable David G. Campbell** |

Defendants Jason R. Hope, Wayne P. DeStefano and Eye Level Holdings, LLC (collectively "JAWA"), by and through undersigned counsel, hereby respectfully request that the Court grant additional discovery requests to the parties beyond the limits in the Court's order dated June 30, 2011. The following memorandum of points and authorities supports this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The above-captioned complaint is a complex litigation matter that involves a multi-count claim by Verizon and a multi-count counterclaim by JAWA, which implicates the decimation of a $1.6 billion company.  Due to the complexity of the issues involved here and the sheer number of people, both parties and third-parties, who have been involved in the decision-making processes involved in the claims and counterclaims, the standard limitations placed on discovery will not permit a thorough review of the facts and evidence.  In light of these complexities, JAWA respectfully submits that justice will not be served if the Court's previously ordered limitations remain in place and asks the Court for a reasonable amount of additional discovery requests.

The Court "has wide latitude in controlling discovery..." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citing *White v. City of San Diego,* 605 F.2d 455, 461 (9th Cir.1979) (internal quotations omitted)); *see also Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996). Here, the need for the additional requests has been recognized early and JAWA timely seeks the grant of additional discovery rather than waiting until the discovery deadline expired or after the plaintiff has filed a motion for summary judgment. *C.f. Qualls By & Through Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994), *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).  Accordingly, all factors tip toward granting JAWA's request and permitting the additional discovery.

The Court's current order limits discovery to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, 25 requests for admissions, including subparts, and 10 depositions. *See* Court order dated June 30, 2011. The current allowances are insufficient for a case of this magnitude, particularly in light of the parties' recent motions for leave to amend their pleadings and the corresponding additional claims made by each party, alleging further facts and legal theories.

Specifically, JAWA has expanded its legal theory of Verizon's liability under the Sherman Act, has added allegations of conversion, unjust enrichment, abuse of process, and racketeering. These amendments require investigation of facts such as: a specific accounting of the converted funds currently held or wrongfully refunded, the extent of the illegal agreements between Verizon and the Aggregators or other Carriers and the resulting anti-competitive effects, and Verizon's use of illegal means to put JAWA out of business. Also, JAWA intends to inquire into the extent of the Verizon enterprise and the extent of Verizon's racketeering activity pursuant to 18 U.S.C.A. § 1962. Full investigation into these facts requires additional discovery requests and additional depositions – including depositions of third party witnesses such as representatives of each third party Aggregator.

Moreover, Verizon has also alleged additional causes of action, including a violation of Arizona's Consumer Organized Crime, Fraud, and Terrorism Act under A.R.S. §§ 13-2310(A) and A.R.S. § 13-2312(B) and common law fraud. JAWA requires additional discovery to rebut witnesses and evidence that Verizon sets forth on such claims. Furthermore, since Verizon has failed to affirmatively disclose any evidence for some of its counts,[1] JAWA is forced to seek this information through discovery requests.

---

[1] For instance, Verizon official David Burmester testified before this Court that he was aware of Verizon customers who had terminated their contracts or refused to renew because of actions taken by JAWA. Undersigned counsel has not been provided with any documentary evidence to back up this testimony and the customer complaints that have been disclosed do not reveal any "breaches" of contracts.

3

In sum, JAWA requires discovery concerning Verizon's recent claims and further requires discovery in order to prove its claims against Verizon. Under these circumstances, JAWA's request for additional discovery to investigate such claims is reasonable. Due to the number of complex issues, documents, and witnesses that have been identified, even at this early stage of discovery, it is apparent that justice cannot be served without an increase in the number of discovery requests allowed.  There have already been upwards of 20 witnesses disclosed and thousands of pages of evidence, comprising hundreds of pertinent documents.  In order to fully explore this evidence, JAWA respectfully requests that the Court increase the discovery limits to allow for the following discovery to be conducted from this date forward:  60 requests for admissions, 80 non-uniform interrogatories, 80 requests for production of documents, and 30 depositions, exclusive of the individuals who have already been deposed.

**RESPECTFULLY SUBMITTED** this 16th day of September, 2011

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| /s/ Dennis I. Wilenchik, Esq. | /s/ Grant Woods, Esq. |
| Dennis I. Wilenchik, Esq. | Grant Woods, Esq. |
| The Wilenchik & Bartness Building | Two Renaissance Square |
| 2810 North Third Street | 40 N. Central Ave, Suite 2250 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| admin@wb-law.com | gw@grantwoodspc.net |
| *Attorneys for Defendants Jason Hope and Wayne P. DeStefano, et al.* | *Co-counsel for Defendants Jason Hope and Wayne P. DeStefano, et al.* |

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of September, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

  /s/ H. Myers