**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810      Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants Jason R. Hope,*
*Wayne P. DeStefano and Eye Level Holdings, LLC*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **CELLCO PARTNERSHIP d/b/a/ VERIZONA WIRELESS,**<br><br>**Plaintiff,**<br>v.<br><br>**JASON R. HOPE, et al.,**<br><br>**Defendants.** | Case No. CV 11-00432-DGC<br><br>**MOTION TO MODIFY SETTLEMENT CONFERENCE ORDER**<br><br>**Assigned to the Honorable David G. Campbell** |

Defendants Jason R. Hope, Wayne P. DeStefano and Eye Level Holdings, LLC (collectively "JAWA"), by and through undersigned counsel, hereby respectfully request that

the Court amend its Settlement Conference Order, dated July 7, 2011, to allow JAWA's insurance representative to appear telephonically and state that JAWA's Settlement Memorandum be confidential and submitted solely to the mediator. The following Memorandum of Points and Authorities supports this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The current Settlement Conference Order requires all decision-makers and insurers to appear in person and requires the parties to exchange Settlement Memoranda. JAWA requests that its insurance representative be available by telephone and further requests that its Settlement Memoranda be submitted confidentially. The District Court is given broad discretion in supervising the pretrial phase of litigation. *See Zivkovic v. Southern California Edison*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Hayden v. Chalfant Press*, 281 F.2d 543, 545 (9th Cir. 1960). Thus, this Court has authority to grant JAWA's requests.

  a. **JAWA's Insurance Representative Should Not Be Required to Physically Appear – Telephonic Appearance is Sufficient in This Instance.**

Rule 16 Fed.R.Civ.P. does not require JAWA's insurance representative to physically appear. It states, "[i]f appropriate, the court *may* require that a party or its representative be present *or reasonably available by other means* to consider possible settlement." Rule 16(c)(1), FED.R.CIV.P. (emphasis added). Moreover, Rule 16 "can achieve its purpose of improving the quality of justice only if … the discretion of the trial court [is] applied with intelligent flexibility." *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971). Here, the reasons to require physical appearance are absent, and the Court should allow JAWA's insurer to be "reasonably available by other means".

Specifically, the Court cites *In re Novak* as authority that JAWA's insurer should physically appear. *In re Novak,* 932 F.2d 1397, 1407 (11th Cir. 1991). In *Novak*, the Eleventh

2

Circuit stated that one obstacle to productive mediation occurs when "a non-party insurer controls the litigation." *Id*. The court reasoned that in those cases, the insurer hires an attorney to represent its insured and supervises that attorney's work, and the attorney may not take any important steps, like settlement, without first checking with the insurer. *Id*. at 1408. Unlike *Novak*, JAWA's insurer does not control the litigation. Jason Hope, Wayne DeStefano, and other defendants control their own ability to settle. The insurance representative will be consulted only to determine how much the insurance company would contribute to a potential settlement entered into by Messieurs Hope and DeStefano. Thus, physical appearance by Jason Hope and Wayne DeStefano and telephonic appearance by the non-party insurer will meet the Court's desire for reduced time for communication of offers, ability to explore varied options for settlement, and opportunity to hear the rationale and arguments regarding the likelihood of success of claims and the mediator's candid comments. Messieurs Hope and DeStefano will be present for such discussions.

  **b.** **JAWA's Settlement Memorandum Should Be Confidential and Not Disclosed to Verizon.**

JAWA asks that their Settlement Memorandum be permitted to remain confidential in order to facilitate settlement of this case. The drafters of the Uniform Mediation Act state that a strong goal in our settlement process should be to "promote candor of the parties through confidentiality …, subject only to the need for disclosure to accommodate specific and compelling societal interests." Uniform Mediation Act, Prefatory Note (2001). "Mediation communication" defined in the Mediation Act that should remain confidential includes mediation briefs, such as the Settlement Memoranda required in our case. *See Id*. at §2(2); John Lande, *Using Dispute System Design Methods to Promote Good-Faith Participation in Court-Connected Mediation Programs*, 50 UCLA L. Rev. 69, 131 (2002)(stating that enforcement of a

rule ordering parties to provide pre-mediation submissions might conflict with mediation confidentiality rules). Moreover, federal policy supports JAWA's request for confidentiality. *Jones v. Metro. Life Ins. Co.*, C-08-03971-JW DMR, 2010 WL 4055928 (N.D. Cal. Oct. 15, 2010)("[i]n passing the Alternative Dispute Resolution Act of 1998 ("ADR Act"), Congress declared its 'view on the importance of alternative dispute resolution, and the need for confidentiality....' "); *see also Olam v. Cong. Mortgage Co.,* 68 F.Supp.2d 1110, 1121 (N.D.Cal.1999) (noting that the ADR Act "includes an express statement of federal policy that communications occurring in mediations sponsored by Federal District Courts should be confidential").

The Court cites *Nick v. Morgan's Foods* for the proposition that sanctions may be applied for failure to prepare the requested memorandum. *Nick v. Morgan's Foods*, 270 F.3d 590 (8th Cir. 2001). Yet, in *Morgan's Foods*, the mediation participant failed to provide the mediator with a mediation memorandum at all and argued that "memorandum requirement [was] a waste of time." *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1061 (E.D. Mo. 2000) *aff'd,* 270 F.3d 590 (8th Cir. 2001). Differently here, JAWA recognizes the important role of the Settlement Memorandum and asks for confidentiality so that it can be completely candid with the mediator and use the Memorandum as an opportunity to facilitate settlement of this case. Alternatively, if the Court requires JAWA to submit a memorandum to Verizon, JAWA asks that it also be granted an opportunity to submit a second memorandum to the mediator that will remain confidential.

**RESPECTFULLY SUBMITTED** this 22nd day of September, 2011

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| /s/ Dennis I. Wilenchik, Esq. | /s/ Grant Woods, Esq. |
| Dennis I. Wilenchik, Esq. | Grant Woods, Esq. |
| The Wilenchik & Bartness Building | Two Renaissance Square |
| 2810 North Third Street | 40 N. Central Ave, Suite 2250 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| admin@wb-law.com | gw@grantwoodspc.net |
| *Attorneys for Defendants Jason Hope and Wayne P. Destefano, et al.* | *Co-counsel for Defendants Jason Hope and Wayne P. Destefano, et al.* |

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of September, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ H. Myers