Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
Email:          paul.charlton@gknet.com
                    lindsi.weber@gknet.com

Marcos Daniel Jiménez (admitted pro hac vice)
Scott B. Cosgrove (admitted pro hac vice)
Ann M. St. Peter-Griffith (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:   (786) 587-1077
Facsimile:    (305) 675-7970
Email:          MJimenez@kasowitz.com
                    SCosgrove@kasowitz.com
                    AStpetergriffith@kasowitz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Plaintiff,<br><br>v.<br><br>JASON HOPE; et al.,<br><br>Defendants. | Case No. 2:11-cv-00432-DGC<br><br>**VERIZON WIRELESS'S OPPOSITION TO DEFENDANTS' MOTION TO MANDATE VERIZON'S CEO TO APPEAR AT SETTLEMENT CONFERENCE** |
|---|---|

The Court should reject Defendants' last-minute motion to compel Verizon Wireless's CEO to appear at the settlement conference [DE 185]. The Motion ignores this Court's Settlement Conference Order ("Order") [DE 158] and is an attempt to harass Verizon Wireless. Nothing in the Order requires that a corporate party produce its Chief Executive Officer at the settlement conference. Rather, it requires an uninsured or self-insured corporate party to appear at the conference "through its authorized representative with full and complete authority to discuss and settle the case." [DE 158 at 3]. The two representatives Verizon Wireless will have at the settlement conference have full and complete authority to settle the case: (1) David Burmester, a Director in Verizon

Wireless' marketing organization with responsibility for all premium text message services offered by third parties on the Verizon Wireless network; and (2) Leigh Schachter, Assistant General Counsel for Verizon Wireless.

Defendants do not cite any authority or other basis for requiring that Verizon Wireless's CEO appear at the settlement conference. Although counsel for Defendants asserts that Verizon Wireless's CEO should receive an "unfiltered appraisal of what this litigation is likely to cost" Verizon Wireless and opines that his clients' counterclaims involve "potential damages in the billions," [DE 185 at 2-3], the decision about which of its corporate representatives should attend the settlement conference belongs to Verizon Wireless, not to Defendants. Their position, if accepted, would require every CEO of every company to appear merely because opposing counsel believes that the case involves significant "potential damages." There is, of course, no such requirement, nor should there be.

None of the cases cited by Defendants involved a situation where the court compelled the CEO of a corporate defendant to appear in circumstances such as the ones here.[1] The cases merely state that a corporate representative with full authority to settle can be made to appear at a settlement conference. Verizon Wireless's representatives will have such authority.

---

[1] *See In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1442, 1436 (D. Colo. 1988) (denying motion to vacate or modify order requiring corporation to "designate a representative" other than counsel to attend settlement conference); *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1057 (E.D. Mo. 2000) (denying reconsideration of order sanctioning party who failed to send to ADR a representative with authority to settle); *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 654 (7th Cir. 1989) (affirming sanctions against corporation that failed to send any corporate representative whatsoever to pretrial conference); *Kearson v. Schick-Wilkenson Sword*, 2007 U.S. Dist. LEXIS 30, *6-10 (D. Conn. Jan. 3, 2007) (requiring CEO to attend settlement conference only because corporation previously disobeyed court order by sending representative without settlement authority); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 9 (1st Cir. 1985) (affirming default sanction where company's secretary and president disobeyed order to appear before court on a motion for sanctions – not at a settlement conference – to explain repeated discovery violations and for misleading the court).

Defendants' motion is a belated effort to harass Verizon Wireless. Defendants have known about the settlement conference date since July 7, 2011, and Verizon Wireless advised Defendants during a phone conference several weeks ago who would be attending the conference. Defendants voiced no objection to the Verizon Wireless corporate representatives at that time. Instead, they waited until less than a week before the settlement conference to make their extraordinary request. Seeking to compel the CEO of a multi-billion dollar company to fly across the country on less than a week's notice to attend a settlement conference can only be described as harassment.

For the foregoing reasons, Verizon Wireless respectfully requests that the Court summarily deny Defendants' motion.

RESPECTFULLY SUBMITTED this 28th day of September, 2011.

> GALLAGHER & KENNEDY, P.A.
>
> Paul K. Charlton
> Lindsi M. Weber
> 2575 East Camelback Road
> Phoenix, Arizona 85016-9225
>
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
>
> By_____
> Marcos Daniel Jiménez
> Scott B. Cosgrove
> 1441 Brickell Avenue, Suite 1420
> Miami, Florida 33131
>
> *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

*/s/Marcos Daniel Jiménez*

3