**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cellco Partnership d/b/a Verizon Wireless, | ) | No. CV-11-432-PHX-DGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Jason R. Hope, et al., | ) ) | |
| Defendants. | ) ) ) | |

For the second time in five days Defendants' counsel have filed a motion related to the Tuesday, October 4, 2011 settlement conference and have again failed to provide the referred Magistrate Judge with a copy of the Motion, contrary to Local Rule ("LRCiv") 40.2 (d).[1] Upon review of the non-conforming captions used by counsel, it is quite apparent that defense counsel are either unfamiliar, or unwilling to comply, with the District Court's Local Rules. This issue will be addressed later in this order.

**I. Relevant Background**

On June 23, 2011, this case was randomly assigned to the undersigned Magistrate Judge for purposes of conducting a settlement conference. (Doc. 153) On July 7, 2011,

---

[1] LRCiv 40.2 (d) requires that "[i]n cases wherein a District Judge has referred a settlement conference, discovery or other matter to a Magistrate Judge, but not the entire case, counsel shall immediately provide a copy of any filed document relating to the referred matter to the chambers of the referred Magistrate Judge."

1  the undersigned issued a Settlement Conference Order, scheduling a settlement
2  conference for October 4, 2011. (Doc. 158)  After filing the first motion on September 22,
3  2011, Defendants have filed a second motion related to the settlement conference, seek-
4  ing a modification of the Settlement Conference Order to compel the Chief Executive
5  Officer ("CEO") of Cellco Partnership d/b/a/ Verizon Wireless ("Verizon") to attend the
6  settlement conference. (Doc. 185)  Plaintiff opposes the Motion. (Doc. 188)  As explained
7  below, the Court will deny Defendants' Motion.

**II. Motion to Mandate Verizon's CEO [to] Appear at Settlement Conference**

Defendants argue that Verizon's CEO, whose name is not provided in the Motion, should be compelled to attend the settlement conference to ensure that a corporate representative with the complete authority to settle the case is present. Defendants contend that "[m]eaningful negotiations can only take place if the person with the authority to change their mind and negotiate [a settlement] is present and given the full benefit of the opposing party's arguments and the mediator's input." (Doc. 185 at 2)  "The CEO of a company 'deserves an **unfiltered** appraisal of what this litigation is likely to cost his company, and to be informed not only (sic) that this action can be settled for far less than the costs of litigation[,]'" quoting *Kearson v. Schick-Wilkenson Sword*, 2007 WL 25499 (D. Conn. Jan. 3, 2007) (emphasis in original but page number missing in original; footnote omitted). (*Id*. at 2-3)  Defendants argue that Verizon's CEO "should be given the full benefit of the rationale and arguments of both sides of the case because this case involves complex civil litigation and [has the] potential [of] damages in the billions. (*Id*. at 2-3)  "No other corporate representative will have the authority to settle both the claims and counterclaims in this case and '[i]mmediate decision making is critical to the process of exchange involved in true negotiation.'" *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1433, 1438-39 (D. Colo. 1988). (*Id*. at 3)

Defendants merely speculate that Plaintiff Verizon may bring representatives to the settlement conference who lack such authority. Defendants cite no legal or factual support for the proposition that a CEO must attend a settlement conference in order to

- 2 -

1  have a meaningful settlement conference. Moreover, the Court generally agrees with
2  Plaintiff that for an initial settlement conference in a case, "the decision about which of
3  [Plaintiff's] corporate representatives should attend the settlement conference belongs to
4  Verizon Wireless, not to Defendants." (Doc. 188 at 2) Taking Defendants' argument to its
5  logical conclusion, a court should order all the partners of this Basking Ridge, New Jersey
6  general partnership to physically appear at the settlement conference in Phoenix because
7  "[n]o other corporate [or partnership] representative w[ould] have the authority to settle
8  both the claims and counterclaims" until a formal vote is taken by all the partners. See,
9  *e.g.*, A.R.S. §§ 29-1003, 1031(J) (Unless the partnership agreement states otherwise,
10 "[a]n act outside the ordinary course of business of a partnership and an amendment to the
11 partnership agreement may be undertaken only with the consent of all of the partners.").
12 In its extreme, Defendants' argument is absurd for many reasons that are plainly evident.
13     The Court's Settlement Conference Order requires that the parties and represen-
14 tatives of the parties with "full and complete authority," as defined in the Order, doc. 158
15 at 3, n. 2, to discuss and settle the case "**SHALL** physically appear" at the settlement
16 conference. (Doc. 158 at 3) (emphasis in original)  Plaintiff advises that it will have at the
17 settlement conference two representatives of Verizon Wireless with full and complete
18 authority to settle the case: (1) David Burmester, a Director in Verizon Wireless' market-
19 ing organization with responsibility for all premium text message services offered by
20 third parties on the Verizon network; and (2) Leigh Schachter, Assistant General Counsel
21 for Verizon Wireless.  (Doc. 188)   Plaintiff assures the Court that "Verizon Wireless's
22 representatives will have [full authority to settle this case.]" (*Id*. at 2)  Defendants have
23 offered no evidence suggesting otherwise.  If Plaintiff, Defendants, or their counsel fail to
24 comply with the Order, it will not be the first time, nor likely the last time, that sanctions
25 may be considered against the offending lawyer or party to achieve future compliance.
26 **III. Local Rules**
27     The Ninth Circuit has "explain[ed], yet again, the importance of following the
28 court's local rules. 'District courts have broad discretion in interpreting and applying their

local rules.'" *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). Local rules have "the force of law." *Hollingsworth v. Perry*, ___ U.S. ___, 130 S.Ct. 705, 710 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted).

All counsel in this case fail to use proper capitalization in the caption of this case as required by LRCiv.7.1(a)(3). Although this is technical, minor violation, counsels' failure to give appropriate consideration to the Local Rules may eventually result in a more egregious violation, like the failure of defense counsel in this case to twice comply with LRCiv 40.2 (d), which fortuitously did not result in any prejudice to the adverse party or an unnecessary continuance of the settlement conference.

The Court notes that defense counsel are not new and inexperienced lawyers recently admitted to practice in the District Court of Arizona. Dennis I. Wilenchik, State Bar No. 5350, and J. Grant Woods, State Bar No. 6106, were admitted to this District Court in 1978 and 1985, respectively. Unlike the present requirements, at a time of their admissions, this District Court did not require a compliance certification with the District Court's Local Rules. The Court hereby forewarns Messrs. Wilenchik and Woods that further violations of the Local Rules in this or other cases in this District Court may result in an order that one or both shall read the District of Arizona's civil Local Rules in their entirety and promptly file a Notice of Compliance *before* filing any further motions, briefings or documents in this case or any other District of Arizona case or their privilege to practice law in the District Court for the District of Arizona may be revoked and/or other sanctions imposed for failing to comply with this order and the Local Rules. LRCiv 83.1(f).

After consideration of this matter,

**IT IS ORDERED** that Defendants' Motion to Mandate Verizon's CEO to Appear

at Settlement Conference, doc. 185, is **DENIED**.

**IT IS FURTHER ORDERED** that all counsel and any party, if unrepresented, in this or other cases in the District Court of Arizona shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

Dated this 29th day of September, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge