Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Email:       paul.charlton@gknet.com
             lindsi.weber@gknet.com

Marcos Jiménez (admitted pro hac vice)
Scott Cosgrove (admitted pro hac vice)
Ann M. St. Peter-Griffith (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:   (786) 587-1077
Email:       MJimenez@kasowitz.com
             SCosgrove@kasowitz.com
             AStpetergriffith@kasowitz.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Cellco Partnership d/b/a Verizon Wireless,<br><br>                    Plaintiff,<br>v.<br>Jason Hope; et al.,<br><br>                    Defendants. | Case No. 2:11-cv-00432-DGC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ADDITIONAL DISCOVERY**<br><br>(Assigned to the Hon. David G. Campbell) |

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") hereby opposes Defendants' *Motion for Additional Discovery* (Doc. 178; the "Motion").

First, the Motion must be denied because it fails to comply with this Court's Case Management Order, which prohibits written discovery motions without leave of Court. [Dkt. 155 at ¶6.][1]

Second, even if this Court were to consider the Motion, it is premature. To date, Defendants have conducted several depositions and propounded certain requests for

---

[1] Defendant also failed to include in their motion the certificate of good faith referral required by Local Rule 7.2(j).

production. They have propounded only limited interrogatories (in connection with their Motion to Strike Paragraph 76 of the Complaint [Dkt. 53],[2] and have not served any requests for admission. Yet, they now want to propound a total of 260 interrogatories, requests for production and requests for admission, as well as take 30 depositions in addition to the six they have already taken. It would be inappropriate to grant such sweeping additional discovery until Defendants have first exhausted their limits and provide specific reasons why the additional discovery is necessary.[3] Their motion only contains conclusory assertions for Defendants' purported need for additional discovery and appears primarily intended to unduly burden Verizon Wireless with a flood of needless discovery.

Therefore, Verizon Wireless respectfully requests that the Court deny the Motion and instruct Defendants to follow the procedures set forth in the Court's Case Management Order.

RESPECTFULLY SUBMITTED this 3rd day of October, 2011.

GALLAGHER & KENNEDY, P.A.

By */s/ Paul K. Charton*
Paul K. Charlton
Lindsi M. Weber
2575 East Camelback Road
Phoenix, Arizona 85016-9225

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Marcos Daniel Jiménez
Scott B. Cosgrove
Audrey M. Pumariega
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
*Attorneys for Plaintiff*

---

[2] The Court denied the Motion to Strike on May 11, 2011. (Doc. 133 at 24).\

[3] *See Smith v. Ardew Wood Prods*., 2008 WL 4837216, at *1(W.D. Wash. Nov. 6, 2008) ("[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)"); *Finazzo v. Hawaiian Airlines*, 2007 WL 1425241, at *3 (D. Haw. May 10, 2007) ("Courts generally do not grant leave to take additional depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A).").

2

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd day of October, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

                                              /s/     *Audrey Pumariega*