**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants*
*Jason Hope and Wayne P. DeStefano, et al.*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Cellco Partnership d/b/a/ Verizon Wireless,**<br><br>Plaintiff,<br>v.<br>**Jason R. Hope, et al.,**<br><br>**Defendants.**<br><br>**And Related Counterclaims.** | Case No. CV 11-00432-DGC<br><br>**Defendants' Reply in Support of Motion for Leave to File Two Separate Motions for Summary Judgment**<br><br>**(Oral Argument/Telephonic Call Requested)**<br><br>**Assigned to the Honorable David G. Campbell** |

Defendants Jason R. Hope, Wayne P. DeStefano and Eye Level Holdings, LLC, Christa Stephens, Quinn McCullough, Steve Uhrman, Janet O'Meara, Cylon, LLC a/k/a JAWA; New Economic Order, LLC; Saguaro Media, LLC;  New Ein, LLC; Ink Sign Holding, LLC; Message Plan, LLC; Fyisms.Com, LLC; Mytstsms.Com, LLC; Standard Plan, LLC; Standard Message,

LLC; SMS City, LLC; Hot-Hot-News.com, LLC; City-O-Games.com, LLC; Wordtxts.com, LLC; Topictext.com, LLC; Text Charge, LLC; All-Game-Cheats.org, LLC; and News Alerts, LLC (collectively "JAWA"), by and through undersigned counsel, hereby respectfully submits its Reply in Support of JAWA's Motion to file one motion for summary judgment in this matter on Plaintiff's claims and a second such motion on Defendants' counterclaims.

Plaintiff's position that Defendants' Motion was in "utter disregard of the Court's instructions" is disingenuous.  Defense counsel informed Plaintiff's counsel during a telephone conversation that the Motion was intended to be a request for the Court to set a joint telephone call in accordance with the Court's procedures.  For the purpose of clarity, it was never Defendants' intention to circumvent the Court's procedures.  The purpose of the Motion and Reply is to request that the Court set a joint telephone conference in which the Parties may obtain the necessary permission to file more than one motion for summary judgment.

Plaintiff's assertion that Defendants' Motion was an impermissible discovery motion is equally disingenuous.  The issue of whether the Parties may file more than one motion for summary judgment is **not** a discovery matter.  When a discovery dispute arises, Local Rule 7.2 (j) requires counsel to certify that all counsel made a sincere and genuine effort to satisfactorily resolve the dispute and were unable to do so.  Unlike a discovery dispute, the request for an additional motion for summary judgment is not a matter that could be resolved solely amongst the Parties and requires an order of the Court prior to the Parties "resolving" the matter. Accordingly, Plaintiff's footnote attempting to criticize Defendants for failing to follow LR Civ. 7.2(j) is sadly mistaken and essentially seeks to cut the Court out of the decision-making process regarding how many motions are filed in this matter.  Such an interpretation runs afoul of the intent of the local rule and of the ample case law demonstrating that the Court, not the parties, retains the discretion to permit additional dispositive motions in the interest of judicial economy

1  and the efficient management of this case. *Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007)
2  ("We begin with bedrock: trial judges have an abiding responsibility for the efficient
3  management of the cases on their dockets.")
4        Defendants' early motion for leave to file two motions for summary judgment was filed
5  in the interest of judicial economy and to promote efficiency in this matter.  Since the pretrial
6  conference, and certainly since the Motions to Amend were filed, it has become increasingly
7  clear that this case involves two separate and distinct sets of litigation – Plaintiff's claims and
8  Defendants' counterclaims.  Unlike some litigation in which the claims and counterclaims stem
9  from the same nucleus of fact, Verizon's claims stem from actions taken by JAWA leading up to
10 March 7, 2011 and JAWA's claims involve the blitzkrieg of activity taken by Verizon against
11 JAWA just before, during, and after this litigation was filed, including the conversion of
12 millions of dollars rightfully due to JAWA.  The claims and counterclaims involve very
13 different witnesses, operative facts, and potential defenses.  For these reasons, a single motion
14 for summary judgment for both the claims and counterclaims would be lengthy, cumbersome,
15 and likely confusing.  Accordingly, Defendants request an opportunity to file one motion for
16 summary judgment to dispose of Verizon's claims and a second to resolve its counterclaims
17 against Verizon.
18       Moreover, Defendants have not made a request for an unreasonable number of summary
19 judgment motions in this matter.  Defendants occupy two separate roles in this litigation and
20 merely seek the opportunity to file a motion for summary judgment in each of those roles.
21 Given the fact that the Court has already dismissed the vast majority of Plaintiff's claims once, it
22 is highly likely that an early motion for summary judgment from Defendants on Plaintiff's
23 remaining counts would serve to streamline this case drastically and serve the purpose of
24
25

efficiently managing this case.  This serves the interest of judicial economy and is highly appropriate under the circumstances of this case.

Due to the fact that Defendants have recognized the need for two motions for summary judgment early on in the case, allowing two motions will not impact any other deadlines in the case and will not prejudice any party.  For all of the above reasons, Defendants respectfully request that the Court set a telephonic conference and permit Defendants to file two motions for summary judgment.

**RESPECTFULLY SUBMITTED** this 11th day of October, 2011

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| /s/ Dennis I. Wilenchik | /s/ Grant Woods |
| Dennis I. Wilenchik, Esq. | Grant Woods, Esq. |
| The Wilenchik & Bartness Building | Two Renaissance Square |
| 2810 North Third Street | 40 N. Central Ave, Suite 2250 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| admin@wb-law.com | gw@grantwoodspc.net |
| *Attorneys for Defendants Jason Hope and Wayne P. Destefano, et al.* | *Co-counsel for Defendants Jason Hope and Wayne P. Destefano, et al.* |

### CERTIFICATE OF SERVICE

I certify that on this 11th day of October, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Jill Hayhurst