**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants*
*Jason Hope and Wayne P. DeStefano, et al.*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Cellco Partnership d/b/a/ Verizon Wireless,** | Case No. CV 11-00432-DGC |
| **Plaintiff,** | **Defendants' Reply in Support of Motion for Relief from Order Granting Preliminary Injunction** |
| v. | |
| **Jason R. Hope, et al.,** | **(Oral Argument Requested)** |
| **Defendants.** | Assigned to the Honorable David G. Campbell |
| **And Related Counterclaims.** | |

Defendants Jason R. Hope, Wayne P. DeStefano and Eye Level Holdings, LLC, Christa Stephens, Quinn McCullough, Steve Uhrman, Janet O'Meara, Cylon, LLC a/k/a JAWA; New Economic Order, LLC; Saguaro Media, LLC;  New Ein, LLC; Ink Sign Holding, LLC; Message Plan, LLC; Fyisms.Com, LLC; Mytstsms.Com, LLC; Standard Plan, LLC; Standard Message,

LLC; SMS City, LLC; Hot-Hot-News.com, LLC; City-O-Games.com, LLC; Wordtxts.com, LLC; Topictext.com, LLC; Text Charge, LLC; All-Game-Cheats.org, LLC; and News Alerts, LLC (collectively "JAWA"), by and through undersigned counsel, hereby respectfully submits its Reply in Support of JAWA's Motion to Entertain a Rule 60(b) Motion for Relief. JAWA respectfully requests that this Court grant JAWA's motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6), and move to for the Ninth Circuit to remand the case. This Motion is supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### A. THIS COURT HAS THE AUTHORITY TO MOVE FOR REMAND OF THIS CASE TO GRANT JAWA'S RULE 60(b) MOTION

The procedure for entertaining a Rule 60(b) motion during the pendency of an appeal is clear. Verizon's attempt to obfuscate this procedure does not alter the fact that JAWA has followed the prescribed procedural process for seeking Rule 60(b) relief during the pendency of an appeal by "ask[ing] the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984). Verizon contends that JAWA should be required to argue more than the contents of their appeal because JAWA "engaged the parties' and the appellate court's time and resources." [Verizon's Response to Defendants' Motion for Relief, p. 2] In reality, the prescribed procedure for the entertainment of a Rule 60 motion during the pendency of an appeal serves to avoid incurring any unnecessary appellate costs by allowing the Court to decide whether it wishes to entertain or grant the motion, in which case appellate briefing and oral argument can be halted by a motion to remand. While JAWA appropriately filed its notice of appeal by the necessary deadline, it has also sought to conserve judicial resources by filing the present motion when settlement negotiations broke down. Indeed, at the time this motion

was filed only JAWA had expended any resources at the appellate level[1] and to this day briefing in the 9th Circuit is not complete, nor has oral argument been set.  Accordingly, if this Court is willing to entertain and grant this motion it would prevent further need for appellate resources and would prevent both parties from incurring further costs on appeal.

### B. JAWA HAS FILED A MOTION FOR RELIEF PURSUANT TO RULE 60(b) NOT A MOTION FOR RECONSIDERATION

Verizon alleges that JAWA has submitted an untimely motion for reconsideration and cites to the requirements for a Motion for Reconsideration, not a Motion for Rule 60(b) relief. [Verizon's Response to Defendants' Motion for Relief at 2-3]  Verizon is wrong.  The Rules of Civil Procedure clearly provide for relief under Rule 60(b) separate and apart from a Motion for Reconsideration.  Verizon's distaste for the distinction between Restatement § 766(A) and § 766 does not nullify JAWA's right to seek relief under Rule 60(b).  The fact of the matter is that this Court was not provided the benefit of argument on the distinction between the Restatement sections, nor was it afforded the opportunity to review the persuasive case law on the subject. Arizona case law fails to analyze Restatement § 766(A) in the light necessary to resolve the matter at issue here.  Accordingly, JAWA's presentation of holdings from jurisdictions that have directly examined the issue is necessary for the Court to have the benefit all applicable information.

Additionally, the preliminary injunction order contains some internal inconsistencies on which JAWA's present motion seeks clarification. Since the inconsistencies are actually contained within the preliminary injunction order, which was issued **after** the preliminary

---

[1] It should be noted that Plaintiff sought an extension in which to file a response to the JAWA's Motion for Rule 60(b) relief.  It was this extension, not any action on JAWA's part, that brought this briefing schedule closer to the deadline by which Plaintiff was required to file an Answering Brief in the Ninth Circuit.  The alleged harm to Plaintiff's time and resources was, at least in part, incurred due to Plaintiff's own actions.

