# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, CHANCERY DIVISION

CYNTHIA WALKER, GERMAINE COOPER, )
SILVERIO BAUTISTA, ROBERT WALKER, )
JOHN GOULD, CAROLINA ZANNI, )
individually and on behalf )
of a class of similarly situated Individuals, )
)
)
      *Plaintiffs*, )  No. 08 CH 40592
)
  v. )
)
)  Honorable Richard J. Billik
OPENMARKET, INC., a Michigan corporation, )
EYE LEVEL HOLDINGS, LLC, a Delaware )
limited liability company, CELLFISH MEDIA, )
LLC, a Delaware limited liability company, )
PREDICTO MOBILE LLC, a Delaware )
limited liability company, TOO LAZY, LLC, )
a California limited liability company, and )
3C INTERACTIVE, LLC, a Delaware corporation, )
)
      *Defendants*. )

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING NATIONWIDE SETTLEMENT CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING

This matter came before the Court on September 13, 2010, for status and a hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement[1] as set forth in the Stipulation of Class Action Settlement (the "Agreement"). Due and adequate notice having been given and the Court having fully considered the briefs and having been duly advised in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1

1.  This Court has jurisdiction over the parties to, and the subject matter of, this Action.

2.  The Court has reviewed the Stipulation of Class Action Settlement ("the Agreement"), as well as the files, records, and proceedings to date in this matter. The Court finds that: (a) the Agreement is "within the range" of possible final approval as fair, reasonable and adequate; (b) the Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case; (c) all Settlement Class members appear to have been treated fairly under the Agreement; and (d) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class of the proposed Settlement and the Fairness Hearing described below. (The defined terms in the Agreement are capitalized and used in this Preliminary Approval Order, and the definitions in the Agreement are incorporated herein by reference.) Accordingly, the Plaintiffs' Motion for Preliminary Approval is Granted for the reasons articulated in the Plaintiffs' brief.

3.  The Court hereby conditionally certifies the Settlement Class as defined below and preliminarily finds that the requirements of Section 2-801 of the Illinois Code of Civil Procedure for maintenance of this action as a class action have been satisfied in all respects and for the reasons set forth in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The Settlement Class is defined as follows:

> all current and former Wireless Subscribers Nationwide who, at any time until the Notice Date, were charged or paid for any Mobile Content advertised, marketed, transmitted, processed, controlled, billed or otherwise associated with Defendants. Excluded from the Settlement Class are the following: (1) Defendants, the Claims Administrator, and any respective parent, subsidiary, affiliate or control person of Defendants, as well as the

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Stipulation of Class Action Settlement.

officers, directors, agents, servants, or employees of Defendants, any judge presiding over this Action and/or any of the Related Actions, and the immediate family members of any such Person(s); and (2) Settlement Class Members who failed to opt out or otherwise exclude themselves and are therefore bound by other settlements that have received final approval and where a judgment releasing claims has been entered and who would be deemed to have already released the Defendants, including but not limited to: *McFerren v. AT&T Mobility LLC*, No. 2008-CV-151322 (Fulton County, Georgia), *Gray v. Mobile Messenger Americas, Inc., et. al.*, No. 2008-CV-61089 (S.D. Fla.), *Vandyke et. al. v. Media Breakaway, LLC*, 2008-22131-CIV (S.D. Fla.), *Paluzzi v. Cellco Partnership d/b/a Verizon Wireless*, No. 07 CH 37213 (Ill. Cir. Ct.), and *Parone, et al. v. m-Qube, Inc.*, No. 08 CH 15834 (Cir. Ct. Cook Cnty. IL); and (3) Persons with deceptive marketing claims encompassed within the *In re Jamster* MDL No. 1751, 05-CV-0819 JM (CAB), meaning specifically those claims alleging that "(i) VeriSign and Jamster defendants have falsely represented to consumers that mobile customers can get a free ring tone or other phone service by sending a message to Jamster or by registering on the internet; and (ii) instead of receiving the free content, those customers then received repeated text messages from defendants for which they were charged by defendants."

If for any reason this settlement is not approved or does not become Effective, this conditional class certification shall become null and void, and shall not be used or referred to for any purpose in this Action, the Related Actions or any other proceeding.

5. Jay Edelson, Myles McGuire, Rafey S. Balabanian and Steven L. Lezell, and of Edelson McGuire LLC are appointed Lead Class Counsel for settlement purposes.

6. David Parisi is appointed chairman of the Plaintiff's Steering Committee, which is comprised of attorneys David Parisi, Robert Shelquist, David Healy, Clifford Cantor, Ilan Chorowsky, Mark Freedman, and Nancy Pacharzina.

7. Cynthia Walker, Germaine Cooper, Silverio Bautista, Robert Walker, John Gould and Carolina Zanni are conditionally appointed as Class Representatives.

8. The firm of Rosenthal & Company, LLC, is hereby appointed as Claims

3

Administrator for the Agreement and shall perform all of the duties of the Claims Administrator as set forth in the Agreement and in this Order.

