**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants*
*Jason Hope and Wayne P. DeStefano, et al.*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Cellco Partnership d/b/a/ Verizon Wireless,**<br><br>        **Plaintiff,**<br>v.<br><br>**Jason R. Hope, et al.,**<br><br>        **Defendants.**<br><br>**And Related Counterclaims.** | Case No. CV 11-00432-DGC<br><br>**Defendants' Reply in Support of Motion for Additional Discovery**<br><br><br>**Assigned to the Honorable**<br>**David G. Campbell** |

Defendants ("JAWA") by and through undersigned counsel, hereby respectfully submit their Reply in Support of JAWA's Motion for Additional Discovery ("Motion"). JAWA respectfully renews its request that this Court expand the discovery limitations imposed by its Order dated June 30, 2011. This Reply is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. JAWA'S REQUEST FOR ADDITIONAL DISCOVERY IS PROPER.**

JAWA complied with all applicable local rules as well as the Court's Case Management Order dated June 30, 2011 when JAWA submitted the Motion. First, JAWA's request to expand the discovery limitations imposed by ¶ 3 of the Court's Case Management Order is not a "discovery motion" and therefore did not require leave of the Court or prior consultation with opposing counsel. There is no discovery dispute between the parties as described in ¶ 6 of the Case Management Order, nor does JAWA's Motion ask for an imposition of sanctions under Rule 37. The Motion also does not allege that Verizon has failed to make disclosures or cooperate in discovery. Thus, there was no need for "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37 FED.R.CIV.P. In sum, Verizon is incorrect that it must be consulted or that a teleconference be initiated before JAWA may move the Court to seek a modification of its Case Management Order.

JAWA's Motion fully complies with the procedures set forth in the Case Management Order. Particularly, ¶ 3 of the Case Management Order is separate from ¶ 6 and does not provide a unique procedure for requesting additional discovery. Thus, JAWA was free to make this request to the Court pursuant to the Rules of Civil Procedure. In fact, the Federal Rules state that "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36." Rule 26(b)(2)(A) FED.R.CIV.P. For example, concerning interrogatories, "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." FED.R.CIV.P. 33(a)(1). It is logically implicit that to obtain "[l]eave to serve additional interrogatories" or an order altering the limits on discovery set by the Rules, a party must file a motion seeking such leave or an order; which precisely what JAWA did. Simply put, JAWA seeks leave to serve discovery requests that would exceed the

2

limits imposed by the Court's Case Management Order and has properly moved the Court for permission to do so, in accordance with the Rules of Civil Procedure.

**2. THE COURT HAS DISCRETION TO GRANT THIS TIMELY MOTION.**

The Court "has wide latitude in controlling discovery." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citing *White v. City of San Diego,* 605 F.2d 455, 461 (9th Cir.1979) (internal quotations omitted)); *see also Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996). Consequently, the Court has authority to grant JAWA's Motion and is not bound by any rule that would prevent it from modifying its own Case Management Order.  Also, there is no merit to Verizon's contention that the Motion is premature.  It is already abundantly clear that this is a huge, complex case that will require discovery and review of thousands of pages of documents and depositions of dozens of witnesses.

**3. JAWA'S REQUEST FOR ADDITIONAL DISCOVERY IS REASONABLE AND NECESSARY BASED ON THE VOLUME OF DISCOVERY VERIZON HAS DISCLOSED AND THE NUMBER OF WITNESSES ALREADY IDENTIFIED.**

JAWA asks for 60 requests for admissions, 80 non-uniform interrogatories, 80 requests for production of documents, and 30 depositions, exclusive of the individuals who have already been deposed. This request is reasonable for a case of this magnitude and in light of the voluminous records Verizon has produced to date. For example, twenty witnesses have already been disclosed, and additional witnesses will almost certainly be identified through the depositions of those witnesses, as well as through written discovery. It is reasonable for JAWA to depose each of the twenty witnesses identified and still have the ability to depose additional persons as they are identified. Moreover, Verizon has disclosed in excess of 30,000 pages of evidence, comprising hundreds of pertinent documents. JAWA requires adequate discovery tools to question Verizon on these documents. To the extent that the Court is not inclined to modify its discovery limits as JAWA requests in this Motion, JAWA asks that the Court nevertheless order that additional discovery be had beyond 25 interrogatories, 25 requests for production of documents, 25 requests for admissions, and 10 depositions in an amount the Court determines.

**4. CONCLUSION**

JAWA prudently asks the Court for additional discovery now rather than wait for the discovery deadline to approach or a dispositive motion to be filed. This request is proper according to procedure and reasonable as dictated by the volume of evidence in this case. It is undisputed that the Court has "wide latitude" over this issue and is able to grant this Motion. Consequently, JAWA asks the Court to grant its Motion for Additional Discovery.

**RESPECTFULLY SUBMITTED** this 13th day of October, 2011

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| Dennis I. Wilenchik | Grant Woods |
| Dennis I. Wilenchik, Esq. | Grant Woods, Esq. |
| The Wilenchik & Bartness Building | Two Renaissance Square |
| 2810 North Third Street | 40 N. Central Ave, Suite 2250 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| admin@wb-law.com | gw@grantwoodspc.net |
| *Attorneys for Defendants Jason Hope and Wayne P. Destefano, et al.* | *Co-counsel for Defendants Jason Hope and Wayne P. Destefano, et al.* |

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of October, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Jill Hayhurst