Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:	(602) 530-8000
Email:	paul.charlton@gknet.com
	lindsi.weber@gknet.com

Marcos Jiménez (admitted pro hac vice)
Scott Cosgrove (admitted pro hac vice)
Ann M. St. Peter-Griffith (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:	(786) 587-1077
Email:	MJimenez@kasowitz.com
	SCosgrove@kasowitz.com
	AStpetergriffith@kasowitz.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| Cellco Partnership d/b/a Verizon Wireless, <br><br>                  Plaintiff, <br><br> v. <br><br> Jason Hope; et al., <br><br>                  Defendants. | Case No. 2:11-cv-00432-DGC <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> (Assigned to the Hon. David G. Campbell) |
|---|---|

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") hereby respectfully submits its Reply In Support Of Its Motion for Leave to File First Amended Complaint ("Motion") (Doc. 170).

**I.  INTRODUCTION**

Plaintiff's opposition to Verizon Wireless' Motion does not attempt to show that Verizon Wireless' first amendment of its complaint will cause Defendants any prejudice or unduly delay this case. The amendment is timely. Indeed, Defendants on the same day moved to amend their counterclaim yet again, making far more extensive changes than Verizon Wireless, which has not opposed their motion. Other than a conclusory

assertion that the "Motion to Amend and FAC were clearly submitted in bad faith" (Doc. 191 at 2), Defendants' argue that Verizon Wireless' new claims, for violation of Arizona's RICO statute and common law fraud, are futile. (Doc. 191 at 4-14).

Defendants' opposition fails for two reasons. First, the Ninth Circuit has found that Rule 15 encompasses an extremely liberal approach toward amendments and that factually-based futility arguments are not sufficient grounds to deny a motion for leave to amend. Absent a showing of prejudice, undue delay or bad faith, a court should allow the amendment and address the claim on its merits. Defendants' opposition simply ignores the relevant Ninth Circuit authority on this point. Verizon Wireless' new claims are far from futile; rather, they are borne out by the detailed facts contained in the amended complaint and the evidence that the Court heard on Verizon Wireless' preliminary injunction motion.

## II.     MEMORANDUM OF LAW

### a.  Courts Apply an Extremely Liberal Standard for Amendments.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The policy in favor of leave to amend must not only be heeded by the Court, it must also be applied with extreme liberality." *Taylor v. AFS Techs.*, 2010 U.S. Dist. LEXIS 54267 (D. Ariz. June 1, 2010) (Campbell, J.) (internal citations omitted); *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Rule 15(a) exists to "facilitate decision on the merits" of a case "rather than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186 (citing United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

Courts generally consider five factors in assessing whether leave to amend should be granted: (1) undue delay, (2) bad faith, (3) previous amendments, (4) prejudice to the non-moving party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *W. Shoshone Nat'l Council v. Molini*, 951. F.2d 200, 204 (9th Cir. 1991); Williamson v. Allstate Ins. Co., 204 F.R.D. 641, 645 (D. Ariz. 2001). This assessment should be made with *all* inferences in favor of granting the motion. *Griggs v. Pace Am.*

*Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). After the moving party states the grounds for the amendment and that justice requires it, the burden usually shifts to the opposing party to show the court that justice requires denial. *See, e.g., In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997), *aff'd sub nom. Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply, Inc.*, 106 F.3d 894 (9th Cir. 1997).

### b. Defendants Fail to Make a "Strong Showing" of Futility as a Matter of Fact or Law.

Defendants oppose Verizon Wireless' proposed amendment based mostly on the futility factor. Futility, however, does not carry the same weight as other factors. *See Eminence Capital, LLC v. Spechler*, 316 F.3d 1048, 1053 (9th Cir. 2003). The Ninth Circuit has held that consideration of prejudice to the opposing party carries the greatest weight. *Id.* "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis added). In this case, Defendants have failed to identify any prejudice that would result from granting leave to amend, as is their burden. Nor have they given any substantive consideration to any other factors.

