**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants*
*Jason Hope and Wayne P. DeStefano, et al.*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Cellco Partnership d/b/a/ Verizon Wireless,**<br><br>Plaintiff,<br>v.<br><br>**Jason R. Hope, et al.,**<br><br>Defendants.<br><br>And Related Counterclaims. | Case No. CV 11-00432-DGC<br><br>**Defendants' Motion for Sanctions Against Verizon's Counsel and the Revocation of Pro Hac Vice Admission of Florida Counsel to the Arizona District Court**<br><br><br>**Assigned to the Honorable<br>David G. Campbell** |

Defendants ("JAWA") by and through undersigned counsel, hereby respectfully move this Court to sanction Verizon's counsel[1] and revoke the Pro Hac Vice Admission of Florida Counsel to the Arizona District Court. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. FACTS

Throughout this litigation Verizon and its foreign counsel have engaged in scorched earth tactics that have resulted in the decimation of settlement negotiations and unnecessary Court involvement.  It now seems that Verizon intends to apply these same tactics to the discovery process.  Verizon noticed the depositions of five (5) current or former JAWA employees and unilaterally set them for dates at the end of October.  Defense counsel informed Verizon, in writing, that they would not agree to cold-noticed depositions but would contact the deponents and obtain mutually agreeable dates on which these depositions could be set.  Despite this clear and straightforward offer, Verizon persisted in its assertion that the depositions must begin before the end of October.

On Friday, October 14, 2011 local counsel Lindsi Weber contacted defense counsel to identify a time that all counsel could meet with the Court telephonically regarding "outstanding discovery matters."  Affidavit of K. Martoncik, attached hereto as Exhibit 1 and incorporated herein by this reference.  Defense counsel, Kathleen Martoncik, called Ms. Weber to find out exactly what matters she believed needed to be raised with the Court. *Id*.  Ms. Weber informed

---

[1] This Motion is addressed only toward Verizon's counsel from Florida and does not request sanctions against local counsel.  JAWA has no evidence that local counsel was consulted prior to Florida counsel taking the actions described herein.  Florida counsel's failure to consult with local counsel, who would have known the applicable Arizona standards and would or should have dissuaded Florida counsel from its actions, is one more reason why Florida counsel's pro hac vice admission to this Court should be revoked.

2

Ms. Martoncik that the request was coming from the Florida attorneys and Ms. Weber did not know the precise nature of their intentions. *Id*. Ms. Martoncik listed several discovery items that she believed were open and pending, including the provision of certain drives to third parties for data recovery[2] and the setting of depositions for the five above-mentioned individuals. *Id*. Ms. Martoncik also informed Ms. Weber that she did not believe an impasse had been reached on any of these matters and described the steps being taken to ensure resolution. *Id*. Ms. Martoncik indicated that she did not believe that all counsel could, in good faith, certify that after personal consultation and sincere efforts to do so counsel could not resolve the matter. *Id*. (citing LRCiv. 7.2(j)). Ms. Martoncik asked Ms. Weber to obtain a list of items that Florida counsel wanted to discuss with the Court so that counsel could consult and make a good faith effort to resolve the matters. Exhibit 1. Ms. Weber agreed to attempt to do so. *Id*. As of this date, no such list has been provided. *Id*.

On Monday, October 17, 2011 Verizon again requested a conference with the Court, this time directly through Florida counsel. 10-17-11 E-mail from M. Jimenez, attached hereto as Exhibit 2 and incorporated herein by this reference. Mr. Jimenez demanded that the telephone conference with the Court occur the very next day. *Id*. Defense counsel, Dennis Wilenchik, informed Mr. Jimenez that he was unavailable the next day, but could schedule the call on Wednesday, October 19, 2011 if it was really necessary. 10-17-11 E-mail from D. Wilenchik, attached hereto as Exhibit 3 and incorporated herein by this reference. When Mr. Jimenez agreed to schedule the call for Wednesday, Mr. Wilenchik again sought to determine the exact nature of the alleged discovery dispute. 10-17-11 E-mail from D. Wilenchik, attached hereto as Exhibit 4 and incorporated herein by this reference. Rather than complying with Mr. Wilenchik's reasonable request, Mr. Jimenez simply states that the e-mails were "clear on the

---

[2] This matter has since been resolved by counsel and is no longer an issue.

points" to be discussed with the Court. 10-17-11 E-mail from M. Jimenez, attached hereto as Exhibit 5 and incorporated herein by this reference. Mr. Wilenchik expressed his disagreement and asked Mr. Jimenez to call him on Wednesday to resolve whatever concern he might have before involving the Court. 10-17-11 E-mail from D. Wilenchik, attached hereto as Exhibit 6 and incorporated herein by this reference. No response was received.

