Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:  (602) 530-8000
Facsimile:   (602) 530-8500
Email:   paul.charlton@gknet.com
         lindsi.weber@gknet.com

Marcos Jiménez (admitted pro hac vice)
Scott Cosgrove (admitted pro hac vice)
Ann M. St. Peter-Griffith (admitted pro hac vice)
Audrey Pumariega (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:  (786) 587-1077
Facsimile:   (305) 675-7970
Email:   MJimenez@kasowitz.com
         SCosgrove@kasowitz.com
         AStpetergriffith@kasowitz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Cellco Partnership d/b/a Verizon Wireless, <br><br> Plaintiff, <br><br> v. <br><br> Jason Hope; et al., <br><br> Defendants. | Case No. 2:11-cv-00432-DGC <br><br> **Plaintiff's Opposition to Defendants' Motion for an Accounting and for Plaintiff to Release Funds** <br><br> (Assigned to the Hon. David G. Campbell) |

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") hereby opposes Defendants' Motion for an Accounting and for Plaintiff to Release Funds, [Doc. 211; the "Motion"]. Defendants' ("JAWA") Motion is an attempt to obtain final relief based upon unsubstantiated allegations and inflammatory rhetoric. It has no basis in law, and should be denied.

### I.   BACKGROUND.

JAWA's Motion relies solely on allegations unsupported by any admissible evidence and settlement communications between the parties. The Motion starts with a

1

"FACTS" section, which JAWA presents as undisputed or agreed-upon by the parties. In truth, JAWA's "FACTS" section is a series of <u>unverified</u> allegations. Verizon Wireless does not agree with JAWA's view of the facts, including JAWA's repeated claim that Verizon Wireless has agreed or conceded that it is wrongfully withholding funds "owed to the Aggregators and ultimately to JAWA." *See* Motion, p. 3.

JAWA takes portions of settlement communications out of context to give the misleading impression that Verizon Wireless has made such a concession. The characterization of these settlement communications is not only inaccurate but also violates the confidentiality afforded to settlement discussions.[1] *See, e.g.,* Fed. R. Evid. 408. Rather than engage in a seriatim response to the purported "facts" as described by JAWA, Verizon Wireless simply notes there is no record evidence to support JAWA's version of the facts and disagrees with JAWA's characterization of events.

Beyond the inaccurate recitation of the facts, JAWA's Motion must be denied because it is not authorized by any rule or case law. Before the rendition of a final judgment in its favor, JAWA requests that the Court enter an order that requires Verizon Wireless to (i) provide an accounting to determine the monies being purportedly withheld by Verizon Wireless, and (ii) "release" these monies to the Aggregators. In short, JAWA wants prejudgment relief based on an assumption that it will prevail at trial – something this Court has already deemed unlikely. *See* Order and Preliminary Injunction, pp. 16-23 [Doc. 133]. The Federal Rules of Civil Procedure dictate when prejudgment relief is authorized, and JAWA's Motion falls far short of establishing a right to any prejudgment relief under the law. For the reasons discussed in greater detail below, the Motion should be denied.

---

[1] JAWA cannot claim ignorance of the settlement conference's confidential nature – Magistrate Judge Anderson expressly told the parties that the settlement discussions were confidential at the outset of the settlement conference.

## II. THERE IS NO BASIS TO SUPPORT A PRELIMINARY "ACCOUNTING" OR AN ORDER DIRECTING VERIZON WIRELESS TO REMIT FUNDS TO THE AGGREGATORS.

The Federal Rules of Civil Procedure prescribe the preliminary remedies available to a litigant prior to a final adjudication on the merits. *See id.,* Rules 64-71. JAWA does not explain which rule would authorize its requested relief, and it is clear that none do. The only conceivable basis for JAWA's request for prejudgment relief is Rule 65 ("Injunctions and Restraining Orders"), but an injunction cannot be issued on the unverified allegations contained in a motion. The Motion should be denied.

First, JAWA requests that the Court order Verizon Wireless to provide an "accounting" before final judgment [*see* Motion at pp. 4-5]. An accounting, however, is not properly the subject of a request for a preliminary injunction. *See, e.g., Wolf v. Martin,* 2010 U.S. Dist. LEXIS 112982, *6 (D. Ariz. Oct. 10, 2010) (Campbell, J.).

