**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorneys for Defendants*
*Jason Hope and Wayne P. DeStefano, et al.*

J. Grant Woods, Esq. #006106
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net
*Co-Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Cellco Partnership d/b/a/ Verizon Wireless,**  Plaintiff,  v.  **Jason R. Hope, et al.,**  **Defendants.**  **And Related Counterclaims.** | Case No. CV 11-00432-DGC  **Reply in Support of Defendants' Motion for an Accounting and for Plaintiff to Release Funds**  **(Oral Argument Requested)**  **Assigned to the Honorable David G. Campbell** |

Defendants Jason R. Hope, Wayne P. DeStefano and Eye Level Holdings, LLC, Christa Stephens, Quinn McCullough, Steve Uhrman, Janet O'Meara, Cylon, LLC a/k/a JAWA; New Economic Order, LLC; Saguaro Media, LLC;  New Ein, LLC; Ink Sign Holding, LLC; Message Plan, LLC; Fyisms.Com, LLC; Mytstsms.Com, LLC; Standard Plan, LLC; Standard Message,

1 LLC; SMS City, LLC; Hot-Hot-News.com, LLC; City-O-Games.com, LLC; Wordtxts.com, LLC; Topictext.com, LLC; Text Charge, LLC; All-Game-Cheats.org, LLC; and News Alerts, LLC (collectively "JAWA"), by and through undersigned counsel, hereby reply in support of their motion for the Court to Order Plaintiff to provide an accounting of the funds that it has withheld from the Aggregators and, ultimately, from JAWA and for the Court to order the release of such funds.  This Reply is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

Verizon's Response serves as a glaring example of the reason that the Court's intervention is necessary in order to prevent Verizon from engaging in self-help prior to judgment and blatant disregard for Civil Procedure and the discovery rules.  Verizon claims to dispute JAWA's "unverified" facts but does not provide any controverting evidence of its own. Indeed, it is telling that Verizon does not dispute once that it is withholding substantial money that is ultimately due to JAWA. Despite Verizon's assertion otherwise, JAWA's facts **were** verified by the signature of counsel, in accordance with Rule 11 of the Federal Rules of Civil Procedure, because multiple representations were made to Defense counsel by Plaintiff's counsel about the amount of money being withheld by Verizon.  Because counsel has direct knowledge of these communications, further verification was unnecessary.

Moreover, Verizon cannot hide behind the guise of settlement negotiations in order to validate its self-help.  In reality, JAWA maintains its own records of money due to the Aggregators and ultimately due to JAWA and it was JAWA that raised the issue of money being improperly held. The responses from Plaintiff's counsel were made due to JAWA's persistence, not solely due to settlement negotiations.  The fact of the matter is that counsel has the

obligation, both under Arizona ethical standards and the Standards of the Practice of Law in Arizona District Court, to be honest and courteous in dealing with other counsel. Plaintiff's counsel has made multiple, conflicting representations about the amount of money being withheld by Verizon. The varying information that has thus far been received by JAWA, combined with Verizon's steadfast refusal to provide any documentation regarding money being withheld, despite multiple requests, both formal and informal, highlights the need for the Court's involvement in this matter. Counsel cannot make statements of fact to opposing counsel and then equivocate on those statements later and certainly cannot do so to the detriment of an opposing party.

Equivocation and quibbling about verifications aside, Verizon has not claimed, even now, that it is not withholding money that is owed to the Aggregators and ultimately JAWA. Withholding funds prior to judgment, without an order granting prejudgment relief, is improper and amounts to conversion. As JAWA alleged in its underlying motion, there is a procedure for Verizon to follow if it believes that it is entitled to an order allowing it to withhold this money as prejudgment relief. Verizon, however, has failed to apply for such prejudgment relief and, instead, has simply appointed itself as judge, jury and collection agency and taken the money that it wants. This is absolutely contrary to established litigation procedures and JAWA respectfully requests that the Court instruct Verizon to release any money that it has collected, and not refunded, to the Aggregators so that it can be distributed through the normal course of business. This is the only way that the status quo can be maintained pending a final outcome of this litigation.

