Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
Email:         paul.charlton@gknet.com
               lindsi.weber@gknet.com

Marcos Jiménez (admitted pro hac vice)
Scott Cosgrove (admitted pro hac vice)
Audrey M. Pumariega (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:   (786) 587-1077
Facsimile:    (305) 675-7970
Email:         MJimenez@kasowitz.com
               SCosgrove@kasowitz.com
               APumariega@kasowitz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cellco Partnership d/b/a Verizon Wireless,<br><br>                    Plaintiff,<br><br>v.<br><br>Jason Hope; et al.,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:11-cv-00432-DGC<br><br>**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**<br><br>**Expedited Consideration Requested**<br><br>(Assigned to the Hon. David G. Campbell) |

Pursuant to Fed. R. Civ. P. 65 and 28 U.S.C. § 1651, Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), moves this Court for the entry of: (1) a temporary restraining order enjoining Defendants from taking any action to impair this Court's jurisdiction and prior rulings at or after the hearing currently scheduled for January 5, 2012 in Case No. 08 CH 40592 in the Circuit Court of Cook County Illinois, Chancery Division (hereinafter, "Walker"); and (2) an injunction, after notice and an opportunity to be heard, that enjoins the pending *Motion to Enforce Settlement Agreement and Final Order and Judgment* (the "Motion to Enforce" and "Memorandum

in Support", copies attached as Exhibit A) filed in the Circuit Court of Cook County Illinois, Chancery Division on December 22, 2011, which is in effect a horizontal appeal of this Court's prior decisions in this case.  Verizon Wireless seeks equitable relief from this Court in order to protect this Court's jurisdiction, preserve the integrity of its rulings in this proceeding, and protect Verizon Wireless from having to defend duplicative litigation in multiple forums with the risk of inconsistent and potentially conflicting decisions.  In support of this request, Verizon Wireless provides the following:

**I.     BACKGROUND.**

Less than three months ago, this Court – for at least the second time in this case – rejected Defendants' arguments concerning the preclusive effect of the Stipulation of Class Action Settlement (the "Walker Settlement") and Final Order and Judgment (the "Walker Judgment") entered in the Illinois class action and determined that *Walker* did not affect or otherwise preclude the relief sought by Verizon Wireless in this pending federal action. *See* Reporter's Transcript of Proceedings - Status Conference and Motions Hearing dated October 27, 2011 (hereinafter, the "Transcript", copy attached as Exhibit B) at pp. 27-43; *see also* Civil Minutes of October 27, 2011 Hearing (Doc. 219).[1]

Despite this clear, unequivocal, and final determination of this issue by the Court, Defendants have now sought to re-litigate their losing argument via the Motion to Enforce, requesting that the Illinois State Court:

> [O]rder Verizon to dismiss its claims for contribution and indemnity in the Arizona Action and release approximately $9 million belonging to Eye Level Holdings that Verizon has wrongfully withheld on the basis of a purported set-off for its contribution and indemnity claims.  Eye Level Holdings further requests that the Court order Verizon to litigate its claims that Eye Level Holdings violated the MMA Guidelines before this Court and dismiss that portion of its complaint now pending in the District Court of Arizona.

---

[1] While the Court's prior *Order and Preliminary Injunction* (Doc. 133) did not expressly address Defendants' arguments regarding the *Walker* action that were raised during the preliminary injunction proceedings, the Court made clear at the October 27 status hearing that the "issue was argued at the time of the preliminary injunction, and it was the subject of some questioning after the evidence…I will say I wasn't persuaded by it the first time around or I wouldn't have granted the preliminary injunction." Transcript at 27:3-12.

Motion to Enforce at p. 5. In the Memorandum in Support, Defendants further expand this request, claiming that "Verizon's claims in the Arizona Action against Eye Level Holdings seeking 'compensation' for losses or damages incurred as a result of the marketing, advertising, billing, sale, or transmission of Mobile Content are thus barred" and demand that the Illinois Court "enjoin Verizon from pursuing these barred claims, and order it to dismiss these claims currently pending before the District of Arizona." Memorandum in Support at pp. 14-15.

