Brian A. Cabianca (SBN 016410) brian.cabianca@squiresanders.com
Donald A. Wall (SBN 007522) donald.wall@squiresanders.com
Alison E. Klingel (SBN 028765) alison.klingel@squiresanders.com
Squire Sanders (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone:  (602) 528-4000
Facsimile:  (602) 253-8129
*Attorneys for Jason Hope and*
*the Entity Defendants/Counterclaimants*

Dennis I. Wilenchik (SBN 005350) admin@wb-law.com
Tyler Q. Swensen (SBN 015322)
2810 North Third Street
Phoenix, Arizona 85004
Telephone: (602) 606-2810
Fax: (602) 606-2811
*Attorneys for Defendants/Counterclaimants*

J. Grant Woods (SBN 006106) gw@grantwoodspc.net
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste 2250
Phoenix, Arizona 85004
*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Cellco Partnership d/b/a Verizon Wireless, | Case No. 2:11-cv-00432-DGC |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION** |
| v. | |
| Jason Hope; et al., | |
| Defendants. | |

The Anti-Injunction Act, 28 U.S.C. § 2283, precludes enjoining the Illinois court

from enforcing its own judgment, and the motion of Cellco Partnership ("Verizon") should

be denied.

## **Background**

Defendants previously moved to dismiss this action for lack of subject matter jurisdiction based on *res judicata* and reserved jurisdiction by the Circuit Court of Cook County, Illinois. [Defendants' Motion & Reply, Doc. 168 & 203.] On October 27, 2011, the Court denied that motion to dismiss, finding that it does have subject matter jurisdiction. [Oct. 27, 2011 Tr. at 40-43; Civil Minutes, Doc. 219.] That ruling was not a final decision on the merits of this case. *See, e.g.*, *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002) (denial of motion to dismiss not entitled to res judicata effect because "[t]here can be no bar in the absence of a final judgment."); *see also Roe v. Northern Mariana Islands Retirement Fund*, No. 10-15427, 2011 WL 4914609 (9th Cir., Oct. 17, 2011) ("Generally, denial of a motion to dismiss is not an appealable final order . . . ."). It was made without discovery, an evidentiary hearing, or other submission of evidence.

Moreover, whether the *Walker* Judgment deprives this Court of jurisdiction over Verizon's claims is vastly different from whether, under Illinois law (which governs the Illinois settlement and Judgment), Verizon has failed to comply with the Judgment. *See* Final Judgment and Order dated January 14, 2011 in *Walker v. OpenMarket, Inc.*, Case No. 08 CH 40592 (the "Judgment"). This Court did not decide, and could not have decided, whether Verizon complied with the Judgment because that issue was not presented to this Court and there was no evidentiary basis for any final decision. This Court's jurisdiction is not at issue in the Illinois proceeding, and that proceeding will not affect this Court's jurisdiction.

By its Judgment, the Illinois court resolved approximately 27 consumer class action lawsuits arising from Mobile Content charges.  (Capitalized terms have the same meaning as in the Illinois Stipulation and Judgment.)  The Judgment, *inter alia*, broadly enjoined Verizon from "commencing, prosecuting, or asserting any claim for contribution or indemnity" against JAWA and others "that is based upon or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues set forth or raised in the [Illinois] Action or the Related Actions, or (b) the Released Conduct."  [The Judgment and Stipulation of Class Action Settlement ("Stipulation") were Exhibits A and B to Defendants' Reply, Doc. 203.]  No appeal was taken from that Judgment and it became final. The Illinois Judgment is entitled to full faith and credit in this Court. *See* 28 U.S.C. § 1738; *Brother Records, Inc. v. Jardine*, 432 F.3d 939, 943 (9th Cir. 2005).

Since March 2011, defendants believe that Verizon has solicited and voluntarily paid refunds to Settlement Class members whose claims were settled and released in the Judgment, and that Verizon has used funds otherwise admittedly owed to JAWA (through the aggregators) to make such payments outside the settlement procedure approved by the judgment.  Verizon has thus exercised self-help to assert and enforce its claim against JAWA with regard to claims that had been settled by the Judgment.

