1  Paul K. Charlton (Bar No. 012449)
   Lindsi M. Weber (Bar No. 025820)
2  GALLAGHER & KENNEDY, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   Telephone:   (602) 530-8000
4  Facsimile:   (602) 530-8500
   Email:       paul.charlton@gknet.com
5               lindsi.weber@gknet.com

6  Marcos Jiménez (admitted pro hac vice)
   Scott Cosgrove (admitted pro hac vice)
7  Audrey M. Pumariega (admitted pro hac vice)
   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
8  1441 Brickell Avenue, Suite 1420
   Miami, Florida 33131
9  Telephone:   (786) 587-1077
   Facsimile:   (305) 675-7970
10 Email:       MJimenez@kasowitz.com
                SCosgrove@kasowitz.com
11              APumariega@kasowitz.com

12 *Attorneys for Plaintiff*

13            **UNITED STATES DISTRICT COURT**

14              **DISTRICT OF ARIZONA**

15 Cellco Partnership d/b/a Verizon          Case No. 2:11-cv-00432-DGC
   Wireless,
16                                           **REPLY IN SUPPORT OF PLAINTIFF'S
                        Plaintiff,           MOTION FOR TEMPORARY
17 v.                                        RESTRAINING ORDER AND
                                             INJUNCTION**
18 Jason Hope; et al.,

19                      Defendants.          **Hearing Date:  March 8, 2012
                                             Hearing Time:  2:00 p.m.**
20 AND RELATED COUNTERCLAIM.

21                                           (Assigned to the Hon. David G. Campbell)

22        Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), submits

23 this Reply in Support of its *Motion for Temporary Restraining Order and Injunction* filed

24 on December 30, 2011 at Doc. 251 (the "Injunction Motion").  In their *Opposition to*

25 *Plaintiff's Motion for Temporary Restraining Order and Injunction* (Doc. 272, the

26 "Opposition"), Defendants downplay their recent requests for relief in the *Walker*[1] action

27 in an effort to convice this Court that an injunction is not necessary.  But there is no

28 ───────────────
   [1] Capitalized terms utilized in this Reply shall have the same meanings as defined in the
   Injunction Motion.

*Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225*

question that they are attempting an end-run around this Court's prior rulings, including the preliminary injunction granted to Verizon Wireless.  Thus, this Court must act to protect its jurisdiction, its prior rulings, and the ultimate conclusion of the matters pending before it.

## I.     RELEVANT BACKGROUND.

Defendants suggest that they are merely presenting to the Illinois court the issue "whether, under Illinois law, Verizon has failed to comply with the Judgment."  Opp. at 2.  However, they completely ignore their demand in *Walker* that the Illinois court:

> "…***order Verizon to dismiss its claims*** for contribution and indemnity ***in the Arizona Action*** and ***release approximately $9 million*** belonging to Eye Level Holdings that Verizon has wrongfully withheld on the basis of a purported set-off for its contribution and indemnity claims.  Eye Level Holdings ***further requests*** that the ***Court order Verizon to litigate its claims*** that Eye Level Holdings violated the MMA Guidelines ***before this Court and dismiss that portion of its complaint now pending in the District Court of Arizona***."

Motion to Enforce at p. 5 (emphasis added).  In the Memorandum in Support filed in the *Walker* action, Defendants further expand this request, asserting that "Verizon's claims in the Arizona Action against Eye Level Holdings seeking 'compensation' for losses or damages incurred as a result of the marketing, advertising, billing, sale, or transmission of Mobile Content are thus ***barred***" and demand that the Illinois Court "***enjoin Verizon from pursuing these barred claims***, and ***order it to dismiss these claims currently pending before the District of Arizona***."   Memorandum in Support at 14-15 (emphasis added).

Their argument that these requests for relief do not "affect this Court's [the Arizona District Court's] jurisdiction" is simply wrong.  Opp. at 2.  Defendants want the Illinois state court to order the dismissal of Verizon Wireless' claims in *this* action and to order the release of funds at issue in *this* action, in direct contravention of this Court's rulings.  They seek to interfere with this Court's ability to hear, determine, and resolve the case pending before it.

