Cellco Partnership d/b/a Verizon Wireless v. Jason Hope, et al.
Case No. 2:11-cv-00432

INDEX OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| A | Plaintiff's Responses and Objections to Defendants' Requests for Admission, Non-Uniform Interrogatories and Request for Production |
| B | Excerpt from transcript of Jonathan Lee Salkoff deposition |

# EXHIBIT A

Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:  (602) 530-8000
Facsimile:  (602) 530-8500
Email:      paul.charlton@gknet.com
            lindsi.weber@gknet.com

Marcos Daniel Jiménez (pro hac vice)
Scott B. Cosgrove (pro hac vice)
Ann M. St. Peter-Griffith (pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:  (786) 587-1077
Facsimile:  (305) 675-7970
Email:      MJimenez@kasowitz.com
            SCosgrove@kasowitz.com
            AStpetergriffith@kasowitz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Cellco Partnership d/b/a Verizon Wireless,<br><br>                      Plaintiff,<br><br>v.<br><br>Jason Hope; et al.,<br><br>                      Defendants. | Case No. 2:11-cv-00432-DGC<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR ADMISSION, NON-UNIFORM INTERROGATORIES AND REQUEST FOR PRODUCTION** |
|---|---|

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by and through the undersigned counsel, hereby responds and objects to Defendants' Requests for Admission, Request for Production (collectively, the "Requests") and Non-Uniform Interrogatories (the "Interrogatories") and states as follows:

## RESPONSES AND OBJECTIONS APPLICABLE TO ALL REQUESTS AND INTERROGATORIES

1. Verizon Wireless has made a reasonable inquiry and responds to the Requests and Interrogatories based on the facts learned and documents located through such inquiry to date. However, Verizon Wireless' investigation is ongoing and Verizon

1



incorporate Verizon's requirements for premium text messaging service ("PSMS") providers.

**REQUEST FOR ADMISSION NO. 3**

Admit that you charge(d) the Aggregators a fee for handling customer complaints through your call centers related to JAWA products/services/charges.

**Response to Request for Admission No. 3:**

Denied. *See* VZW00000194-290, VZW 00000298-475; VZW00000481-530.

**REQUEST FOR ADMISSION NO. 4.**

Admit that during the week of March 7, 2011, a representative from Verizon participated in one or more telephone conversations with a representative or representatives of AT&T, Sprint, or T-Mobile, in which JAWA was discussed.

**Response to Request for Admission No. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5.**

Admit that in 2011 at a CTIA event in Florida, a representative from Verizon met in person with a representative or representatives of AT&T, Sprint, or T-Mobile and discussed JAWA.

**Response to Request for Admission No. 5:**

Denied, as set forth in the deposition testimony of Jonathan Salkoff at pp. 88:12-91:2.

**REQUEST FOR ADMISSION NO. 6.**

Admit that you cannot specifically identify any customer who cancelled his or her wireless contract with Verizon solely due to alleged misconduct by JAWA.

**Response to Request for Admission No. 6:**

Denied. *See* Response to Non-Uniform Interrogatory No. 4.

**Response to Non-Uniform Interrogatory No. 5:**

Verizon Wireless specifically objects to this interrogatory as overbroad and unduly burdensome. Furthermore, Verizon Wireless is unable to identify the exact URLs that each customer followed due to Defendants' intentional efforts to conceal their URLs through their use of cloaking software designed to block Verizon Wireless from auditing Defendants' URLs. Verizon Wireless further notes that Defendants have refused to produce copies of their landing pages in response to Verizon Wireless' First Request for Production No. 4.

**NON-UNIFORM INTERROGATORY NO. 6.**

Describe in detail the process by which you came to the decision to terminate JAWA's short codes on or before March 8, 2011. In your description:

- Identify each person involved in the decision-making process (herein referred to as "decision-makers");
- Identify anyone the decision-makers consulted with prior to making the decision; and
- Describe any steps taken by you to contact the Aggregators or anyone at JAWA, including JAWA's employees, contractors and subcontractors, to address or inquire about alleged violations by JAWA.

Also describe the documents relied upon to make that decision, providing references to bates numbers on those documents where applicable.

**Response to Non-Uniform Interrogatory No. 6:**

Verizon Wireless specifically objects to this interrogatory to the extent it implies that Verizon Wireless had a duty to consult with or advise Defendants or the Aggregators prior to suspending or terminating Defendants' short codes. Subject to and without waiving its objections, Verizon Wireless states:

Following its receipt of Robert Alpert's whistle-blowing report, Verizon Wireless conducted its own investigation, with the assistance of Aegis Mobile. After Verizon Wireless' investigation determined that Defendants were engaged in the fraudulent scheme



described in Verizon Wireless' First Amended Complaint, Verizon Wireless decided to suspend Defendants' short codes and commence this action.

The decision to suspend the short codes was made by David Burmester, in consultation with two of his superiors in Verizon Wireless Product Line Management – Colson Hillier and Greg Haller. Mr. Burmester consulted with Leigh Schachter and Brian Ashby from the Verizon Wireless legal department.

