Paul K. Charlton (Bar No. 012449)
Lindsi M. Weber (Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:    (602) 530-8000
Facsimile:     (602) 530-8500
Email:          paul.charlton@gknet.com
                   lindsi.weber@gknet.com

Marcos Jiménez (admitted pro hac vice)
Scott Cosgrove (admitted pro hac vice)
Audrey M. Pumariega (admitted pro hac vice)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone:    (786) 587-1077
Facsimile:     (305) 675-7970
Email:          MJimenez@kasowitz.com
                   SCosgrove@kasowitz.com
                   APumariega@kasowitz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cellco Partnership d/b/a Verizon Wireless,<br><br>             Plaintiff,<br>v.<br>Jason Hope; et al.,<br>             Defendants.<br>AND RELATED COUNTERCLAIM. | Case No. 2:11-cv-00432-DGC<br><br>**PLAINTIFF'S ANSWER TO THIRD AMENDED COUNTERCLAIMS**<br><br>(Assigned to the Hon. David G. Campbell) |

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), as for its answer to the Third Amended Counterclaims ("TAC") (Doc. 220) of Defendants, states as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

**Counterclaimants**

1.      Admits that Eye Level Holdings, LLC is organized under Delaware law and that New Economic Order, LLC and Saguaro Media, LLC are members of Eye Level Holdings, LLC. Admits that New Economic Order, LLC is owned and controlled by

Jason Hope. Admits that Jason Hope is a resident of Arizona. Admits that Saguaro Media, LLC is owned and controlled by Wayne DeStefano. Admits that Wayne DeStefano is a resident of Arizona. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. Admits that New Economic Order, LLC is organized under Delaware law and that Jason Hope owns and controls the company. Admits that Jason Hope is a resident of Arizona. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3. Admits that Saguaro Media, LLC is organized under Delaware law and is owned and controlled by Wayne DeStefano. Admits that Wayne DeStefano is a resident of Arizona. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. Admits that SMS City, LLC is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6. Admits that Standard Plan, LLC is organized under Delaware law and that New EIN, LLC is a primary member of Standard Plan, LLC. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7. Admits that Worldtxts.com, LLC is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. Admits that Mytxtsms.com, LLC is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9. Admits that Text Charge, LLC is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10. Admits that Fyisms, LLC is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Admits that News Alerts, LLC is organized under Delaware law and that New EIN, LLC is a primary member of News Alerts, LLC. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. Admits that Message Plan, LLC is organized under Delaware law and that New EIN, LLC is a primary member of News Alerts, LLC. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. Admits that Standard Message, LLC, is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14. Admits that City-O-Games.com, LLC, is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Admits that All-Game-Cheats.org, LLC, is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Admits that Hot-Hot-News.com, LLC, is organized under Delaware law and that Yellow Ball Holdings, LLC is a primary member of Hot-Hot-News.com, LLC. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17. Admits that Topictext.com, LLC, is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. Admits that Yellow Ball Holdings, LLC, is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19. Admits that New EIN, LLC, is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

20. Admits that Ink Sign Holdings, LLC, is organized under Delaware law. Verizon Wireless reincorporates its responses to Paragraphs 1 through 3, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21. Paragraph 21 of the Restated Third Amended Counterclaim does not assert a factual allegation to which a response is required.

1 22. Admits that Cellco Partnership d/b/a Verizon Wireless is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey. Verizon Communications, Inc. and Vodafone Group Plc, a British entity, indirectly own all interest in Verizon Wireless. Admits that the direct corporate parents of Verizon Wireless are: (i) Bell Atlantic Mobile Systems, Inc., a Delaware corporation with its principal place of business n New Jersey; (ii) GTE Wireless Incorporated, a Delaware corporation with its principal place of business in New Jersey; (iii) PCS Nucleus, L.P., Denver Place, a Delaware limited partnership with its principal place of business in Colorado, which is composed of Vodafone Americas Inc., a Delaware corporation, with its principal place of business in Colorado; and (iv) JV Partner Co., L.L.C., a Delaware limited liability company, with its principal place of business in Colorado. Verizon Wireless denies that PCS Nucleus, L.P., Denver Place is composed of JV Partner Co., L.L.C. Admits that this Court has personal jurisdiction over Verizon Wireless in connection with this case. Admits that it may be served in connection with this case through its counsel of record in this case. Verizon Wireless denies the remaining allegations in Paragraph 22.