3

injunction hearing, it is ridiculous for Verizon to argue that JAWA is rehashing arguments submitted during the preliminary injunction hearing. It is beyond argument that the clarity of a preliminary injunction order is imperative. For all the reasons cited in JAWA's Motion for Rule 60(b) Relief, the law requires the Court to take action to clarify its Order to prevent confusion or inadvertent failure to comply.

### C. DEFENDANTS HAVE DEMONSTRATED EXTRAORDINARY CIRCUMSTANCES NECESSITATING RELIEF UNDER RULE 60(b)(6)

It is a given that Rule 60(b)(6) should not be used to "ignore normal legal recourses." *In Re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989). The cases that Verizon cites to are inapposite and represent circumstances in which one party neglected the normal legal recourses, such as appeal, in favor of belated Rule 60(b) Motions. This is not what happened here. JAWA timely filed an appeal in this action. Nonetheless, JAWA has filed this motion because extraordinary circumstances exist in this case and the Court should be given an opportunity to remedy the matter.

"[T]he timeliness of a Rule 60(b)(6) motion 'depends on the facts of each case.'" *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993) (quoting *In re Pac. Far E. Lines, Inc.,* 889 F.2d at 249-50)). Here, JAWA's prior counsel withdrew within weeks of the entry of the preliminary injunction. Additionally, based on Verizon's insistence of publicizing the lawsuit, JAWA as a business was in upheaval. Undersigned counsel did not appear until days before the deadline for a motion to reconsider and lacked access to prior counsel's files because of numerous complications in the process of transferring. Undersigned counsel acted quickly to preserve its right to appeal, but was unable to meet the ten day deadline to file a motion for reconsideration. *See Alpine Land & Reservoir Co.*, 984 F.2d at 1049 (holding that Rule 60(b)(6) relief is proper where extraordinary circumstances prevented a party

from taking timely action to prevent or correct an erroneous judgment). Because of these extraordinary circumstances this Court lacked the opportunity to analyze the persuasive authority analyzing the correct application of § 766(A). Furthermore, the internal inconsistencies were not raised directly with the Court and, as such, the Court did not have the opportunity to clarify its Preliminary Injunction Order prior to appeal. In an attempt to reduce litigation costs and streamline the issues on appeal, JAWA respectfully requests the Court indicate a willingness to entertain or grant the Rule 60(b) Motion prior to the issues being ruled upon in the Ninth Circuit.

### D. THE COURT'S INTERPRETATION OF RESTATEMENT §766(A) WAS IN ERROR

Restatement § 766(A) states "[o]ne who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing **the other** from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him." (emphasis added). As comment A explains §766A is "concerned only with the actor's intentional interference with the plaintiff's performance of his own contract," "to be contrasted with § 766, which states the rule for the actor's intentional interference with a third person's performance of his existing contract with the plaintiff." § 766A, comment A; *see also* § 766A, comment b ("[T]he conduct preventing the performance operates on the injured party himself, rather than the third person.") Verizon selectively cites to comment g, which incorporates by reference comments h, i, k, l, and m from Section 766. These comments, however, only discuss different means of interference and do not inform the analysis of the specific distinctions between Section 766 and Section 766A. Indeed, Verizon does not provide any argument as to how the incorporation of these comments impacts the distinction at all. Had Verizon provided

the Court with an analysis of these comments rather than just citing to them, Verizon would have been forced to admit that the comments referenced center on the illustration that prevention of performance can occur in a number of ways (for instance physical restraint, intimidation, exclusion from the area in which the contract must be performed) and do not deal with the distinction between the two Sections at all.