9. The form and methods of proposed notice set forth in the Notice Plan of the Agreement appear to be adequate, proper, and to comport with Due Process. The Court finds that the content of the long form "web" notice and summary form notices and the manner of their dissemination described below are the best practicable notice under the circumstances and are reasonably calculated to apprise the Settlement Class members of the pendency of this action, the definition of the Settlement Class and whether they are a member, the terms of the Agreement, the time and place of the Fairness Hearing and their right to appear, their right to object to the Settlement or exclude themselves from the Settlement Class, and the binding effect of any final judgment on their legal rights.

10. The Settlement Class Notice as described in the Settlement Agreement shall be disseminated according to the following schedule:

   a. Within 10 days of the entry of this Order, notice shall be provided on the website to be administered by the Claims Administrator substantially in the form attached as Exhibit 2 to the Agreement;

   b. The Press Release shall be issued as soon as practicable in accordance with the terms of the Agreement;

   c. Within 30 days of the entry of this Order, Defendants shall, based upon a review of the business records and the data in their possession, custody or control provide the Claims Administrator with the electronic or U.S. Mail address for reasonably identifiable Persons who are members of the Settlement Class (including any Person who has contacted Defendants about allegedly unauthorized charges for Mobile Content), to the extent such

addresses are reasonably available from their respective records and/or databases. The information provided to the Claims Administrator shall be held in confidence, used only for the purposes permitted in the Agreement, and shall not be provided to any Person except for Class Counsel and the Claims Administrator. Within fifteen (15) days of the receipt of such addresses, direct notice will be commenced by the Claims Administrator to potential Settlement Class Members by either email or First Class U.S. Mail according to the corresponding medium by which such Person(s) contacted Defendants. Notice sent by regular mail to potential Settlement Class Members will be substantially in the form attached as Exhibit 2 to the Agreement. Notice sent by email to potential Settlement Class Members will be substantially in the form attached as Exhibit 3 to the Settlement Agreement and contain an electronic link to the settlement website.

    d.    Within 30 days of the entry of this Order, the Publication Notice shall be commenced in accordance with the terms of the Agreement; and

    e.    The Targeted Internet Advertising promoting the website notice shall be commenced as soon as practicable and in accordance with the terms of the Agreement.

11.    Each Settlement Class Member who wishes to be excluded from the Settlement Class must fully complete and personally sign the Request for Exclusion and follow the procedures set forth in this Paragraph. That Request for Exclusion must be postmarked or received by the Claims Administrator no later than **December 20, 2010.** Except for those Persons who have properly and timely submitted a Request for Exclusion (as described above), all Settlement Class Members will be bound by this Agreement and the Judgment, should the settlement be approved. Any Person who properly and timely submits a Request for Exclusion from the Settlement Class shall not: (i) be bound by any orders or Judgment entered in this Action; (ii) be entitled to relief under the Agreement; (iii) gain any rights by virtue of the

Agreement; or (iv) be entitled to object to any aspect of the Agreement. No Person may opt out of the Settlement Class through "mass" or "class" opt-outs. No Settlement Class Member, or Person acting on behalf of or in concert with any Settlement Class Member, may submit a Request for Exclusion for any other Settlement Class Member. The names of all Persons who timely and properly submitted Requests for Exclusion shall be included in or attached to Order of Judgment of this Court.

12. Any Settlement Class Member who has not timely and properly submitted a written Request for Exclusion from the Settlement Class may object to the fairness, reasonableness or adequacy of the Agreement, the Incentive Award, or the Fee Award, or any of them. Settlement Class members may do so either on their own or through counsel hired at their expense. Any Settlement Class Member who wishes to object to the Agreement must file a Notice of Intention to Appear and Object with this Court on or before **December 20, 2010**. The objection must contain the following: (i) a notice of the objector's intention to appear at the Fairness Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Settlement Class Member; (v) any legal authorities that the objector wishes the Court to consider; (vi) a list of documents and things the objector wishes the Court to consider; (vii) a list of documents and things the objector may offer as evidence or exhibits; and (viii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony. On or before that same date, any such objecting Settlement Class Members shall serve a copy of such papers by first-class mail on each of the following counsel:

Jay Edelson, Esq.
Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654

Charles C. Platt, Esq.
Sanket J. Bulsara, Esq.
Wilmer Cutler Pickering Hale and Door LLP
399 Park Avenue
NY, NY 10022

13. Papers in support of final approval of the Agreement, Incentive Awards, and the Fee Award, along with the response to any objections shall be filed with the Court on or before **January 3, 2011**.

14. A Final Fairness Hearing is set this matter on **January 14, 2011** at **11:00 a.m.** in Room 2601.

15. All Settlement Class Members who have not timely and properly submitted a Request for Exclusion are hereby preliminarily enjoined, until this settlement has been considered and ruled upon, from filing, commencing, prosecuting, litigating or participating in any Claim or Cause of Action that is based upon or related to the allegations, facts, subjects, or issues set forth or raised in the Action or the Related Actions, or that is based upon or related to the Released Conduct.

16. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notices, and other exhibits that they jointly agree are reasonable or necessary.

ENTERED:

Date: _____

ENTERED

SEP 1 8 2013

Judge Richard J. Billik, Jr.
Circuit Court-1585