Instead, Defendants make futility arguments based largely on disputed issues of fact. "A proposed amendment is futile only if *no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (where questions of fact needed to be resolved, trial court abused its discretion in denying motion for leave to amend) (emphasis added). Where a record exists, the question is "whether there are *any facts in the record* that would support a claim." *Bear Stearns & Co. v. Daisy Sys. Corp. (In re Daisy Sys. Corp.)*, 97 F.3d 1171, 1179 (9th Cir. 1996) (where record suggested that issue of fact "should be examined more carefully before a trier of fact," denial of leave to amend was improper) (emphasis added); *BSA v. Graham*, 86 F.3d 861, 866 (9th Cir. 1996) (where "question of fact" was unresolved, district court erred in denying motion to amend on futility grounds). Defendants' fact-based arguments hardly

3

satisfy the "strong showing" of futility required to overcome the presumption in favor of granting leave to amend.

### c. A.R.S. §13-2310(A) provides for a private right of action.

Defendants' argument that there is no private right of action under A.R.S. §13-2310(A) for fraudulent schemes or artifices is wrong. A person injured *either* by a violation of Section 13-2312 *or* by a "pattern of racketeering activity" involving a scheme or artifice to defraud has a private right of action. *See* A.R.S. §13-2314.04(A) ("A person who sustains reasonably foreseeable injury to his person, business or property *by* a pattern of racketeering activity, *or* by a violation of section 13-2312 involving a pattern of racketeering activity, may file an action in superior court . . . .") (emphasis added); §13-2301(D)(4)(b)(xx)(listing "a scheme or artifice to defraud" in the definition of acts of "racketeering").

The case law unequivocally supports a private right of action. Defendants fail to cite various cases approving private actions for violations of A.R.S. §13-2310(A). *E.g., McClure Enterprises, Inc. v. Gen. Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 54371, *7-9 (D. Ariz. July 24, 2007); *Kirkland v. Barnes*, 2008 Bankr. LEXIS 4704 *4-5 n.8 (B.A.P. 9th Cir. Nov. 26, 2008) (treble damages provision is "to compensate for losses, to deter misconduct, and to *encourage private litigants to act*") (emphasis added); *Rhue v. Dawson*, 841 P.2d 215, 223 n.3 (Ariz. Ct. App. 1992).[1] Defendants' multiple acts of wire fraud and mail fraud in furtherance of their "scheme or artifice to defraud" constitute the basis for its A.R.S. §13-2310(A) action. Thus, on the face of the statute and under the relevant cases, a private right of action is available for violations of A.R.S. §13-2310(A).

### d. Verizon Wireless' Federal and Arizona RICO Claims Are Not Futile.

The Court previously denied Defendants' motion to dismiss Verizon Wireless' Section 1962(c) RICO claim. (Doc. 164 at 2-4). A.R.S. §13-2312(B) is the counterpart to, and tracks the language of, Section 1962(c) of the federal RICO act. *See Baines v.*

---

[1] The *McClure* and *Kirkland* lawsuits were brought by private plaintiffs. *Rhue* was an action brought on behalf of an injured person pursuant to Section 13-2314(A), which parallels Section 13-2314.14(A).

4

*Superior Court*, 688 P.2d 1037, 1040; A.R.S. §13-2312(B); 18 U.S.C. §1962(c). In fact, the "Arizona version of RICO has a *broader* application than its federal counterpart." *Garvin v. Greenback*, 856 F.2d 1392, 1396 (9th Cir. 1988) (emphasis added). Verizon Wireless' parallel claim under A.R.S. §13-2312(B) is therefore proper.

Defendants throw out arguments already raised – and rejected – on their motion to dismiss.[2] The only arguably "new" arguments are (1) that the *Walker* class action settlement negates injury; (2) factual disputes related to the pattern of racketeering activity, and (3) that Verizon Wireless has not pled a sufficient enterprise. With respect to (1) the *Walker* class action, Verizon Wireless incorporates its discussion *infra* Part (g).[3] As to (2) pattern of racketeering activity, Defendants' contend that at best they only defrauded their customers and not Verizon Wireless; that they did not make any representations to Verizon Wireless because they only dealt with the aggregators (their go-betweens with Verizon Wireless); and that their cloaking software was not used to gain access to Verizon Wireless' network because they already had access. These assertions turn on disputed issues of material fact not appropriately considered at this juncture and in any event are not supported by the record. *See* cases cited *supra* at 3.