On Tuesday, October 18, 2011 Audrey Pumariega, another Verizon attorney from Florida, sent an e-mail to Ms. Martoncik expressing her opinion regarding JAWA's request to amend the scheduling order to add additional discovery. 10-18-11 E-mail from A. Pumariega, attached hereto as Exhibit 7 and incorporated herein by this reference. It is unknown whether this communication was an attempt to express another alleged discovery dispute that Verizon wanted to raise with the Court. However, to the extent that it was so intended, it is inappropriate. JAWA's motion to amend the scheduling order is not a discovery dispute that requires consultation among counsel. It is a request for an amendment of an order, which only the Court can grant. JAWA's counsel's previous conversations with Verizon's counsel about this matter were solely an attempt to determine whether the motion could be filed as a stipulation. Exhibit 1.

**2. ANALYSIS**

Verizon's Florida counsel breached the duties demanded of all Arizona attorneys and all attorneys practicing in the Arizona District Court, whether licensed in Arizona or not, when it unilaterally noticed depositions without any attempt to schedule them with JAWA's counsel or the deponents. Arizona's Attorney Creed of Professionalism states, "B. With respect to opposing parties and their counsel: . . . 4. I will endeavor to consult with opposing counsel before scheduling depositions and meetings and before rescheduling hearings, and I will cooperate with opposing counsel when scheduling changes are requested. . ." Moreover, the

Arizona District Court's Standards for Professionalism states, "Lawyers' Duties to Other Counsel . . . 14. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts." These are professional standards to which all attorneys practicing in Arizona must adhere. In fact, the District Court's Standards are provided to foreign counsel in the pro hac vice application packet. Florida counsel has undisputedly violated these standards. Nonetheless, JAWA took a reasoned approach to resolving the issue, simply informing Verizon that it would not agree to unilaterally set depositions and indicating that it would work on finding mutually convenient dates for all parties on which the depositions could be set. Verizon, however, has refused to proceed with this reasonable course of action and, instead, has persisted in its stubborn disregard for Arizona's rules of professionalism and has demanded to involve the Court unnecessarily.

Verizon has expressed its intent to raise this "discovery dispute" with the Court despite the fact that counsel cannot certify that they are unable to satisfactorily resolve the matter, pursuant to Local Rule 7.2 (j), and despite the fact that they have refused to engage in the personal consultation mandated by Local rule 7.2 (j). *See* Exhibits 5-6. This demonstrates not only a refusal to abide by the Arizona District Court's Standards for Professionalism, but the Local Rules of Civil Procedure as well. In reality there is no legitimate dispute. It is just a matter of setting the depositions at times that will work for everyone involved rather allowing Verizon to hold counsel, parties, and witnesses hostage to its whims by setting the depositions without any consultation at all.

Moreover, if Verizon intends to cast JAWA's motion to amend the scheduling order as another discovery dispute, it is a mistake. JAWA's request to expand the discovery limitations imposed by ¶ 3 of the Court's Case Management Order is not a "discovery motion" and therefore does not require a telephonic conference with the Court or prior consultation with

opposing counsel.[3] Unlike a discovery dispute, JAWA's request to amend the scheduling order is not a matter that could be resolved solely amongst the Parties and requires an order of the Court prior to the Parties "resolving" the matter.  Accordingly, the motion to amend is not a discovery dispute, such that a telephonic conference with the Court is appropriate. There is no discovery dispute between the parties as described in ¶ 6 of the Case Management Order, nor does JAWA's Motion ask for an imposition of sanctions under Rule 37.  Particularly, ¶ 3 of the Case Management Order is separate from ¶ 6 and does not provide a unique procedure for requesting additional discovery. Thus, JAWA was free to make a motion for the amendment of the scheduling order, pursuant to the Rules of Civil Procedure. In fact, the Federal Rules state that "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36." Rule 26(b)(2)(A) FED.R.CIV.P. For example, concerning interrogatories, "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." FED.R.CIV.P. 33(a)(1).  It is logically implicit that to obtain "[l]eave to serve additional interrogatories" or an order altering the limits on discovery set by the Rules, a party must file a motion seeking such leave or an order; which is precisely what JAWA did.  Any attempt by Verizon to characterize the motion to amend the scheduling order is disingenuous.  Any attempt to raise this issue during a telephonic conference with the Court is improper – Verizon can make any argument it chooses during oral argument on the motion, should the Court grant such an argument.