In *Wolf,* the plaintiff requested a preliminary injunction directing the defendant to provide an accounting "so that when it's determined that Don Wolf is entitled to half the profit or 25 percent of the profit or whatever from the sale of the products he devised, we will have means of establishing that." *Id.* at *6. This Court held that a prejudgment accounting is not an appropriate remedy: "<u>This is not a proper request for equitable relief</u>. The Federal Rules of Civil Procedure provide ample tools for Plaintiff to conduct discovery and present evidence of profits to which he is entitled. Plaintiff has made no showing that he will suffer irreparable harm in the absence of such an ongoing accounting." *Id.* (emphasis supplied). Similarly, there is no basis to order an accounting here.

JAWA next requests that the Court order Verizon Wireless to make a prejudgment payment to the Aggregators so that the Aggregators will pay JAWA. *See* Motion, p. 5-6 (requesting that the Court direct Verizon Wireless to "release the money being withheld to the Aggregators so that it may be properly disseminated according to the contracts that are in place."). Thus, JAWA is asking this Court to issue a <u>mandatory</u> preliminary

injunction because it will change the status quo in the form of an order that requires Verizon Wireless to pay money to a third party. *See Tinsley v. Schriro*, No. CV 07-1676-NVW-CRP, 2008 U.S. Dist. LEXIS 113259, at **9-10 (D. Ariz. June 26, 2008) (courts issue mandatory injunctions only when "the facts and law clearly favor the moving party.") *See also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunctions "are not granted unless extreme or very serious damage will result[,] and are not issued in doubtful cases"). JAWA's Motion is built on unverified allegations and falls far short of this exacting standard. Indeed, the record evidence shows that JAWA is unlikely to prevail on its claims. *See* Order and Preliminary Injunction, pp. 16-23 [Doc. 133].

JAWA's current attempt to obtain preliminary injunctive relief is even more tenuous than its last attempt because JAWA is asking the Court to order Verizon Wireless to pay funds not to JAWA, but to the Aggregators, non-parties to this action. If the Aggregators believe Verizon Wireless is improperly withholding money from them, then the Aggregators should be the entities to bring a claim (not JAWA).[2]

The only case cited in JAWA's Motion is *Dairy Queen, Inc. v. Wood,* 369 U.S. 469 (1962). *Dairy Queen* does not authorize any of the prejudgment relief requested by JAWA. It simply notes that "[t]he necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is … the absence of an adequate remedy at law." *See id.* at 478. JAWA's Motion falls short even on this point, as it makes no attempt to explain how it lacks an adequate remedy at law. Indeed, just

---

[2] Conceivably, JAWA's request for an order directing Verizon Wireless to pay money to the Aggregators could be viewed as a FRCP 64 request for a prejudgment writ of attachment. But JAWA here is not seeking some type of levy or attachment; rather, it is seeking actual release of money to them without constraints. In any event, Arizona statutory law permits attachment only <u>after</u> a counter-plaintiff "satisfies the provisions of chapter 14," the chapter governing provisional remedies. *See, e.g.,* Ariz. Rev. Stat. § 12-1521 *et seq.* Much like the standard for an injunction under federal law, chapter 14 requires a hearing on the "probable validity of the applicant's claim or claims" and the adverse party's defenses. Ariz. Rev. Stat. § 12-2410.

the opposite is true as JAWA's Motion plainly shows it is seeking the payment of money – the quintessential remedy at law.

### III.  CONCLUSION.

For the reasons articulated more fully above, Verizon Wireless respectfully requests that the Court deny JAWA's motion for an accounting and for release of funds.

RESPECTFULLY SUBMITTED this 14th day of November, 2011.

          GALLAGHER & KENNEDY, P.A.

          By */s/Marcos D. Jiménez*
              Paul K. Charlton
              Lindsi M. Weber
              2575 East Camelback Road
              Phoenix, Arizona 85016-9225

          KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

              Marcos Jiménez
              Scott Cosgrove
              Ann M. St. Peter-Griffith
              Audrey Pumariega
              1441 Brickell Avenue, Suite 1420
              Miami, Florida 33131

          *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

                    /s/ *Audrey M. Pumariega*