**B. JAWA is Not Seeking Pre-Judgment Relief**

Verizon claims in its response that JAWA is seeking pre-judgment relief. However, this is the converse of what is actually occurring in this case. JAWA has not sought any

prejudgment relief – in reality it is Verizon that has helped itself to pre-judgment relief. In the normal course of business, Verizon bills its customers for JAWA services received, takes a cut of that money and releases the remaining amounts to the Aggregators. The Aggregators deduct their own fees and forward the rest of the money to JAWA. These facts are NOT disputed and were testified to during the preliminary injunction phase of this litigation. Verizon has circumvented the normal course of business and is withholding millions of dollars from the Aggregators and ultimately from JAWA. This money is not money that Verizon has claimed it is somehow going to refund to customers – that has already been done through separately withheld funds – this is just money that Verizon is keeping in its pocket without providing an accounting or cause and without obtaining a judgment entitling it to that money. Verizon has not, even in its response, claimed that it is somehow entitled to this money for JAWA's services.[1]

Verizon claims only that JAWA is somehow seeking an injunction by asking the Court to prevent Verizon from engaging in self-help. Verizon claims that JAWA could not be entitled to such relief because the Court determined previously that JAWA was not entitled to a preliminary injunction. This is absolutely irrelevant. Verizon's obligation to turn over money not earned by it and to which it is not entitled by contract does not rely on JAWA successfully proving any of its counter-claims. Verizon's withholding of this money is nothing more than Verizon helping itself to prejudgment relief before the Court has ruled on any of the underlying claims. This action on Verizon's part is out of bounds and cannot be permitted. JAWA requests

---

[1] In fact, Verizon does little more than taunt JAWA by indicating that only the Aggregators can sue to have the money released because there is no contract between JAWA and Verizon. If this is true then Verizon should not be able to sue JAWA either and the Court should determine that the Aggregators are necessary parties to this litigation. In reality, however, it can be determined through sheer common sense and without the involvement of the Aggregators that a portion of the money being withheld is rightfully the property of JAWA and Verizon cannot help itself to the money without a valid judgment.

that the Court revoke Verizon's self-initiated pre-judgment relief and order the release of the money being wrongfully withheld.

### C. JAWA is Entitled to an Accounting.

Verizon claims that JAWA is not entitled to an accounting because there are various discovery tools that can be used to obtain the information and tries to distinguish from *Dairy Queen* by alleging that there is a remedy at law. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478, 82 S. Ct. 894, 900, 8 L. Ed. 2d 44 (1962).  In so alleging, Verizon fails to recognize the distinction between the two types of relief JAWA seeks – one, an accounting, and two, release of the money. The accounting is necessary because Verizon has persisted in making multiple representations through counsel about the amount of money being withheld. In reality, Verizon has an affirmative disclosure obligation to tell JAWA the amount of money being withheld because it is relevant to the counterclaims in this case. Verizon has utterly failed in that obligation. Direct requests through discovery and even conversations with counsel, which should be candid, as discussed above, have also not been successful in convincing Verizon to uphold its discovery obligations. Accordingly, it is clear that the normal discovery routes are insufficient with this particular Plaintiff and no remedy at law is available to JAWA for the purposes of discovering the exact amount that Verizon is wrongfully withholding. Accordingly, JAWA requests that the Court order Verizon to provide an accounting of the money being withheld.

### D. CONCLUSION

For the foregoing reasons, JAWA respectfully requests that the Court require Verizon to provide an accounting of the money that it has withheld from the Aggregators, and ultimately JAWA, for services already rendered and not refunded. JAWA further requests that the Court order Verizon to release all of the accounted for money to the Aggregators so that it may be

1  disseminated according to industry standards and according to the contracts that are already in
2  place. In the alternative, JAWA requests that the Court set a hearing so that JAWA can prove
3  that Verizon is wrongfully withholding money, as would be done if JAWA were seeking a pre-
4  judgment writ of attachment.

5  **RESPECTFULLY SUBMITTED** this 23rd day of November, 2011

6  **WILENCHIK & BARTNESS, P.C.**                **GRANT WOODS LAW P.C.**

   /s/*Dennis I. Wilenchik*                       /s/*Grant Woods*
   Dennis I. Wilenchik, Esq.                      Grant Woods, Esq.
   The Wilenchik & Bartness Building              Two Renaissance Square
   2810 North Third Street                        40 N. Central Ave, Suite 2250
   Phoenix, Arizona 85004                         Phoenix, Arizona 85004
   admin@wb-law.com                               gw@grantwoodspc.net
   *Attorneys for Defendants Jason Hope and*      *Co-counsel for Defendants Jason Hope and*
   *Wayne P. DeStefano, et al.*                   *Wayne P. DeStefano, et al.*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of November, 2011, I electronically transmitted the attached document to the Clerk's office of the United States District Court, District of Arizona, using a Clerk of Court hosted electronic filing system for filing and the transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ *Jill Hayhurst*