For the reasons set forth below, and further supported by the record in these proceedings, an injunction should issue to prevent Defendants' improper conduct. Further, Verizon Wireless respectfully requests that the Court issue a temporary restraining order and set an expedited briefing schedule and hearing in light of the January 5, 2012 hearing date in the Illinois State Court regarding the Motion to Enforce filed by Defendants.  Verizon Wireless has concurrently filed a motion for expedited hearing on this matter at the Court's earliest convenience, requesting that the Court consider this matter during a telephonic conference already scheduled for January 4, 2012 at 3:00 p.m.

## II.   LEGAL ANALYSIS.

Pursuant to the Motion to Enforce and Memorandum in Support, Defendants are seeking an order from the Illinois State Court compelling Verizon to dismiss its claims in the Arizona District Court action, release monies to Defendants that are the subject of this pending action, and order Verizon to litigate its claims regarding Defendants' violations of the MMA Guidelines in the Illinois State Court – all on the alleged basis that the *Walker* Settlement and Judgment deprive this Court of jurisdiction. *See* Motion to Enforce at p. 5.  This request for relief from the Illinois State Court strikes directly at the heart of this Court's prior rulings in this case; namely, that the claims asserted by Verizon Wireless, including the injunctive relief already granted by this Court, are not precluded by the *Walker* case.  Accordingly, the Defendants and the Illinois State Court should be enjoined from taking any action that threatens to impair this Court's prior rulings.

3

### A. This Court Possesses the Authority to Enjoin Defendants pursuant to the All Writs Act.

The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act, however, is subject to the limitations of the Anti-Injunction Act, 28 U.S.C. § 2283, which bars federal courts from issuing injunctions against state courts unless one of three exceptions applies: (1) where Congress expressly authorizes the injunction; (2) to protect or effectuate its judgments (the "Relitigation Exception"); or (3) where necessary in aid of its jurisdiction (the "Necessary in Aid Exception"). As set forth below, the second and third exception apply to this case, warranting injunctive relief as requested by Verizon Wireless.

#### i. Defendants are collaterally estopped from seeking a ruling from the Illinois State Court regarding the effect of the *Walker* action in this case.

Because this Court has already determined (on multiple occasions) that the *Walker* action does not preclude this pending federal action brought by Verizon Wireless, this Court may issue an injunction to Defendants and the Illinois State Court under the Relitigation Exception to the Anti-Injunction Act. The Relitigation Exception empowers a federal court to enjoin a state proceeding in order to protect or effectuate its judgments. *See California v. Randtron,* 284 F.3d 969, 975 (9th Cir. 2002) ("A relitigation injunction is proper where a federal litigant has prevailed on the merits, but is threatened with burdensome and repetitious relitigation of the same issues in subsequent actions."). The Relitigation Exception was designed to permit a federal court to prevent state court litigation of an issue that previously was presented to and decided by the federal court. The exception is founded in the well-recognized concepts of res judicata and collateral estoppel and rests on the idea that federal courts should not be forced to rely on state court application of res judicata or estoppel principles to protect federal court judgments and decrees. *See Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 147, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988).