JAWA has asked the Illinois court to enforce its own Judgment and prevent Verizon from violating the injunction in such Judgment.  The issue is appropriate for the Illinois court, and this Court has not finally decided who are the members of the Settlement Class, whether Verizon has paid them outside the settlement process, whether Verizon's payments to Settlement Class members were for claims which had been

released, and whether Verizon's claims against JAWA for the amounts Verizon paid to Settlement Class members were enjoined by the Judgment.  Nor has the Court addressed what "allegations, facts, subjects, or issues [were] set forth or raised in the [Illinois] Action or the Related Actions," or what constitutes "Released Conduct" under the Stipulation and Judgment.  Nor has the Court dealt with any of these matters under Illinois law, which governs both the Stipulation and the Judgment.  The preliminary injunction and the denial of the motion to dismiss here were not a judgment on the merits as to any of these matters.

JAWA's Illinois motion does not challenge this Court's jurisdiction, the authority of this Court to go forward with this proceeding, or the preliminary injunction order that this Court entered.  JAWA does not, in its motion to enforce the Judgment, ask the Illinois Court to make any determination regarding the effect of the *Walker* Judgment on this Court's jurisdiction.  Nor does JAWA's motion ask the Illinois court to vacate the preliminary injunction order entered here.  It merely asks the Illinois Court to enforce its own Final Judgment.

In its motion, Verizon asks this Court to stop the Illinois state court proceedings. The injunction Verizon seeks is prohibited by the Anti-Injunction Act, which forbids federal courts from enjoining state court proceedings except in extremely narrow circumstances.  The "relitigation" exception requires a final judgment on the same issue from the federal court issuing the injunction.  The "necessary in aid of jurisdiction" exception requires that the federal court injunction in fact be necessary in aid of jurisdiction.  Neither is the case here, and Verizon's motion should be denied.

1

## Argument

2

**I.   THE INJUNCTION VERIZON SEEKS IS BARRED BY THE ANTI-INJUNCTION ACT.**

3

4     The Anti-Injunction Act (the "Act") provides:

5

6     A court of the United States may not grant an injunction to stay proceedings in a
      State court except as expressly authorized by Act of Congress, or where necessary
7     in aid of its jurisdiction, or to protect or effectuate its judgments.

8     28 U.S.C. § 2283.  In its motion, Verizon relies upon the second two of these, the

9

10    "necessary in aid of jurisdiction" and "relitigation" exceptions.

11         The Act, which is rooted in fundamental constitutional principles of a dual court

12    system, "is an absolute prohibition against enjoining state court proceedings, unless the

13    injunction falls within one of three specifically defined exceptions."  *Atlantic Coast Line*

14    *R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970).  The Ninth

15    Circuit recently observed that the Act "is not a minor revetment to be easily overcome; it

16    is a fortress which may only be penetrated through the portals that Congress has made

17    available."  *Nagrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1100 (9th Cir. 2008).  The

18    "exceptions are narrow and are 'not [to] be enlarged by loose statutory construction.'"

19    *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 143 (1988) (quoting *Atlantic Coast Line*).

20

21         The Act "creates a strong presumption in favor of permitting parallel actions in

22    state and federal court."  *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806 (9th Cir. 2002).

23

24    "Any doubts as to the propriety of a federal injunction against state court proceedings

25    should be resolved in favor of permitting the state courts to proceed in an orderly fashion

26    to finally determine the controversy."  *Atlantic Coast Line*, 398 U.S. at 297. A moving

27

28

party must make "a strong and unequivocal showing" that it fits within one of the narrow

exceptions. *Bechtel Petroleum Inc. v. Webster*, 796 F.2d 252, 253-54 (9th Cir. 1986);

*Merle Norman Cosmetics, Inc. v. Victa*, 936 F.2d 466, 468 (9th Cir. 1991).