2

1    Moreover, Defendants incorrectly argue that there are unresolved issues that
2  would justify the Illinois court in issuing an injunction ordering Verizon Wireless to drop
3  its claims in this case.  This Court has already ruled on those issues at least twice in this
4  case, both times determining that the claims asserted in this Action do not fall within the
5  narrow category of claims that might conceivably be barred by the Illinois Judgment,
6  namely, claims for "contribution or indemnity."    *See* Reporter's Transcript of
7  Proceedings - Status Conference and Motions Hearing dated October 27, 2011 at 30-32
8  (attached as Exhibit B to Injunction Motion, at Doc. 251-2); Reporter's Transcript of
9  Proceedings - Hearing on Plaintiff's Motion for Preliminary Injunction dated April 14,
10  2011 at 370-72 (a copy of relevant excerpts discussing the *Walker* action is attached as
11  Exhibit A).

12    Finally, Defendants' argument that "[t]his Court did not decide, and could not
13  have decided, whether Verizon complied with the Judgment because that issue was not
14  presented to this Court and there was no evidentiary basis for any final decision" is also
15  mistaken.  *See* Opp. at 2.  This Court has considered, and discussed at length with
16  Defendants' counsel on at least two occasions, the *Walker* Judgment (including during
17  the two-day evidentiary preliminary injunction hearing during which Defendants raised
18  the *Walker* action as a defense – *see* 4/14 Transcript).  This Court has carefully evaluated
19  the *Walker* settlement terms and any potential effect on this proceeding.  *See* 10/27 Tr. at
20  p. 36 (The Court: "I read every provision of this settlement agreement.")   After a
21  comprehensive review of the *Walker* Judgment, and after the benefit of oral argument on
22  the issue from two different sets of Defendants' counsel, the Court concluded:

23    As I indicated previously, it is clear to me that the claims that were settled
      in the *Walker* case were the claims of the named plaintiffs, the settlement
24    class, and the released parties, which is another phrase for the named
      plaintiffs in the settlement class.. . .. There is no release in the agreement
25    that I can see by the released parties, and Verizon is a released party.
      Therefore, Verizon did not release claims in the *Walker* settlement. And in
26    fact -- well, and because of that, the claims that Verizon asserts in this case
      were not settled in the *Walker* case. They weren't released in the *Walker*
27    case. Or settled.

28    Now, there was a contribution bar which was put in place that barred
      contribution or indemnity claims by both defendants and released parties,

3

including the wireless carriers. If that is enforceable, an issue I don't have to decide, my view is this case is not asserting a contribution or indemnity claim by Verizon arising out of the resolution of the *Walker* case. Verizon is not suing in this case to recoup sums it paid in *Walker*. In fact, it didn't pay any. So I cannot say that this is a contribution or indemnity claim that was barred by the *Walker* settlement. And as I've indicated, there was no release of any claims by Verizon in the *Walker* settlement.

. . . .

So my conclusion is that res judicata does not apply to this case on the basis of the *Walker* settlement. And as I've already indicated, to the extent they specified what would be subject to res judicata in that settlement, they named parties who would be barred other than Verizon. Finally, although it's not really a res judicata argument, the contribution bar that was entered in *Walker* in my view doesn't bar the claims in this case because these are not contribution or indemnity claims arising out of the *Walker* case.

The defendants also argue that I lack jurisdiction over this case because of the retention of jurisdiction by the Illinois court in the *Walker* case. I don't agree with that because the claims in this case were not asserted in the *Walker* case, were not settled in the *Walker* case, and were not released in the *Walker* case. The claims in this case are not a part of the case over which the Illinois court retained jurisdiction. And therefore there is no bar to my exercising jurisdiction over the claims asserted in this case.

10/27 Transcript at 39-42. Accordingly, the issues that are the subject of the Motion to Enforce and Memorandum in Support have been presented, considered, and ruled upon by the Court in this action. Therefore, injunctive relief is appropriate to enjoin Defendants' efforts to relitigate these same issues in the Illinois Court.

## II.     RECENT DEVELOPMENTS.

Since the filing of the Injunction Motion, this Court has entered yet another decision addressing the merits of this case and denying Defendants' unsupported requests for relief. *See Order denying [211] Motion for Accounting and Release of Funds; granting in part and denying in part [232] Motion to Dismiss for Failure to State a Claim; granting in part and denying in part [235] Motion to Dismiss for Failure to State a Claim* entered on January 30, 2012 (Doc. 273) (the "Order"). In the Order, the Court denied the precise relief that Defendants seek in the Motion to Enforce, namely, that Verizon Wireless release the "approximately $9 million" it alleged was being "wrongfully withheld." *See* Order at 2-6. Accordingly, in addition to the prior rulings set forth in the Injunction Motion, the Court's most recent Order further supports the injunctive relief sought by Verizon Wireless to prevent duplicative, wasteful and

4

1    potentially conflicting decisions.