Verizon Wireless did not contact either JAWA or the Aggregators regarding the investigation prior to March 8, 2011, with the exception that on February 11, 2011, Jonathan Salkoff sent e-mails to all impacted aggregators instructing them to suspend certain short codes. Subsequently, further investigation uncovered additional noncompliant short codes and on March 7, 2011 Verizon Wireless informed the aggregators that it was suspending certain additional short codes associated with JAWA. Pursuant to Fed. R. Civ. P. 33(d), Verizon Wireless refers to the March 7, 2011 termination letters. Verizon Wireless will produce additional responsive documents and will supplement its response to this interrogatory after those documents are assigned Bates numbers.

**NON-UNIFORM INTERROGATORY NO. 7**.

Describe in detail, providing actual numbers, the <u>monetary damages</u> you allege result(ed) from JAWA's conduct as alleged in the Complaint and how those damages are calculated. As part of your response, identify all documents, and the relevant pages and sections thereof, relied upon to answer this interrogatory.

As part of your response, identify all documents, and the relevant pages and sections thereof, relied upon to answer this interrogatory.

<u>Response to Non-Uniform Interrogatory No. 7</u>:

Verizon Wireless objects to this interrogatory on the grounds that it calls for information protected by the attorney-client and work product privileges. Subject to and without waiving these objections, Verizon Wireless responds that it is still in the process calculating its monetary damages, which will require the assistance of an expert. Verizon Wireless agrees to supplement this response accordingly. At a minimum, Verizon

11

- Quantify each category of money and property, referring to specific documentation that supports your damages calculations.

**Response to Non-Uniform Interrogatory No. 20:**

Verizon Wireless specifically objects to this interrogatory in that it solicits a purely legal conclusion. Verizon Wireless further objects to the portion of this interrogatory seeking to quantify damages in that it is duplicative of Interrogatory No. 7. Subject to and without waiving its objections, Verizon Wireless states that its allegations regarding causation and the nature of damages are set forth in the First Amended Complaint.

**NON-UNIFORM INTERROGATORY NO. 21.**

Identify all meeting participants, each topic discussed, and each reference to JAWA made by any participant during the telephone call(s) between representatives of Verizon and other carriers that occurred during the week of March 7, 2011 (defined as March 6, 2011 — March 12, 2011). Please also indicate who was responsible for keeping minutes of the conference.

**Response to Non-Uniform Interrogatory No. 21:**

Verizon Wireless refers and incorporates the deposition testimony of Jonathan Salkoff at pp. 82:21-85:6.

**NON-UNIFORM INTERROGATORY NO. 22.**

Identify all meeting participants, each topic discussed, and each reference to JAWA made by any participant during the conference between representatives of Verizon and other carriers that occurred in person at a CTIA event in Florida during 2011. Please also indicate who was responsible for keeping minutes of the conference.

**Response to Non-Uniform Interrogatory No. 22:**

Verizon Wireless refers and incorporates the deposition testimony of Jonathan Salkoff at pp. 88:12-91:21.

**NON-UNIFORM INTERROGATORY NO. 23.**

Identify the following statistics related to Verizon's damages claim:

21

and/or profits from said Services, and any projections, plans, or communications regarding the expansion of any such Services, whether or not the Service exists at this time.

**Response to Request for Production No. 19**:

Verizon Wireless specifically objects to this request on the grounds that the request is overbroad and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Verizon Wireless further objects to this request on the grounds that the terms "all strategic plans regarding revenue and/or profits" are vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 20**.

Produce any and all letters, records of phone calls, e-mail, text messages, logs of instant-messaging chat sessions, messages from Facebook or similar social networking applications, and any other communications to or from Verizon, its employees, officers, directors, agents and/or contractors, including but not limited to Verizon's CEO and former CEO, regarding any Service identified in your Response to NUI #1, any discussions or plans regarding the expansion of any such Services, whether or not the Service exists at this time, and any discussions regarding third-party mobile content or third-party content provided on the Verizon network.

**Response to Request for Production No. 20**:

Verizon Wireless objects to this request on the grounds that it is irrelevant, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

DATED this 7th day of November, 2011.

GALLAGHER & KENNEDY, P.A.

Paul K. Charlton
Lindsi M. Weber
2575 East Camelback Road
Phoenix, Arizona 85016-9225

|  |  |
|---|---|
| 1 | |
| 2 | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 3 | By /s/ *Marcos Daniel Jiménez* |
| 4 | Marcos Daniel Jiménez<br>Scott B. Cosgrove |
| 5 | Ann M. St. Peter-Griffith<br>1441 Brickell Avenue, Suite 1420 |
| 6 | Miami, Florida 33131 |
| 7 | *Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

COPY of this document served via first class and electronic mail this 7th day of November, 2011 to:

Dennis I. Wilenchik, Esq.
WILENCHIK & BARTNESS, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

J. Grant Woods, Esq.
Grant Woods Law P.C.
Two Renaissance Square
40 N. Central Ave., Ste. 2250
Phoenix, Arizona 85004
gw@grantwoodspc.net

*Attorneys for Defendants*

/s/ *Lindsi M. Weber*