**Jurisdiction and Venue**

23. Denied.

24. Admits that RICO would confer federal jurisdiction, except denies that Defendants have sufficiently stated a RICO claim.

25. Admitted.

26. Admitted.

## II. INTRODUCTION AND FACTS

27. Denied.

28. Admits that it offers certain text message services to its customers, except denies that those services are comparable to or compete with Defendants' PSMS. Verizon Wireless denies the remaining allegations contained in ParagraphVerizon Wireless denies the remaining allegations contained in Paragraph 28.

5

29. Denied.

30. Admits that a JAWA entity was party to an Illinois class action settlement agreement. Verizon Wireless denies the remaining allegations contained in Paragraph 30.

31. Admits that the settlement agreement in the Illinois class action required the defendants in that case to substantially comply with the MMA Guidelines. Admits that it did not give JAWA notice and an "opportunity to cure" the violations discovered just prior to this lawsuit, but denies that it was required to do so. Verizon Wireless denies the remaining allegations contained in Paragraph 31.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted, except denies that this Action is "wrongful."

37. Admits that JAWA's content and services previously were distributed over the Internet to certain Verizon Wireless customers. Verizon Wireless lacks sufficient knowledge and information to form a belief as to the truth and accuracy of the allegations contained in Paragraph 37 as they pertain to other Wireless Carriers.

38. Admits as to Verizon Wireless. Verizon Wireless lacks sufficient knowledge and information to form a belief as to the truth and accuracy of the allegations contained in Paragraph 38 as they pertain to other Wireless Carriers.

39. Verizon Wireless lacks sufficient knowledge and information to form a belief as to the truth and accuracy of the allegations contained in Paragraph 39.

**Critical Role of SMS Aggregators**

40. Admits as to Verizon Wireless. Verizon Wireless lacks sufficient knowledge and information to form a belief as to the truth and accuracy of the allegations contained in Paragraph 40 as they pertain to other Wireless Carriers.

1  41. Admits that the Aggregators collected funds from Verizon Wireless.
2  Verizon Wireless lacks sufficient knowledge and information to form a belief as to the
3  truth and accuracy of the remaining allegations contained in Paragraph 41.

4  42. Verizon Wireless lacks sufficient knowledge and information to form a
5  belief as to the truth and accuracy of the allegations contained in Paragraph 42.

6  43. Verizon Wireless lacks sufficient knowledge and information to form a
7  belief as to the truth and accuracy of the allegations contained in Paragraph 43.

8  **Mobile Marketing Association Guidelines**

9  44. Admits that Wireless Carriers require PSMS content providers to comply
10 with the MMA Guidelines. Verizon Wireless denies the remaining allegations contained
11 in Paragraph 44.

12 45. Verizon Wireless incorporates by reference the MMA's self-description at
13 http://mmaglobal.com/about/who-we-are, and denies any allegation to the contrary in
14 Paragraph 45.

15 46. Admits that the MMA has promulgated the Consumer Best Practices
16 Guidelines for Cross Carrier Mobile Content Services, except denies that JAWA aspires
17 to follow them.

18 47. Admitted.

19 48. Denied. Verizon Wireless requires all PSMS content providers to follow
20 the MMA Guidelines in order to maintain access to its network.

21 49. Denies as to Verizon Wireless, except admits that Verizon Wireless
22 monitors and audits third-party content providers. Verizon Wireless lacks sufficient
23 knowledge and information to form a belief as to the truth and accuracy of the allegations
24 contained in Paragraph 49 as they pertain to other Wireless Carriers.