     Rules of statutory construction require the Court to give meaning to each word in the statute. *Indus. Comm'n of Arizona v. Old Republic Ins. Co.*, 223 Ariz. 75, 77-78, ¶ 7, 219 P.3d 285, 287-88 (App. 2009), review denied (Apr. 6, 2010). The language of Section 766A specifically says "One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by **<u>preventing the other</u>** from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him."  The plain language of this statute indicates that the action must be designed to prevent the other (Verizon), not the third party, from performing the contract.  Several state courts have specifically analyzed the distinctions between §766 and §766A.  These courts have held that the "core distinction between the torts described in section 766 and section 766A is to whom the defendant's conduct is targeted." *Wilspec Technologies, Inc. v. DunAn Holdings Group, Co., Ltd.*, 204 P.3d 69, 72-73, ¶ 10 (OK 2009); *see also RTL Disrib., Inc. v. Double S. Batteries, Inc.*, 545 N.W.2d 587, 590 (Iowa Ct. App. 1996) (holding when the defendant induces a third person not to perform the contract the defendant is liable pursuant to § 766, however, if the defendant prevents the plaintiff from performing a contract or causes the plaintiff's performance to be more burdensome the defendant is liable pursuant to § 766A); *Pettit v. Paxton*, 583 N.W.2d 604, 610 (Neb. 1998) ("The crucial distinction between §§ 766 and 766A is the party toward whom the allegedly intentional interference is directed.")

This Court specifically found that Verizon would likely succeed in showing that "Defendant's promotion of services **to Verizon's customers** resulted in increased costs to Verizon." (Emphasis added.)  [DE at # 133 at 10]  The Order clearly states it was the services to Verizon's customers that resulted in the burden; as a result, the alleged interference was targeted at the customers and not Verizon.  As the alleged conduct was targeted to Verizon's customers, Verizon cannot use §766A as the basis for its tortious interference claim.  Any tortious interference claim would have to be found pursuant to § 766, not § 766A.

Restatement § 766, however, requires a breach of contract.  *See Safeway Insurance Company, Inc. v. Guerrero*, 210 Ariz. 5, 106 P.3d 1020, 1025 (2005) ("The tort of intentional interference with contractual relations requires a plaintiff to prove: (1) existence of a valid contractual relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relationship has been disrupted, and (5)that the defendant acted improperly.")  Here, Verizon attempted to argue that Verizon established a breach based on Burmerster's testimony.  This Court found that Verizon did **not** prove a breach and that when asked to identify a breach Verizon alleged no breach was required.  [5-11-11 Preliminary Injunction Order at 9] Burmerster's speculative testimony did not establish evidence of a breach during the injunction hearing and this evidence still does not prove a breach.  Because § 766 requires the third party to breach the contract, and Verizon has not shown a third party breach of the contract, Verizon cannot meet the elements of a tortious interference claim.

Even if the Court were to allow an analysis under §766A, despite the failure to produce any evidence of conduct directed at Verizon that allegedly made the performance of its contracts more burdensome, Verizon still cannot succeed on its claims.  Any increase in cost Verizon suffered was created by Verizon unilaterally soliciting refunds from non-complaining JAWA

consumers. It has been recognized that 766A does not apply to conduct towards a third party because "when the defendant's interference is directed toward the third party, with whom the plaintiff is contracted, and the interference did not cause the third party to breach the contract, it is difficult to conceive how the plaintiff would prove causation." *Pettit*, 583 N.W.2d at 610. The inability to prove causation as illustrated in *Pettit* is present here because the alleged conduct was directed toward the customer and the customer had the ability to request a refund from JAWA. Because Verizon unilaterally offered blanket refunds to customers that had not complained, any costs Verizon incurred in refunds were damages incurred as a matter of choice by the Verizon. *See id*. ("If the defendant was not interfering directly with the plaintiff, then whatever 'damages' the plaintiff incurred were necessarily incurred as a matter of choice on the part of the plaintiff.") (emphasis added). In fact, some states have rejected upholding § 766A because it does not require a breach, and whether the performance became more expensive or burdensome "is too speculative and subject to abuse to provide a meaningful basis for a cause of action." *Price v. Sorrell*, 784 P.2d 614, 616 (Wyo. 1989). Similarly here, because Verizon created its own damages, Verizon is attempting to abuse the process by requesting the application of §766A in this manner. Accordingly, this Court's grant of Verizon's preliminary injunction was in legal error in the application of § 766A, and the injunction should be reversed.