The only remaining argument is Defendants' assertion that Verizon Wireless has not pled an adequate "enterprise." To be sure, an "enterprise" requires a structured association beyond just a company and its principal. The Cylon enterprise, however, extended far beyond that. The FAC sets forth in detail how, in furtherance of their scheme, Defendants used an intricate web of separate, independent limited liability companies ("silos"), with the individual Defendants acting as a figureheads for the

---

[2] For example, Defendants argue that Verizon Wireless Verizon Wireless has not pled its RICO counts with sufficient particularity, and has not demonstrated proximate causation and harm. (Doc. 191 at 5-7, 9-11). Defendants made virtually identical arguments in in connection with their motion to dismiss Verizon Wireless' parallel federal RICO counts. (Doc. 126 at 2-4).

[3] To the extent that Defendants argue that the relief customers received in the *Walker* class action settlement negates "harm" under RICO, this Court already held that "whether [Verizon Wireless' RICO] claim is wholly dependent on injury to Verizon's customers and not Verizon, as Defendants claim, and whether it has sufficient evidentiary support to warrant submission to a jury, *will be decided after discovery*." (Doc. 164 at 3:18-21) (emphasis added).

different silos. (Compl. ¶¶ 149-156). The Ninth Circuit has held that even under the more narrow Federal RICO statute, this precise business structure constitutes an "enterprise." *See United States v. Meyer Blinder*, 10 F.3d 1468, 1471 & n.2, 1473 (9th Cir. 1993) ("the term 'enterprise' should be construed broadly to include an association of legal entities," including, in that case, various "blind pool" corporations that were created and secretly controlled by two principals").[4] Moreover, this Court already held that Verizon Wireless sufficiently alleged the "who" in connection with its parallel federal RICO conspiracy claims. (Doc. 164 at 4:9-17).

### e. The Common Law Fraud Count is Not Futile.

Defendants admit to lying to regain access to the Verizon Wireless network after they were suspended in 2009, but argue that the lie was "immaterial" and not intended to be conveyed to Verizon Wireless. They further assert that they did not assure Verizon Wireless that they "would follow the MMA Guidelines without any variance" (Doc. 191 at 12), and that even if made any such assurances are non-actionable promises to perform in the future. Verizon Wireless has alleged that Defendants' lies were material and had their intended effect of causing Verizon Wireless to rely on them in re-granting Defendants access to its network (FAC ¶¶ 166-169). Therefore, it cannot be said that there is "no set of facts" that would constitute a sufficient claim, and Defendants' fact-based argument fails to defeat the Motion. *Miller*, 845 F.2d at 214.

The FAC adequately alleges Defendants' fraud with respect to existing or past facts. Defendants falsely blamed a rogue employee for the MMA violations leading to Cylon's 2009 suspension, stated that management had not approved the offending Web site, and assured Verizon Wireless that they had *already* implemented security features to prevent future violations. (FAC at ¶¶60-61, 166). After regaining network access

---

[4] Defendants rely on *Warfield v. Gardner*, 346 F. Supp. 2d 1033 (D. Ariz 2004), which acknowledged that "a corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status" and held that the fact defendant was president of his company did not preclude him from forming an enterprise with it. *Warfield*, 346 F. Supp. 2d at 1051 (quoting *Cedric Kushner Promotions, LTD v. King*, 522 U.S. 158, 163 (2001)).

through these lies, Defendants then used silos to hide their affiliation with programs submitted to Verizon Wireless, presented landing pages for Verizon Wireless approval that they never intented to use in the marketplace, and deployed cloaking software to prevent Verizon Wireless' detection of unapproved, non-compliant landing pages to attract customers.[5] These are representations and concealments of past and present facts, not promises of future conduct.