Unfamiliarity with the rules is sufficient basis to revoke an attorney's pro hac vice admission. *Filppula-McArthur ex rel. Angus v. Halloin*, 241 Wis.2d 110, 132-133 at ¶ 42, 622

---

[3] As stated above, counsel for JAWA did consult with Verizon's counsel prior to filing the motion to amend the scheduling order. However the purpose of this consultation was merely for the purposes of determining whether the motion could be filed as a stipulation.

N.W.2d 436, 447     (2001)) ("In addition to Ball's unwillingness to abide by the rules of professional conduct, the circuit court's decision in Filppula-McArthur relied on Ball's 'incompetency to represent a client in a Wisconsin court.' SCR 10.03(4). The circuit court noted Ball's 'unfamiliarity' with Wisconsin's procedural rules. The record bears out Judge McKay's determination. If Attorney Ball's transgressions were not the result of willful disregard of the procedural rules, most of those mishaps could only be explained by an unfamiliarity with the procedural rules. For example, his conduct evinced a lack of familiarity with Wis. Stat. § 802.10, which describes the circuit court's prerogative in setting deadlines through its scheduling order. Because competency entails 'the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation,' SCR 20:1.1, we are satisfied that unfamiliarity with the rules of procedure amounts to incompetence, and this is a reasonable basis for pro hac vice revocation.")   Moreover, even if the Court finds that counsel did not willingly violate the Local Rules of Civil Procedure, counsel's behavior is still not excused because they undisputedly violated Arizona's Attorney Creed of Professionalism and the Arizona District Court's Standards for Professionalism.  *See Shoney's, Inc. v. Lewis*, 875 S.W.2d 514 (1994) (relying on the Canons of Professional Ethics and Kentucky Bar Association Ethics Opinion E-65).

Here, Verizon's counsel were not left to fumble through the rules on their own.  They were actually provided with a copy of the Arizona District Court's Standards for Professionalism as a part of the packet they filled out in order to obtain pro hac vice admission.  Nonetheless, they have flouted the Standards of Professionalism and the Local Rules of Civil Procedure.  Even worse, they have refused to remedy the matter when given the opportunity and continue to persist in their blatant disregard for Arizona's high standards of professionalism.[4]

---

[4] While Florida apparently does not hold its attorneys to the exact standard that Arizona deems appropriate, even Florida requires its attorneys to pledge an oath of fairness to opposing parties

Given this persistence, Florida counsel has demonstrated that their conduct is unlikely to be remedied and is likely to infect the remainder of these proceedings, which is more than sufficient reason to revoke their pro hac vice admission. *Filppula-McArthur ex rel. Angus*, 241 Wis.2d at 135-136, 622 N.W.2d at 447 (holding that revocation of pro hac vice admission is not limited to conduct that is 'egregious' and 'likely to infect future proceedings.')

### 3. CONCLUSION

Verizon's Florida counsel have disregarded Arizona's rule of professional conduct and the violated the District Court's standards for attorneys. Despite ample opportunity to remedy this behavior, Florida counsel has stubbornly refused to do so and has refused to engage in the most basic of professionalisms by having a simple conversation to resolve the alleged issues. Accordingly, Florida counsel has demonstrated that their behavior is likely to continue and infect the remainder of these proceedings. JAWA respectfully moves the Court to sanction Verizon's counsel, including but not limited to the revocation of their pro hac vice admission to the District Court of Arizona.

**RESPECTFULLY SUBMITTED** this 19th day of October, 2011

| **WILENCHIK & BARTNESS, P.C.** | **GRANT WOODS LAW P.C.** |
|---|---|
| Dennis I. Wilenchik | Grant Woods |
| Dennis I. Wilenchik, Esq. | Grant Woods, Esq. |
| The Wilenchik & Bartness Building | Two Renaissance Square |
| 2810 North Third Street | 40 N. Central Ave, Suite 2250 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| admin@wb-law.com | gw@grantwoodspc.net |
| *Attorneys for Defendants* | *Co-counsel for Defendants* |

---

and their counsel. Oath of Admissions to the Florida Bar ("To opposing parties and their counsel, I pledge fairness, integrity, and civility, not only in court, but also in all written and oral communications;"). This obligation alone should have prompted Florida counsel to work cooperatively in setting depositions rather than persisting in needlessly involving the Court in a sham discovery dispute.

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of October, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Jill Hayhurst