The standard for what constitutes a "judgment" is more flexible in the context of the Relitigation Exception than in the ordinary collateral estoppel context, and it has been expressly held that "a preliminary injunction is a 'judgment' for purposes of the relitigation exception." *National Basketball Ass'n v. Minnesota Professional Basketball, Ltd. Partnership*, 56 F.3d 866, 871 (8th Cir. 1995) (citing *Henry v. First Nat'l Bank*, 595 F.2d 291 (5th Cir. 1979), *cert. denied*, 444 U.S. 1074 (1980)).  Similarly, in *Doe v. Ceci*, 517 F.2d 1203 (7th Cir. 1975), the Seventh Circuit affirmed a district court order enjoining enforcement of a state court ruling on the ground that "it is in frustration of and interferes with" an earlier preliminary injunction order of the District Court. *Id.* at 1204. The court concluded that the order of the district court enjoining the state court was necessary to protect and effectuate the earlier preliminary injunction order of the federal court and thus was not in contravention of 28 U.S.C. § 2283. *Id. See also Henry v. First Nat'l Bank,* 595 F.2d at 306 ("We conclude that in this case the December 15 preliminary injunction constitutes a judgment for purposes of this exception to the Anti-Injunction Act.")

The Ninth Circuit has held that the Relitigation Exception permits federal courts to issue injunctions against any state court claim that would be barred by *res judicata*. *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 869 (9th Cir. 1992).[2]  "Federal courts may enjoin state court proceedings in order to protect the res judicata effect of their own judgments." *Id.*; *accord, Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1427 (9th Cir. 1986).  The Ninth Circuit has articulated the following requirements for issuing an injunction to the state court pursuant to the Relitigation Exception: (1) identity of parties,

---

[2] In *Ulloa*, the Ninth Circuit upheld a district court injunction barring a Guam territorial court (treated as a state court) from disregarding a federal court's prior order.  958 F.2d at 868-69, 872.  The Ninth Circuit explained that "[s]tate courts have no power to void federal court decrees" and expressly held that a "federal court may enjoin such impermissible collateral attacks on federal judgments." *Id.* at 868.  With respect to other relief sought by the plaintiff in the Guam territorial court, the Ninth Circuit went even further, holding that the Relitigation Exception permitted injunctions against the state court not only regarding issues actually litigated in the district court (such as the issue in the instant case), but as to ***any*** admissible matter which might have been offered for the purpose of defeating the claim or demand in the district court. *Id.* at 871.

5

(2) adequate notice and representation, and (3) identity of claims or issues. *Sandpiper Vill. Condo. Ass'n v. Louisiana-Pacific Corp.*, 428 F.3d 831, 847 (9th Cir. 2005). Here, the first two prongs are indisputable and merit little discussion. First, there is identity of parties. Eye Level Holdings, the party who filed the Motion to Enforce in the Illinois state court, has been a defendant in the instant case since its inception, and its Motion to Enforce directly targets Verizon Wireless – clearly a party to the instant action. Second, the parties had adequate notice and representation. Defendants thoroughly briefed and presented oral argument on the purported preclusive effect of *Walker* in connection with both their Supplemental Brief in Opposition to Plaintiff's Motion for Preliminary Injunction ("Supplemental PI Opposition") [Doc. 92] and their Motion to Dismiss Under the Doctrine of Res Judicata and Rule 12(b)(1), Fed. R. Civ. P. ("Motion to Dismiss") [Doc. 168], and this Court has made it apparent that it had carefully analyzed and considered those arguments. Transcript at 27:1-43:1.

Third and finally, it is also indisputable that there is identity of issues. The Motion to Enforce and Memorandum in Support seek relief from the Illinois State Court on the exact same grounds that Defendants presented to this Court in connection with Supplemental PI Opposition and Motion to Dismiss – that the *Walker* settlement deprives this Court of subject matter jurisdiction and confers exclusive jurisdiction upon the Illinois State Court. Indeed, the Memorandum in Support is essentially a cut-and-paste of Defendants' briefs submitted to this Court, and even goes so far as to quote this Court's oral ruling on the *Walker* issue at its October 27, 2011 hearing, contending that this Court "misinterpreted" the *Walker* settlement in issuing that ruling. Memorandum in Support at 8. As relief, Eye Level asks the Illinois State Court to order Verizon Wireless to drop its case in this Court and litigate in the Illinois State Court. In other words, Eye Level is asking the Illinois State Court to nullify this Court's prior decrees on the preclusive effect of *Walker*, and relitigate that very same issue in the Illinois State Court. This it cannot do.