### A.      The Relitigation Exception Does Not Apply Here Because the Issues Raised in Illinois State Court Have Not Been Decided by this Court.

The "relitigation" exception applies "if the litigation is barred by the res judicata

effect of the district court's earlier judgment." *Brother Records,* 432 F.3d at 942–43.  As

explained by the Supreme Court in *Smith v. Bayer Corp*., 131 S. Ct. 2368, 2377 (2011),

(quoting *Chick Kam Choo*), a federal court can "prevent state litigation of a claim or issue

'that previously was presented to and decided by the federal court.' . . . But in applying

this exception, we have taken special care to keep it 'strict and narrow.' . . . [E]very

benefit of the doubt goes toward the state court . . . . [A]n injunction can issue only if

preclusion is clear beyond peradventure."

In keeping with the principles of *res judicata* and collateral estoppel, this exception

applies only to a ***final judgment regarding the same issue***.  *Montana v. BNSF Ry. Co.*,

623 F.3d 1312, 1316 (9th Cir. 2010) (one of the requirements for application of *res

judicata* is "a final judgment on the merits"); *Coastal Petroleum Co. v. U.S.S. Agri-

Chemicals, Div. of U.S. Steel Corp.*, 695 F.2d 1314, 1319 (11th Cir. 1983) ("To fit into the

'protect and effectuate judgment' exception, the order must be a final judgment.").  The

issue decided by the federal court in its judgment "must be the same as the one presented

in the state tribunal." *Smith*, 131 S. Ct. at 2377; *see also Chick Kam Choo*, 486 U.S. at

148; *BNSF Ry. Co.*, 623 F.3d at 1315 ("A conflict is only possible, however, where the

federal court has actually decided the claims or issues presented in the subsequent state action."). The federal and state issues are not the same where the applicable law differs. *Chick Kam Choo*, 486 U.S. at 144-45, 149 (injunction against state court proceeding was reversed where federal court applied federal *forum non conveniens* law and state court would apply Texas law in deciding appropriate forum).

These requirements are not met here. Verizon argues (at 5) that a preliminary injunction is a "judgment" for purposes of this statute. But the preliminary injunction order (Doc. 133) did not address the *Walker* Judgment, and there is no request here to vacate that order.

Likewise, this Court's October 27, 2011 denial of the motion to dismiss is not a final adjudication on the merits of whether Verizon is in compliance with the Judgment. This Court has not decided whether Verizon has violated the injunction in the *Walker* Judgment, and has not addressed the questions necessary to such a determination. Because the Court has entered no final judgment on this issue, the "relitigation" exception does not apply.

Verizon's contention (Motion, Doc. 251, at 6) that the issue raised in the Illinois motion is the same as the issue presented to this Court—"that the *Walker* settlement deprives this Court of subject matter jurisdiction and confers exclusive jurisdiction upon the Illinois State Court"—is simply wrong. JAWA is not asking the Illinois court to address this Court's jurisdiction. JAWA's Illinois motion raises a different issue that this Court has not decided. The Illinois court is being asked to enforce its Judgment. In doing so, it will determine whether Verizon paid refunds to Settlement Class members, whether

7

such payments were "based upon or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues set forth or raised in [that] Action or the Related Actions, or (b) the Released Conduct," what such allegations, facts, subjects and issues were, what the Released Conduct was, whether Verizon's self-help use of money otherwise owed to JAWA constituted the assertion of a contribution or indemnity claim, and whether Verizon's assertion of the right to recover payments from JAWA violates the Judgment. This Court has made no final determination on any of those matters.

Verizon's reliance on *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992), (at 5) is similarly misplaced. In *Western Systems*, the court enjoined a Guam territorial court from declaring a federal court order, that had resolved nineteen years of litigation, "null and void." The federal court decision had *res judicata*, rather than merely collateral estoppel, effect, and the claims had actually been litigated in the federal proceeding. *Id*. at 867-69, 872.