2          III.   **LEGAL ANALYSIS.**

3          Despite Defendants' attempts to recharacterize their requests for relief in Illinois,

4    their improper horizontal appeal of this Court's decisions should be enjoined.

5    Notwithstanding Defendants' arguments and the non-binding authorities cited in the

6    Opposition, the prior rulings in this case are sufficiently firm to be accorded finality for

7    purposes of application of the Relitigation Exception.  Likewise, relief pursuant to the

8    Necessary In Aid Exception to the Anti-Injunction Act is appropriate to protect this

9    Court's authority and ability to determine this case.  Accordingly, Verizon Wireless

10   respectfully requests that the Court exercise its discretion and issue an injunction against

11   Defendants' continuing attempts to overturn this Court's prior rulings and interrupt this

12   Court's ability to hear and determine this case.

13          A.     **Verizon is Entitled to an Injunction under the Relitigation
14                 Exception of the Anti-Injunction Act Based on This Court's
                   Prior Rulings in this Case.**

15         Defendants insist that the relitigation exception does not apply because this Court

16   has not issued a final judgment.  Opp. at 6-8.  Defendants' myopic view ignores Ninth

17   Circuit precedent, which requires that parties have a full and fair opportunity to litigate

18   the issues - - rather than a formal judgment - - for the relitigation exception to apply.  It is

19   also hypocritical, as they claim that this Court's preliminary injunction ruling "did not

20   address the *Walker* judgment" (Opp. at 7), yet they argued *Walker* extensively to this

21   Court during the preliminary injunction hearing, have appealed the preliminary injunction

22   ruling on the basis of *Walker*, and as this Court recently noted it would not "have granted

23   the preliminary injunction" had it been persuaded by the *Walker* argument.  (10/27 Tr. at

24   p. 27).[2]

25   _____

26   [2] In the Ninth Circuit, a prior judgment is conclusive "not only as to every matter which
     was offered and received to sustain or defeat the claim or demand, but as to any other
27   admissible matter which ***might have*** been offered for that purpose."  *Western Systems,
     Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (emphasis added).  Here, it was not
     simply the case that the preclusion issue ***might have*** been offered for the purpose of the
28   Court's preliminary injunction ruling; it actually ***was*** offered for that purpose.  This is
     precisely what the Court explained during its October 27th status conference.  "That issue

5

Defendants do not credibly dispute that various courts have applied the relitigation exception based on prior rulings that did not constitute a "final judgment" – including preliminary injunction orders.  *See* Injunction Motion at 5.  While there is a split of authority regarding whether a judgment must be "final" to qualify under the relitigation exception,[3] the Ninth Circuit employs a less restrictive reading and focuses on whether the party being enjoined had a full and fair opportunity to litigate the issue.  *See Western*, 958 F.2d at 870 (disagreeing "with those Circuits which have concluded that the relitigation exception is limited to issues 'actually litigated' in a prior court proceeding"); *Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1427, 1428 (9th Cir. 1986) (proper standard under the relitigation exception is whether a party had a full and fair opportunity to litigate the issues).  Here, Defendants have had more than a "fair and full opportunity" to litigate the issues, and this Court has already decided that the *Walker* action does not bar or otherwise preclude any claims by Verizon Wireless.  Yet, they are asking the Illinois court to bar the very claims asserted by Verizon Wireless in this case.  Therefore, this Court's prior rulings are entitled to protection under the relitigation exception.[4]

Other courts have likewise held that there are circumstances under which a ruling other than a final judgment may nonetheless have preclusive effect, such as when the prior order is "sufficiently firm to be accorded conclusive effect."  *Schor v. Abbot Laboratories*, 378 F. Supp. 2d 850, 853-54 (N.D. Ill. 2005).   An order is accorded conclusive effect when (1) it was not "avowedly tentative"; (2) the hearing was adequate

---

was argued at the time of the preliminary injunction, and it was the subject of some questioning after the evidence. And two or three weeks after I'd written the order, I was doing something and all of a sudden it dawned on me I hadn't addressed it in the order. I just didn't. . . . I will say I wasn't persuaded by it the first time around or I wouldn't have granted the preliminary injunction, even though I didn't explain why."  (10/27 Tr. at p. 27).