25 50. Denied. Verizon Wireless incorporates by reference the Verizon Wireless-
26 specific portion of the MMA Guidelines, available at
27 http://mmaglobal.com/Consumer_Best%20Practices_6.1%20Update-
28 02May2011FINAL_MMA.pdf at p. 62. While Verizon Wireless has a process for

7

1 correcting violations, Verizon Wireless retains the right to terminate PSMS content providers without notice or an opportunity to cure. Verizon Wireless denies an allegation to the contrary in Paragraph 50.

51. Denied.

52. Admitted. Verizon Wireless specifically denies that any such notice or opportunity to cure was required.

53. Admitted, because Verizon Wireless does not market its products on the type of marketing URLs to which the MMA Guidelines apply.

54. Denied.

55. Admits that Verizon Wireless is considered the largest wireless carrier in the United States based on the number of subscribers. Verizon Wireless denies the remaining allegations contained in Paragraph 55.

**Litigation**

56. Admits that on March 7, 2011, Verizon Wireless filed an action seeking in part injunctive relief and alleging that JAWA was engaged in a complex scam, and admits that the Texas Attorney General filed an injunctive action against JAWA on March 7, 2011. Verizon Wireless denies the remaining allegations contained in Paragraph 56.

57. Denied.

58. Denied.

59. Denied.

**Wrongful Interference with SMS Relationships**

60. Admits that on March 8, 2011 Verizon Wireless asked the SMS Aggregators to terminate short codes associated with JAWA on the Verizon Wireless network. Verizon Wireless denies the remaining allegations contained in Paragraph 60.

61. Admits that Verizon Wireless sent the referenced letter to the SMS Aggregators and respectfully refers the Court to the letter, which speaks for itself. Verizon Wireless denies the remaining allegations contained in Paragraph 61.

62. Denies as to Verizon Wireless. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 62 as they pertain to other wireless carriers.

63. Verizon Wireless respectfully refers the Court to the March 8, 2012 letter, which speaks for itself.

64. Admits that OpenMarket, IPX, and mBlox complied with the instructions in Verizon Wireless' letter referenced in Paragraph 61 and denies the remaining allegations contained in Paragraph 64 as to Verizon Wireless. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 64.

65. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 65.

66. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 66.

67. Admits that Verizon Wireless has not paid the Aggregators for certain sums that JAWA claims are attributable to its services. Verizon Wireless respectfully refers the Court to the March 8, 2012 letter, which speaks for itself. Therein, Verizon Wireless advised the SMS Aggregators that it reserves all rights and remedies that it has under its Agreements with them, and that the Aggregators must accept responsibility for the costs that Verizon Wireless will incur in connection with Defendants' improper messaging campaigns run through the respective Aggregators. Verizon Wireless denies the remaining allegations contained in Paragraph 67.

68. Denied, except admits that Verizon Wireless is withholding certain sums of money that JAWA claims are attributable to its services. Verizon Wireless denies the remaining allegations contained in Paragraph 67.

69. Admits that Verizon Wireless has exercised its right not to do business with Defendants due to JAWA's fraud and racketeering activity. Verizon Wireless lacks

1. sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 69.

**Wrongful Interference with Consumer Relations**

70. Denied.

71. Admits that Verizon Wireless offered refunds to certain customers. Verizon Wireless denies the remaining allegations contained in Paragraph 71.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

**Public Defamation and Collaboration with Competitors**

76. Verizon Wireless respectfully refers the Court to the press release, which speaks for itself. Verizon Wireless denies any allegations to the contrary in the remainder of Paragraph 76.

77. Denied.

78. Denied.

79. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 79.

80. Denied.

**History Behind Verizon's Attacks.**

81. Denied.

82. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations regarding Mr. Alpert's relationship with JAWA. Verizon Wireless denies the remaining allegations contained in Paragraph 82.

83. Admits that in February 2012, Mr. Alpert provided information to Verizon Wireless regarding Defendants' conduct. Admits that Verizon Wireless subsequently suspended twelve short codes. Verizon Wireless denies the remaining allegations

contained in Paragraph 83 as to Verizon Wireless and lacks sufficient knowledge to form a belief as to the truth of the allegations regarding the Aggregators' alleged knowledge.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

**Verizon's Impact on JAWA**

88. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations regarding JAWA and its employees. Verizon Wireless denies the remaining allegations contained in Paragraph 88.