Additionally, Verizon is unable to show that JAWA intended to interfere with Verizon's contracts to meet the requirements of a tortious interference claim. First, Verizon attempts to cite *Brands v. Lakeside Fire Dist.,* 2010 WL 2079712 (D. Ariz. May 24, 2010) in order to establish the standard of intent for §766A. However, this Court previously rejected Verizon's attempts to cite *Brands* as authoritative law. The Court found that Brands was distinguishable because, unlike here, it involved a breach of contract and therefore any discussion regarding § 766A was dicta. [5-11-11 Preliminary Injunction Order, p. 10] Moreover, Verizon attempts to

avoid JAWA's valid point that it would not intend to destroy its own relationship with its customers by alleging, without any factual basis, that JAWA had a business "strategy" to maximize the number of customer sign-ups and then provide refunds if the customers later complain. First, "[a] business-driven motive, in and of itself, is not an improper motive." *Neonatology Associates, Ltd. v. Phoenix Perinatal Associates Inc.*, 216 Ariz. 185, 189, 164 P.3d 691, 695 (App. 2007). More importantly, however, no business model involves destroying its own relationship with its customers because such a business model would be unsustainable. This "alleged" strategy is merely an attempt to distract from the fact that Verizon's claim infers that JAWA interfered with its own contract. A claim for tortious interference cannot be based on a party's interference with its own contract. *See Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, ¶ 75, 493 fn. 19, 38 P.3d 12, 31 fn. 19 (2002) (citing *Campbell v. Westdahl*, 148 Ariz. 432, 438 (App. 1984) (stating that a party cannot be liable for interference of its own contract)).

### E.  THE COURT'S ORDER WAS INTERNALLY INCONSISTENT

The Court's Injunction Order seeks to enjoin JAWA from doing business on the Verizon network (subclause iii) and also prescribe how JAWA must do business on the Verizon network. These concepts are mutually exclusive and cannot be reconciled. Verizon argues that subclause (iii) is in perfect harmony with the other subclauses and that "[c]ompliance with any one of the provisions will not hinder Defendants' ability to comply with any other." [Verizon's Response to Defendants' Motion for Relief at 2] This is clearly inaccurate, if JAWA attempts to sell or does sell PSMS messages, even if JAWA is in perfect compliance with the other portions of the Order, JAWA will still be in violation of subclause (iii), which enjoins JAWA from "selling, or attempting to sell, PSMS to Verizon Wireless customers over the Verizon Wireless network." Accordingly, the strict language of the Order is contradictory and confusing. Further

9

specificity is required "to prevent uncertainty and confusion on the part of those to whom the injunction is directed." *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987).

Verizon further alleges that, even if correct, this motion is not a proper vehicle and suggests that JAWA should file a motion for clarification or modification. However, as Verizon so aptly pointed out, at this juncture this Court lacks jurisdiction to enter a motion for clarification or modification without seeking remand from the Ninth Circuit. JAWA's Motion for Relief from Order Granting Preliminary Injunction is the proper vehicle by which to request relief or clarification and, as discussed at length above, JAWA has painstakingly followed the appropriate procedure and sought a decision from the Court on whether it is inclined to entertain or grant JAWA's motion. Should the Court respond in the affirmative, JAWA will move for remand from the Ninth Circuit.

### F. CONCLUSION

For the foregoing reasons, JAWA respectfully asks the Court "whether it wishes to entertain the motion, or to grant it, and then move this court [Ninth Circuit], if appropriate, for remand of the case." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984). Relief from the Court's Order is justified under Rule 60(b), Fed.R.Civ.P., because Verizon cannot succeed on a claim for tortious interference, which is the sole basis for the Order's preliminary injunction. If not vacated, the Order should at least be clarified to resolve its internal inconsistency regarding the ban on JAWA conducting any business with Verizon's customers. In either case, JAWA requests that this Court entertain this motion and grant it, whereupon JAWA will request a stay of the appeal from the Ninth Circuit and request remand of the case back to this Court for further proceedings.

**RESPECTFULLY SUBMITTED** this 11th day of October, 2011

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| /s/ Dennis I. Wilenchik | /s/ Grant Woods |
| Dennis I. Wilenchik, Esq. | Grant Woods, Esq. |
| The Wilenchik & Bartness Building | Two Renaissance Square |
| 2810 North Third Street | 40 N. Central Ave, Suite 2250 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| admin@wb-law.com | gw@grantwoodspc.net |
| *Attorneys for Defendants Jason Hope and Wayne P. Destefano, et al.* | *Co-counsel for Defendants Jason Hope and Wayne P. Destefano, et al.* |

## CERTIFICATE OF SERVICE

I certify that on this 11th day of October, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Jill Hayhurst