Even if the fraud was limited, as Defendants now say, to promises of future performance, the FAC alleges that Defendants had no present intent to so perform when they submitted their MMA-compliant "carrier-facing" landing pages for Verizon Wireless approval. (FAC at ¶¶ 66, 76). Unfulfilled promises or statements as to future events constitute fraud in Arizona when they are "made with the present intention not to perform." *Staheli v. Kauffman*, 595 P.2d 172, 175 (Ariz. 1979); *accord, Frazier v. Sw. Sav. and Loan Ass'n*, 653 P.2d 362, 365 (Ariz. Ct. App. 1982). Any such "promises" by Defendants were part of their elaborate scheme to defraud Verizon Wireless.[6]

### f. This Court Already Approved the Tortious Interference Count.

In attempt to take yet another bite at the apple, Defendants again advance their previously rejected argument that Verizon Wireless cannot state a claim for tortious interference. (*See* Doc. 64, 77, 167). In the interest of judicial economy, Verizon Wireless reincorporates its response (Doc. 183) to Defendants' motion to vacate the preliminary injunction order.

The Court also should decline to consider Defendants' argument at Footnote 9 regarding their lack of intent to interfere with Verizon Wireless' contracts with customers

---

[5] The cloaking software diverted Verizon Wireless' auditors away from Defendants' non-compliant landing pages. (FAC at ¶¶ 167-168). The Supreme Court of Arizona has held that this exact conduct constitutes fraud. *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36 (Ariz. 2002) ("sending one who is in search of information in a direction where it cannot be obtained" is a misrepresentation, no less than a verbal assurance that the fact is not true); *see also Daly v. Royal Ins. Co.*, 2002 U.S. Dist. LEXIS 16183, *19 (D. Ariz. July 16, 2002).

[6] Finally, Defendants argue in passing that Verizon Wireless cannot satisfy the injury element of common law fraud. This argument fails for the reasons articulated by this Court in its Order on Defendants' motion to dismiss. (Doc.164 at 3:13-23).

who were also their customers. First, intent is a triable issue of fact not appropriately resolved on a motion for leave to amend. *See Brands v. Lakeside Fire Dist.*, 2010 U.S. Dist. Lexis 50856 at *14, 2010 WL 2079712 at *4 (D.Ariz. May 24, 2010) (citing *Snow v. Western Sav. & Loan Ass'n*, 730 P.2d 204, 211 (1987)). Second, the argument flies in the face of already overwhelming evidence that Defendants disregarded their obligations to disclose pricing to customers in compliance with the MMA Guidelines and the law. By way of example, Defendant Hope testified as follows:

> I'll put it this way: If -- let's say I'm running a law firm, and a client calls up my secretary, comes in to meet with me. . . . So the secretary doesn't greet him at the door with, you know, the, you know, hey, the retainer is going to be approx- -- probably 30- to 70,000. . . . I mean, it's important to disclose the price, but it's not necessarily the selling feature, you know what I mean? I mean, you walk into a car dealership and you -- you like the way, you know, the car looks, you know, you like the way it feels when you sit in it, and, you know, obviously, it costs money and you -- and you kind of like it, and then you figure out what the price is, and is it worth it to you or not. So I don't -- it's not like we're -- I mean, you're not going to, you know, we're not advertising our services based on price. It's not like, you know, we're in a market where there's 20 other people, and they all charge 20 bucks a month, and so our specialty is that we charge only 9.99. You know, we have -- we have to kind of put our selling features out there first.

(Hope Depo. Tr. at 176:4-177:5).[7] The FAC and the evidence already established in these proceedings demonstrate that JAWA had every intention of deceiving both its own customers and Verizon Wireless. As already decided by this Court, Verizon Wireless' tortious interference claims are not futile.