### ii. The relief sought by Defendants from the Illinois State Court threatens the jurisdiction of this Court, and injunctive relief is necessary to prevent the Illinois State Court from interfering with this Court's consideration and disposition of this case.

It is hard to imagine what could interfere more with a federal court's jurisdiction than what Defendants are asking the Illinois State Court to do – effectively override this Court's prior rulings regarding the preclusive effect of the *Walker* case. Defendants' request for relief from the Illinois State Court would drastically interfere with this Court's adjudication of this pending federal action; thus the Court also may issue an injunction under the "Necessary in Aid Exception" to the Anti-Injunction Act. The Necessary in Aid Exception applies where a federal court injunction is necessary to prevent a state court from "so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Flanagan v. Arnaiz,* 143 F.3d 540, 545 (9th Cir. 1998) (citing *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970)). An injunction also may issue where "the state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation" or "amounts to an attack on a federal action." *In re Diet Drugs*, 282 F.3d 220, 234, 238 (3d Cir. 2002). "In other words, the state action must not simply threaten to reach judgment first, it must interfere with the federal court's own path to judgment." *Id.* at 234.

Defendants have asked the Illinois State Court to order Verizon Wireless to dismiss claims, reimburse funds, and otherwise take action that would interfere with the Court's ability to adjudicate this pending action in the District of Arizona. Such relief would "seriously impair" the district court's authority to decide the case before it, so as to trigger the Necessary in Aid exception to the Anti-Injunction Act.[3] *See Donovan v. City of Dallas*, 377 U.S. 408 (1964) (noting, outside of the context of the Anti-Injunction Act,

---

[3] The relief requested from the Illinois State Court would also interfere with this Court's prior Preliminary Injunction Order, further frustrating these proceedings and seriously impairing the ability of this Court to exercise its authority over this pending federal action.

7

that "the fact [] that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum . . . state courts are completely without power to restrain federal-court proceedings in *in personam* actions like the one here"). Thus, an injunction is also appropriate pursuant the Necessary in Aid Exception to the Anti-Injunction Act.

### B. Verizon Wireless is Entitled to Injunctive Relief to Prevent Defendants' Improper Attempts to Circumvent this Court's Rulings.

While various courts and commentators have disagreed as to whether a party seeking to invoke an exception under the Anti-Injunction Act is also required to satisfy the equitable criteria for injunctive relief, consideration of the current circumstances demonstrate that injunctive relief is highly appropriate under any formulation of the traditional equitable criteria.[4] Moreover, in cases where a party seeks to re-litigate issues already decided by this Court, these equitable factors strongly support the grant of injunctive relief. *See, e.g., G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1107-08 (9th Cir. 2003).

As set forth by the Ninth Circuit, the requirements for the issuance of a permanent injunction are (1) the likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at law. *G.C. & K.B. Investments*, 326 F.3d at 1107 (citing *LaDuke v. Nelson*, 762 F.2d 1318, 1330 (9th Cir.1985)). The decision to grant or deny injunctive relief "rests within the sound discretion of the trial court and ... will not be disturbed unless there has been a clear abuse of it." *SEC v. Arthur Young & Co.*, 590 F.2d 785, 787 (9th Cir.1979) (citation and internal quotation marks omitted). Here, as in *G.C.*

---

[4] With regard to the request for a temporary restraining order to preserve the status quo pending a hearing on the injunction request, leading scholars have noted that: "The law is clear that a federal court has power to issue a temporary restraining order to preserve existing conditions while it determines whether it has jurisdiction of a matter. Although the Supreme Court has not spoken to the question, it seems entirely right to hold, as several lower courts have, that this principle applies to § 2283 and that a federal court, therefore, can stay state proceedings temporarily while it considers whether § 2283 applies to the case before it." *Wright & Miller, et al.,* 17A Fed. Prac. & Proc. Juris. § 4222 (3d ed.).