Because the "relitigation" exception applies only to those matters that have been actually and finally decided, and because that is not the case regarding JAWA's Illinois filing, Verizon's motion should be denied.

**B.     The Necessary in Aid of Jurisdiction Exception Does Not Apply.**

The "necessary in aid" exception is generally limited to *in rem* and complex MDL-type cases and has no application here. Like the "relitigation" exception, it is narrow, used sparingly, and any doubts are to be resolved in favor of allowing the state case to proceed. As noted by the Supreme Court, "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error,

if any, through the state appellate courts and ultimately this Court." *Atlantic Coast Line*, 398 U.S. at 289, 297-98.  Further: "[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Id*. at 294.  Where federal and state courts have concurrent jurisdiction, "neither court [is] free to prevent either party from simultaneously pursuing claims in both courts." *Id.*

That parallel proceedings may interfere with each other in some manner does not justify an injunction under the "necessary in aid of jurisdiction" exception. *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987).  This is true even if the state court reaches a result first, and that result is contrary to what the federal court would decide. *Nagrete*, 523 F.3d at 1101–02.

The case law makes clear that this exception rarely applies to *in personam* cases, such as the present one, as opposed to *in rem* actions. *Bennett*, 285 F.3d at 806; *see also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641–42 (1977) ("Although the 'necessary in aid of' exception to § 2283 may be fairly read as incorporating this historical *in rem* exception, the federal and state actions here are simply *in personam*.  The traditional notion is that *in personam* actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance."); *Kline v. Burke Construction Co.*, 260 U.S. 226, 230 (1922) ("[A] controversy over a mere question of personal liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is

9

pending."); *In re Diet Drugs*, 282 F.3d 220, 235 (3d Cir. 2002) ("the 'necessary in aid of jurisdiction' exception does not ordinarily permit injunctions merely to prevent duplicative actions in personam."); *Bennett v. Medtronic*, 285 F.3d 801, 806-07 (9th Cir. 2002) (injunction against court proceeding reversed; in personam action was not of the "rare breed" excepted from the Act: "To hold otherwise would effectively eliminate parallel or related federal and state proceedings, a result that is at odds with our constitutional structure and the intent of the Act itself.").

Some cases have also applied this exception where necessary to protect a federal court's management of complex, multi-district litigation.  In those cases, the exception has been reserved for "advanced" multi-district or class action litigation; "[b]ut in less advanced cases, courts have been more chary about issuing injunctions, as, indeed, they should have been." *Nagrete*, 523 F.3d at 1102.  For example, although *Nagrete* was a nationwide class action involving complex RICO allegations, an injunction was not proper under the "necessary in aid of jurisdiction" exception. *Id.* at 1102–03 & n.16.  The same is true here.  Allowing the Illinois motion will have no effect on this Court's jurisdiction.

*In re Diet Drugs*, 282 F.3d 220, 234, 238 (3d Cir. 2002), cited by Verizon (at 7), does not support Verizon's position.  Noting "the general rule that *in personam* cases must be permitted to proceed in parallel," the court found that the injunction against a state court order of a mass opt out of settlement class members would improperly interfere with the federal court's management of an enormously complicated class action settlement. *Id.* at 234, 236, 238-39.  The trial court had spent over "two years of exhaustive work" establishing and certifying the classes and crafting preliminary settlements that had been

negotiated and approved by the Court.  *Id.* at 236.

This case, like *Bennett*, is not one of the "rare breed" that is excepted from the Anti-Injunction Act.  Because this case involves parallel *in personam* actions, and does not involve any of the narrow circumstances in which the "necessary in aid of jurisdiction" exception applies, the injunction sought by Verizon is barred by the Act.