[3] *See, e.g., Rutledge v. Scott Chotin, Inc.,* 972 F.2d 820, 824 (7th Cir. 1992) (recognizing that "[t]here seems to be a disagreement among the circuits as to whether the relitigation exception applies only to final judgments. The First and Eleventh Circuits have required that the order being protected constitute a final judgment. On the other hand, the Second Circuit does not require a final judgment for application of the relitigation exception.") (internal citations omitted).

[4] Even the authorities cited by Defendants recognize that the standard for "finality" can sometimes differ under the circumstances.  *See, e.g., Brother Records, Inc. v. Jardine,* 432 F.2d 939, 943-44 (9th Cir. 2005).

6

1    and the parties were fully heard; (3) the court supported its decision with a reasoned

2    opinion; and (4) the decision was appealable or had been appealed.  *Id.*  Such is the case

3    here, where both the preliminary injunction ruling and the Court's rulings on the various

4    Motions to Dismiss are entitled to preclusive effect because they are sufficiently firm and

5    final.  *See Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n,* 804 F.2d 390, 391 (7th Cir.

6    1986) (reversing trial court on the basis that it "should have given collateral estoppel

7    effect to the Texas district court's denial of Gilldorn's dismissal motion"); *In re Cenco*

8    *Inc. Securities Litigation*, 529 F.Supp. 411, 416 n. 5 (N.D.Ill.1982) ("The relevant

9    question is whether the issue has been resolved in the prior action so that the Court has no

10   good reason to permit it to be litigated again."); *Am. Postal Workers Union v. United*

11   *States Postal Service*, 736 F.2d 317, 319 (6th Cir. 1984) (final judgment in the case as a

12   whole is not necessary; decision on a motion to dismiss can be given preclusive effect as

13   long as be sufficiently final to establish preclusion with respect to the issue decided).

14          Here, the Court's preliminary injunction ruling and ruling on the various Motions

15   to Dismiss firmly and finally decided the very matter at issue here – whether *Walker* is

16   preclusive.

            **B.      Verizon is Entitled to an Injunction pursuant to the Necessary in**
                     **Aid Exception.**

            Defendants' arguments regarding the alleged inapplicability of the "Necessary in

     Aid" exception are off point.  *See* Opp. at 8-10.  For example, in attempting to distinguish

     the case of *In re Diet Drugs,* Defendants cite to the fact that the case involved "two years

     of exhaustive work." Opp. at 10. While Defendants' responding counsel may have only

     recently joined this case, there is no debate that this case has been ongoing for nearly a

     year, and has included substantial depositions and other discovery, the Court's

     consideration of a significant amount of evidence presented over a two-day evidentiary

     hearing and multiple rulings addressing the merits of this case.  Accordingly, Defendants

     blanket statement that this case "is not one of the 'rare breed'" excepted from the Anti-

     Injunction Act is not supported by the facts and circumstances of this case.

            Furthermore, courts have long recognized that an injunction against state

proceedings is appropriate "where the relief sought would have frustrated the district court's 'flexibility and authority'" in a pending federal action.  *United States v. Dist. of Columbia*, 654 F.2d 802, 811 (D.C. Cir. 1981) (upholding district court's grant of injunctive relief, recognizing that state proceedings that would frustrate the federal court's effective disposition of the case have frequently been enjoined even where the federal proceedings have not yet progressed to final judgment).  Here, the relief requested by Defendants in the Illinois State Court would interfere with the preliminary injunction order already issued by this Court, and could also effectively force the dismissal of Verizon Wireless' claims in this case.  In circumstances such as these, the Necessary in Aid exception to the Anti-Injunction Act preserves and protects this Court's ability to enjoin such interference with this pending action.