89. Denied.

90. Denied.

91. Denied.

92. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 92.

93. Denied.

94. Denied.

95. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 95.

96. Verizon Wireless lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 96.

Verizon Wireless denies all allegations not specifically admitted or denied above.

### III.   CAUSES OF ACTION

#### COUNT 1: TORTIOUS INTERFERENCE WITH CONTRACTS AND BUSINESS EXPECTANCIES

Verizon Wireless is not required to respond to the allegations contained in Count 1 (Paragraphs 97 through 102) of the TAC, as the Court dismissed this count in its entirety. (*See* Doc. 273).

11

**COUNT 2: CONSPIRACY TO TORTIOUSLY INTERFERE**

Verizon Wireless is not required to respond to the allegations contained in Count 2 (Paragraphs 103 through 109) of the TAC, as the Court dismissed this count in its entirety.  (*See* Doc. 273).

**COUNT 3: BUSINESS DISPARAGEMENT/INJURIOUS FALSEHOOD**

110. Repeats and reincorporates its responses to the allegations contained in Paragraphs 1 through 109 of the TAC.

111. Denied.

112. Verizon Wireless denies the allegations contained in Paragraph 112 and respectfully refers the Court to the press release, which speaks for itself.

113. Denied.

**COUNT 4: CONVERSION**

Verizon Wireless is not required to respond to the allegations contained in Count 4 (Paragraphs 114 through 123) of the TAC, as the Court dismissed this count in its entirety.  (*See* Doc. 273).

**COUNT 5: UNJUST ENRICHMENT**

124. Repeats and reincorporates its responses to the allegations contained in Paragraphs 1 through 123 of the TAC.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

Verizon Wireless denies the allegations contained in the unnumbered paragraph at the end of Count 5.

### COUNT 6: CONSTRUCTIVE TRUST

Verizon Wireless is not required to respond to the allegations contained in Count 6 (Paragraphs 131 through 135) of the TAC, as the Court dismissed this count in its entirety.  (*See* Doc. 273).

### COUNT 7: VIOLATION OF THE SHERMAN ACT

Verizon Wireless is not required to respond to the allegations contained in Count 7 (Paragraphs 136 through 161) of the TAC, as the Court dismissed this count in its entirety.  (*See* Doc. 273).

### COUNT 8: VIOLATION OF THE NEW JERSEY ANTITRUST ACT

Verizon Wireless is not required to respond to the allegations contained in Count 8 (Paragraphs 162 through 185) of the TAC, as the Court dismissed this count in its entirety.  (*See* Doc. 273).

### COUNT 9: ABUSE OF PROCESS

Verizon Wireless is not required to respond to the allegations contained in Count 9 (Paragraphs 186 through 188) of the TAC, as the Court dismissed this count in its entirety.  (*See* Doc. 273).

### COUNT 10: VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C.A. § 1962(C)

Verizon Wireless is not required to respond to the allegations contained in Count 10 (Paragraphs 189 through 209) of the TAC, as the Court dismissed this count in its entirety.  (*See* Doc. 273).

## IV.   PRELIMINARY INJUNCTIVE RELIEF

Verizon Wireless denies the allegations contained in Paragraphs 210 through 219 and refers Defendants to Doc. 133, in which the Court denied Defendants' motion for preliminary injunctive relief.

## V.   PERMANENT INJUNCTION

Verizon Wireless denies the allegations contained in Paragraphs 220 through 221 and specifically denies that Defendants are entitled to permanent injunctive relief for the same reasons set forth at Doc. 133.

## V.   EXEMPLARY DAMAGES AND OTHER RELIEF

222.  Repeats and reincorporates its responses to the allegations contained in Paragraphs 1 through 221 of the TAC.

223.  Denied.

224.  Denies the allegations contained in Paragraph 212 and respectfully refers all questions of law to the Court.

225.  Verizon Wireless denies that JAWA is entitled to the relief requested in Paragraph 225, and respectfully refers all questions of law to the Court.