### g.  The *Walker* Class Action Has No Bearing on this Case.

Defendants also attempt to argue, for the fourth time, that the settlement agreement in an Illinois class action somehow bars this case. Again, in the interest of efficiency, Verizon Wireless re-incorporates the argument set forth in its Opposition to Defendants' Motion to Dismiss Under the Doctrine of *Res Judicata* and Rule 12 (B) (1). (Doc. 184) ("Opposition"). Verizon Wireless simply did not release anyone for the

---

[7] Portions of the DeStefano and Hope deposition transcripts were entered into the record during the Preliminary Injunction hearing. *See* Hearing Tr. 106:4-110:1 (DeStefano excerpts); Tr. 129:14-131:12 (Hope excerpts)); *see also* Doc 97.

conduct in this case.[8]  The Ninth Circuit's decision in *Sandpiper Village Condo. Ass'n v. Louisiana-Pacific Corp.*, 428 F.3d 831, 849 & n.24 (9th Cir. 2005), as explained in detail in Verizon Wireless' Opposition, defeats Defendants' argument.

### h. The Arizona Consumer Fraud Act Count is Not Futile.

Verizon Wireless' claim under the Arizona Consumer Fraud Act (ACFA) is not futile.  Whether Verizon Wireless has standing under AFCA is an issue of first impression in Arizona.  *See* (Doc. 164 at 5-6) (Hearing Tr. at 364:4-6, 12-15).  The issue is now before the Ninth Circuit on appeal in this matter.  *Cellco P'ship d/b/a Verizon Wireless v. Hope*, No. 11-16445 (9th Cir. 2011) (Appeal Doc. 20 at 50-53).  To the extent that the court takes a different approach on this claim after hearing all the evidence at trial, or the Ninth Circuit takes a different view of the statute on the present appeal, Verizon Wireless should have the opportunity to preserve this claim.

In reaching its decision to dismiss Verizon Wireless' ACFA claim the first time, this Court held that to have standing an ACFA claimant must be a buyer of merchandise, relying in large part on *Sutter Home Winery v. Vintage Selections, Ltd.*, 971 F.2d 401 (9th Cir. 1992).  (Doc. 164 at 7).  Verizon Wireless respectfully maintains that *Sutter* did not hold that a plaintiff must always be a buyer of merchandise; it merely listed buyers as one of two examples of persons with standing (the other being a target of advertising).  *Id.* at 407.

Here, Defendants submitted for Verizon Wireless' approval "carrier-facing" landing pages that Defendants represented they would use in attracting Verizon Wireless' customers' business.  Defendants then used non-compliant advertisements in the marketplace and prevented Verizon Wireless' auditors from discovering these non-compliant advertisements.  Defendants also concealed their identities when accessing the Verizon Wireless network for the purpose of selling their services.  These fraudulent acts

---

[8] Defendants have asserted that Verizon Wireless somehow was a party to *Walker* by virtue of the fact that it was named as a defendant in two separate and independent actions – *Paluzzi* and *Shaw*.  Defendants, however, fail to articulate how the mere fact that *Shaw* and *Paluzzi* are referenced in the *Walker* settlement agreement makes Verizon Wireless a party to the settlement, much less one which *released* any claims.

were all done "in connection with" Defendants' sale of services on the Verizon Wireless network to Verizon Wireless customers. Verizon Wireless respectfully submits that it has sufficient standing under A.R.S. §44-1522(A).

### III.  CONCLUSION

This will be Verizon Wireless' first amendment. It seeks to add well-pled claims arising from an identical nucleus of facts as its original complaint, and will result in no prejudice to Defendants. Defendants have failed to make the strong showing necessary to overcome the presumption in favor of granting leave to amend.

For all of the foregoing reasons, Verizon Wireless respectfully requests that this Court grant its motion for leave to amend, and grant such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 18th day of October, 2011.

>GALLAGHER & KENNEDY, P.A.
>
>By */s/Marcos Daniel Jiménez*
>    Paul K. Charlton
>    Lindsi M. Weber
>    2575 East Camelback Road
>    Phoenix, Arizona 85016-9225
>
>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
>
>    Marcos Daniel Jiménez
>    Scott B. Cosgrove
>    Audrey M. Pumariega
>    1441 Brickell Avenue, Suite 1420
>    Miami, Florida 33131
>    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of October, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

                                              */s/ Audrey M. Pumariega*