8

*& K.B. Investments,* there is a likelihood of immediate and irreparable injury to Verizon Wireless if it is "forced to relitigate the same issue a number of times, at its own expense, in various state court proceedings" and "unless [Defendants] were enjoined from seeking further relief, future injury was likely." 326 F.3d at 1107-08. Furthermore, Verizon Wireless has "no adequate remedy at law to prevent [the Defendants] from continuing to relitigate in [] state court." *Id. See also Trustees of IL WU-PMA Pension Plan v. Peters,* 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009) ("This standard is usually met, however, where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court.")

To obtain a preliminary injunction,[5] a party must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The test includes a sliding scale. If the plaintiff shows that the balance of hardships will tip sharply in his favor, he need not make as strong a showing of likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell,* 622 F.3d 1045, 1049-53 (9th Cir. 2010). The greater the relative hardship to the plaintiffs, the less probability of success must be shown. *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 502 (9th Cir. 1981). Verizon Wireless satisfies these tests, and, thus, is entitled to injunctive relief.

### i. Absent Injunctive Relief, Irreparable Injury is Imminent.

As this Court has already acknowledged in this case, Defendants' deceptive practices have caused and will continue to cause irreparable, immediate harm to Verizon Wireless unless enjoined by this Court. Accordingly, on May 11, 2011 this Court entered its *Order and Preliminary Injunction* (Doc. 133) enjoining and restraining Defendants from engaging in further misconduct with regard to Verizon Wireless. Since that time,

---

[5] "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Gonzalez v. State*, 435 F. Supp. 2d 997, 999 (D. Ariz. 2006).

9

Defendants have relentlessly pursued efforts to escape, overturn, and avoid the Preliminary Injunction Order, including untimely motions requesting that this Court reconsider its prior rulings, and an appeal to the Ninth Circuit. Apparently Defendants are not satisfied with these avenues for relief, and have now attempted to circumvent this Court's jurisdiction by seeking relief from the Illinois State Court.

In the absence of injunctive relief from this Court, Verizon will be forced to re-litigate issues that have already been determined by this Court, and may potentially impinge on this Court's jurisdiction and ability to effectuate its judgments in this case. Short of an injunction from this Court, there is no further adequate remedy for Verizon to avoid the duplicative litigation that Defendants continue to pursue. In circumstances such as these, irreparable harm is amply demonstrated. *See, e.g., California v. Randtron,* 284 F.3d 969, 975 (9th Cir. 2002) ("A relitigation injunction is proper where a federal litigant has prevailed on the merits, but is threatened with burdensome and repetitious relitigation of the same issues in subsequent actions."); *Flanagan v. Arnaiz*, 143 F.3d 540, 546 (9th Cir. 1998) (granting injunction of state action where "the defendants were faced with an emergency, of either immediately getting a federal court order to stop the Flanagans from proceeding in state court, or else bearing the considerable burden of opposing the motion in state court."); *Innovative Med. Sys., Inc. v. Augustine Med., Inc,* CV. 04-4705, 2007 WL 3121033 (D. Minn. Oct. 23, 2007) ("[A] party suffers irreparable harm when it is required to relitigate…issues previously decided in a federal court.").