**C.    The Court Has Discretion to Decline to Issue an Injunction.**

Even if one of the exceptions to the Anti-Injunction Act were to apply, the Court has discretion to refuse to issue an injunction and should do so.  *See, e.g., Merle Norman Cosmetics, Inc. v. Victa*, 936 F.2d 466, 468 (9th Cir. 1991) ("[T]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue.") (quoting *Chick Kam Choo*, 486 U.S. at 151) (emphasis in original).  In deciding whether to exercise that discretion, "district courts must be guided by general principles of equity, comity, and federalism."  *Id.*

These principles militate against issuance of an injunction.  Because the Illinois court is the one that entered the Judgment, it is in the best position to interpret and enforce its own judgment.  *See Illinois Inv. Trust No. 92-7163 v. American Grading Co.*, 562 F.3d 824, 830 (7th Cir. 2009) ("[A] court that has issued an order is in the best position to interpret it."); *Alabama Nursing Home Ass'n v. Harris*, 617 F.2d 385, 388 (5th Cir. 1980).  There is no prejudice to Verizon in allowing the Illinois Court to rule on this issue. If indeed this Court's rulings have preclusive effect on JAWA's motion to enforce, Verizon can make that argument before the Illinois Court.  *Merle Norman*, 285 F.2d at 468 ("[N]othing prevented Merle Norman form raising its defenses of res judicata and

collateral estoppel in the California courts . . . . State courts are just as capable as federal courts in applying applicable law.").  Additionally, the Illinois Court retained exclusive jurisdiction over claims and issues arising out of its Judgment.

Whether Verizon has violated the Illinois court's injunction, involving facts regarding the Settlement Class, payments under the settlement procedure approved by that court, additional payments by Verizon to the same people, and the meaning under Illinois law of the settlement agreement and Judgment, is best determined by the Illinois court.  If Verizon is claiming that JAWA violated the *Walker* Judgment by not complying with the MMA guidelines, then that issue should be heard by the *Walker* court.   Verizon can have its argument heard without doing violence to the "principles of equity, comity, and federalism" that guide this Court's exercise of its discretion.

## II.    VERIZON HAS NOT SATISFIED THE TRADITIONAL TEST FOR INJUNCTIVE RELIEF.

Even in the absence of an express statutory prohibition such as the Anti-Injunction Act, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  An injunction should issue "only where the movant shows that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *DeRoche v. Adu-Tutu*, No. CV 11-0302-PHX-DGC, 2011 WL 4947494, *2 (D. Ariz., Oct. 18, 2011).  A request for a temporary restraining order is governed by the same standards.  *Id.*  Verizon has not met

the considerable burden required to enjoin the state action.

**A.    Verizon Will Not Suffer Irreparable Harm in the Absence of an Injunction.**

Verizon argues (at 10) that it will suffer irreparable harm if it is forced to relitigate issues already decided by this Court.  As noted above, the issues to be decided in Illinois, based on Illinois law, have not been decided by this Court.  Additionally, the Ninth Circuit cases cited by Verizon involve final settlement agreements over which the district court expressly reserved jurisdiction.  *See California v. Randtron*, 284 F.3d 969 (9th Cir. 2002) (parties entered settlement agreement and final consent decree over which federal court retained jurisdiction); *Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir. 1998) (district court retained jurisdiction over settlement agreement).  That is not the case here.  Here, it is JAWA that seeks to have the Court that retained jurisdiction over the settlement and Judgment enforce its own Judgment.

The mere fact that Verizon may have to engage in litigation—even parallel litigation—does not establish irreparable harm.  *See Los Angeles Coliseum Comm. v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("The key word in this consideration is *irreparable*.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough.") (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *R&L Ltd. Investments, Inc. v. Cabot Inv. Properties, LLC*, No. CV 09-1525-PHX-MHM, 2010 WL 3789401, *2 (D. Ariz., Sept. 21, 2010) ("The cost of some pretrial litigation does not constitute irreparable harm to defendant.") (quoting *Bradberry v. T-Mobile USA, Inc.*, 2007 U.S. Dist. LEXIS 58801 at *10–11 (N.D. Cal., Aug. 2,

2007)); *see also Nagrete*, 523 F.3d at 1101–02 (mere existence of parallel actions does not warrant a federal injunction staying state court proceedings).