Contrary to the arguments in the Opposition, the Ninth Circuit has not hesitated to apply the Necessary In Aid Exception to *in personam* actions. *See, e.g., Sycuan Band of Mission Indians v. Roache*, 54 F.3d 535, 540-541 (9th Cir. 1994) (district court permitted to enjoin state from prosecuting persons employed by Indian bands at Indian gaming centers under the Indian Gaming Regulatory Act, as the "injunction was necessary to preserve exclusive federal jurisdiction"); *White Mountain Apache Tribe v. Smith Plumbing Co.*, 856 F.2d 1301, 1304 (9th Cir. 1988) (Indian tribe's request for injunctive relief fell within the Necessary in Aid Exception); *Krahm v. Graham*, 461 F.2d 703, 708 (9th Cir. 1972) (district court was permitted to enjoin further state prosecution on the question of obscenity since the Civil Rights act conferred jurisdiction upon federal courts to enforce federal constitutional rights against state action that violated those rights; "[s]uch an injunction, under such circumstances, is expressly permitted by § 2283."); *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998) (injunction necessary to effectuate a settlement agreement over which federal court had expressly retained jurisdiction). Based on the facts and circumstances of this case, injunctive relief is appropriate under the Necessary in Aid exception.

**C.      Verizon Has Satisfied the Equitable Criteria Necessary to Support the Court's Grant of Injunctive Relief.**

Defendants' argument regarding the traditional equitable criteria consists primarily of mischaracterizations of the relief sought in the *Walker* action, somehow arriving at the conclusion that Verizon Wireless is unable to show the requisite harm to justify injunctive relief.[5] As set forth in the Injunction Motion, the requirements for the issuance of a permanent injunction are (1) the likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at law. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003) (citing *LaDuke v. Nelson*, 762 F.2d 1318, 1330 (9th Cir.1985)). With regard to an injunction sought pursuant to the relitigation exception of the Anti-Injunction Act, "[a] party seeking an injunction against relitigation must make the showing necessary for the issuance of any injunction, that is, serious and irreparable harm. This standard is usually met, however, where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." *Trustees of IL WU-PMA Pension Plan v. Peters,* 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009) (internal citations omitted); *see also Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1429 (9th Cir. 1986) (affirming the trial court's finding that irreparable harm would flow to the party and to the state court system if the state action was allowed to proceed).

Moreover, because Verizon Wireless has already established its success on the merits of these issues as demonstrated by the Court's prior rulings in favor of Verizon Wireless, the required equitable criteria for injunctive relief are satisfied. *See Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 872 (9th Cir. 1992) ("Finally, the Ulloas claim that the injunction was inappropriate because Western would suffer no "irreparable injury" by having to bring its res judicata defenses in Guam court. It is true that a showing of irreparable injury is required for a preliminary injunction to issue, and no such showing

---

[5] This deficiency pervades Defendants' analysis of the traditional equitable factors, including their arguments regarding the balance of hardships, public interest, and success on the merits. *See* Opp. at 14-15. A close examination of the actual relief sought in the Motion to Enforce, as set forth in Section I. *supra,* reveals that these factors also support the injunctive relief sought by Verizon Wireless.

1   has been made here. However, 'when actual success on the merits is shown, the inquiry is

2   over and a party is entitled to relief as a matter of law irrespective of the amount of

3   irreparable injury which may be shown.'") (citations omitted).

4       **IV.    CONCLUSION.**

5       Based on the foregoing, the Injunction Motion, the entire record in this case, and

6   the parties' arguments to be heard on March 8, 2012, Verizon Wireless respectfully

7   requests that this Court enter an injunction enjoining the pending Motion to Enforce filed

8   in the Circuit Court of Cook County Illinois, Chancery Division.

9       RESPECTFULLY SUBMITTED this 8th day of February, 2012.

10                      KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

12                      By: */s/ Marcos D. Jiménez*

                          Marcos Jiménez

13                          Scott Cosgrove

                          Audrey M. Pumariega

14                          1441 Brickell Avenue, Suite 1420

                          Miami, Florida 33131

15                      GALLAGHER & KENNEDY, P.A.

16                        Paul K. Charlton

                        Lindsi M. Weber

17                        2575 East Camelback Road

                        Phoenix, Arizona 85016-9225

18                      *Attorneys for Plaintiff*

19

20                 **<u>CERTIFICATE OF SERVICE</u>**

21    I hereby certify that on this 8th day of February, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for

22 filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

23

24                    */s/Audrey M. Pumariega*

25

26

27

28