## VI.   CONCLUSION AND PRAYER

Verizon Wireless denies that JAWA is entitled to the relief requested in its "Wherefore" clause.

226.  Verizon Wireless denies that JAWA is entitled to the relief requested in Paragraph 226.

227.  Verizon Wireless denies that JAWA is entitled to the relief requested in Paragraph 227.

## FIRST AFFIRMATIVE DEFENSE

The TAC fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of unclean hands.  Among other things, Defendants falsely represented to Verizon Wireless, through the Aggregators, that

1 they would comply with the MMA Guidelines.  Verizon Wireless relied to its detriment
2 on this representation in giving Defendants the privilege to access its wireless network.
3 Contrary to their representations, Defendants submitted "carrier-facing" URLs to Verizon
4 Wireless for approval that they did not intend to use, and instead used unauthorized,
5 unapproved and noncompliant URLs in marketing their PSMS to Verizon Wireless'
6 customers.  Defendants then intentionally blocked Verizon Wireless' auditors from
7 detecting their unauthorized pages through the use of cloaking software.

### THIRD AFFIRMATIVE DEFENSE

Defendants are estopped from pursuing their claims due to their own intentional misconduct.  Among other things, Defendants falsely represented to Verizon Wireless, through the Aggregators, that they would comply with the MMA Guidelines.  Verizon Wireless relied to its detriment on this representation in giving Defendants the privilege to access its wireless network.  Contrary to their representations, Defendants submitted "carrier-facing" URLs to Verizon Wireless for approval that they did not intend to use, and instead used unauthorized, unapproved and noncompliant URLs in marketing their PSMS to Verizon Wireless' customers.  Defendants then intentionally blocked Verizon Wireless' auditors from detecting their unauthorized pages through the use of cloaking software.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have no standing to maintain their claim for unjust enrichment as no privity of contract existed between Verizon Wireless and Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants failed to mitigate their damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

The statements in the March 8, 2012 press release were substantially true.

### SEVENTH AFFIRMATIVE DEFENSE

Verizon Wireless was privileged to make the statements in the March 8, 2012 press release, which merely summarized the allegations in Verizon Wireless' Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The statements in the March 8, 2012 press release were made with a legitimate purpose.

### NINTH AFFIRMATIVE DEFENSE

Defendants have failed to identify the purported false statements made by Verizon Wireless to third parties so as to support Defendants' business disparagement claim.

### TENTH AFFIRMATIVE DEFENSE

To the extent that the unidentified statements to third parties are the same as the statements identified from the March 8, 2012 press release, those statements, even if made, were substantially true.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the unidentified statements to third parties are the same as the statements identified from the March 8, 2012 press release, Verizon Wireless was privileged to make any such statements, which merely summarized the allegations in the Plaintiff's Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that the unidentified statements to third parties are the same as the statements identified from the March 8, 2012 press release, those statements, even if made, were made with a legitimate purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants have an adequate remedy at law for the conduct forming the basis of Defendants' unjust enrichment claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

Even if Verizon Wireless had been enriched by the conduct forming the basis of Defendants' unjust enrichment claim, the conduct was justified. Among other things, Defendants falsely represented to Verizon Wireless, through the Aggregators, that they would comply with the MMA Guidelines. Verizon Wireless relied to its detriment on this representation in giving Defendants the privilege to access its wireless network.

Contrary to their representations, Defendants submitted "carrier-facing" URLs to Verizon Wireless for approval that they did not intend to use, and instead used unauthorized, unapproved and noncompliant URLs in marketing their PSMS to Verizon Wireless' customers. Defendants then intentionally blocked Verizon Wireless' auditors from detecting their unauthorized pages through the use of cloaking software.

RESPECTFULLY SUBMITTED this 13th day of February, 2012.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: */s/Marcos D. Jiménez*
Marcos Jiménez
Scott Cosgrove
Audrey M. Pumariega
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131

GALLAGHER & KENNEDY, P.A.
Paul K. Charlton
Lindsi M. Weber
2575 East Camelback Road
Phoenix, Arizona 85016-9225

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2011, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

*/s/Audrey M. Pumariega*