### ii. The Balance of the Hardships Favors Verizon Wireless.

The balance of hardships entirely favors Verizon Wireless. Verizon Wireless is asking the Court to enjoin defendants from pursuing a second (or third) bite at the apple regarding the effect of the *Walker* action on this pending federal litigation. While Verizon Wireless is threatened with the risk of conflicting rulings and potential interference with this Court's jurisdiction if an injunction does not issue, Defendants are threatened with absolutely no hardship cognizable under the law by enjoining their attempts to relitigate

10

in another forum the issues already decided by this Court. Therefore, the balance of the hardships inquiry ends there. *See, e.g., Gen. Motors Corp. v. Cavanagh,* 23 F. App'x 727, 729 (9th Cir. 2001) ("The relitigation exception to the Anti-Injunction Act 'allows federal courts to ... protect the res judicata effect of their judgments' and prevent the harassment of successful federal litigants through repetitious state litigation.") (citing *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir.1991)); *In re SDDS, Inc.*, 97 F.3d 1030, 1041 (8th Cir. 1996) ("While issuing the injunction in this case will foreclose the opportunity for the Defendants to relitigate issues in the state court, we do not believe that this is a legitimate harm which must be balanced. As noted above, the Defendants had one full and fair opportunity to litigate these issues in the federal forum, and the rules of equity do not require that they be given a second bite at the apple in the state forum in order to obtain a more favorable result.").

### iii.  **An Injunction Would Serve the Public Interest.**

Enjoining the defendants' litigious conduct would serve the public interest by ensuring that this Court maintains control over this pending dispute, and further acts to preserve the integrity of this Court's prior rulings in this case. By contrast, denying the preliminary injunction would serve no public interest at all. There is no "public interest" that militates in favor of permitting defendants to commence duplicative, improper, litigation in multiple forums. The public interest prong tips decidedly in Verizon Wireless' favor. *See, e.g., Trustees of IL WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d at 1145 (granting injunction against further state or federal proceedings reasoning that "[r]elitigation of that question would be judicially wasteful and raise the possibility of inconsistent results"); *In re SDDS, Inc*., 97 F.3d at 1041 ("the public policy concerns of finality and repose informing our res judicata jurisprudence strongly supports the protection of our previous judgment. While the interference with a state court proceeding is generally opposed by public policy, this 'injunction will promote judicial economy and protection of parties from harassing, duplicative litigation, interests which the federal and state courts share.'") (quoting *Daewoo Elecs. v. Western Auto Supply Co*., 975 F.2d 474,

479 (8th Cir.1992)).

### iv. Verizon is Likely to Succeed on the Merits of its Claims.

In order to obtain injunctive relief, Verizon Wireless must show that it will succeed on the merits of its claims that the *Walker* action does not affect this pending action. Because this Court has already so ruled, this factor is satisfied. *See In re SDDS, Inc.*, 97 F.3d at 1041 (holding that where there has been a prior judgment on an issue, "success on the merits of the underlying issue is…already secured.").

### III. CONCLUSION.

As demonstrated above, each of the factors for a grant of injunctive relief weighs heavily in Verizon Wireless' favor. Verizon seeks no more than necessary to require Defendants to comply with the law and this Court's prior rulings. For the foregoing reasons, Verizon Wireless respectfully requests that this Court enter (1) a temporary restraining order enjoining Defendants from taking any action to impair this Court's jurisdiction and prior rulings at or after the hearing currently scheduled for January 5, 2012 in Case No. 08 CH 40592 in the Circuit Court of Cook County Illinois, Chancery Division; and (2) an injunction, after notice and an opportunity to be heard, that enjoins the pending Motion to Enforce filed in the Circuit Court of Cook County Illinois, Chancery Division.

RESPECTFULLY SUBMITTED this 30th day of December, 2011.

> GALLAGHER & KENNEDY, P.A.
>
> By: */s/ Paul K. Charlton*
> Paul K. Charlton
> Lindsi M. Weber
> 2575 East Camelback Road
> Phoenix, Arizona 85016-9225
>
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> Marcos Jiménez
> Scott Cosgrove
> Audrey M. Pumariega
> 1441 Brickell Avenue, Suite 1420
> Miami, Florida 33131
>
> *Attorneys for Plaintiff*

1
2 **CERTIFICATE OF SERVICE**

3  I hereby certify that on this 30th day of December, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF
4 System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.
5
6           /s/ Gloria Kannberg
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28