**B.      The Balance of Hardships Tips in JAWA's Favor.**

For similar reasons, the balance of hardships tips in JAWA's favor here.  Verizon will simply be required to explain to the Illinois Court that entered the Judgment why it is not violating that court's Judgment.  In contrast, if JAWA is unable to ask the Illinois Court to enforce its own Judgment, JAWA may be left without an effective remedy.  To the extent that the Illinois court's intent in entering the Judgment is at issue, that information can only be obtained by letting the Illinois action proceed and the judge there rule.  The settlement and payment process is under the jurisdiction of that court, and the Illinois court is the proper court to address allegations, facts, subjects, issues and conduct there.  Thus, the balance of hardships weighs against issuing an injunction, and Verizon has not made the required "clear showing" of undue hardship.

**C.      The Public Interest Would Be Served By Allowing the Illinois Court to Interpret its Own Judgment.**

The public interest will be served by allowing the court that issued the Judgment to interpret and enforce it.  Allowing Verizon to seek collateral review of a final Illinois Judgment is not in the public interest.  Rather, the public interest in finality and certainty of judgments is best served by allowing the court that issued a final Judgment to enforce it.  Even if there is some repetition, such is one of "the vicissitudes and consequences of our elegantly messy federal system."  *Nagrete*, 523 F.3d at 1103.

14

**D.      Verizon Has Not Demonstrated Success on the Merits.**

Verizon argues (at 12) that success on the merits has been "secured" because of the Court's previous ruling.  That, however, is not the case.  This Court has not issued any final ruling on the issues raised by JAWA's filing in Illinois.  The preliminary injunction order did not do so, and the October 27, 2011 ruling denied a motion to dismiss for lack of jurisdiction and is not a final judgment.  JAWA has not challenged this Court's jurisdiction before the Illinois Court, nor has it asked the Illinois Court to make any determination regarding the preclusive effect of its Judgment.  Verizon has not demonstrated success on the merits of that issue and has not presented evidence on that issue.  *In re SDDS, Inc.*, 97 F.3d 1030, 1041 (8th Cir. 1996), involved a "prior judgment" which is not present here on the relevant issue.

## III.    CONCLUSION

The Anti-Injunction Act prohibits federal courts from enjoining state court proceedings unless the injunction fits into one of the Act's very narrow exceptions.  The "relitigation" exception does not apply because there has been no final judgment on the issues sought to be enjoined.  And this case does not fit within the narrow categories of cases in which the "necessary in aid of jurisdiction" exception is invoked.  In addition, principles of equity, comity, and federalism—as well as traditional equitable principles governing the propriety of injunctive relief—all weigh against the issuance of an injunction in this matter.

/ / /

For these reasons, JAWA respectfully requests that Verizon's motion be denied.

DATED this 25th day of January, 2012.

/s/ Donald A. Wall
Brian A. Cabianca
Donald A. Wall
Alison E. Klingel
Squire Sanders (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone:  (602) 528-4000
Facsimile:  (602) 253-8129
*Attorneys for Jason Hope and*
*the Entity Defendants/Counterclaimants*


Dennis I. Wilenchik (SBN 005350)
Tyler Q. Swensen (SBN 015322)
WILENCHIK & BARTNESS, P.C.
2810 North Third Street
Phoenix, Arizona 85004
Telephone: (602) 606-2810
Fax: (602) 606-2811
*Attorneys for Defendants/Counterclaimants*


Grant Woods, Esq.
GRANT WOODS, P.C.
Two Renaissance Square
40 North Central Avenue, Suite 2250
Phoenix, Arizona  85003
E-Mail: gw@grantwoodspc.net
*Attorneys for Defendant/Counterclaimants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 25th day of January, 2012, I electronically transmitted this document to the Office of the Clerk of the Court, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the assigned judge and all CM/ECF registrants listed for this matter.

/s/ Sara Ramirez