

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CELLCO PARTNERSHIP,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>JASON HOPE; et al.,<br><br>    Defendants - Appellants. | No. 11-16445<br><br>D.C. No. 2:11-cv-00432-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted February 17, 2012
San Francisco, California

Before: FISHER and IKUTA, Circuit Judges, and SEABRIGHT,[**] District Judge.

The district court did not abuse its discretion in holding that Verizon was likely to succeed on its claim for tortious interference with contractual relations.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable J. Michael Seabright, District Judge for the U.S. District Court for Hawaii, sitting by designation.

Verizon adduced evidence that defendant Eye Level Holdings, LLC (JAWA) took actions (including measures to conceal its actions from Verizon) whose necessary consequence was to burden Verizon's contracts with its wireless subscribers by making it more costly for Verizon to meet its obligation to prevent unauthorized charges on its subscribers' bills.  *See* Restatement (Second) of Torts § 766A (1979); *see also Snow v. W. Sav. & Loan Ass'n*, 730 P.2d 204, 212 (Ariz. 1986); *Plattner v. State Farm Mut. Auto. Ins. Co.*, 812 P.2d 1129, 1134 (Ariz. Ct. App. 1991).  Nor did the district court abuse its discretion in finding that Verizon was likely to suffer irreparable harm in the absence of preliminary relief because "[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001).  Thus, the district court did not err in granting Verizon's motion for a preliminary injunction.

Nor did the district court err in determining the scope of the preliminary injunction, because the district court could reasonably determine that a court order was necessary to prevent JAWA from continuing its tortious interference through the use of affiliated LLCs.  Moreover, even if the preliminary injunction order had some redundancies, it was sufficiently clear to comply with Rule 65 of the Federal

Rules of Civil Procedure.  *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1097 (9th Cir. 2002).

We reject JAWA's argument that the Illinois class action settlement precluded Verizon's claim, because Verizon was neither a named party to that action, *see, e.g., Northbrook Prop. & Cas. Ins. Co. v. GEO Int'l Corp.*, 739 N.E.2d 47, 49–50 (Ill. App. Ct. 2000), nor in privity with a party to that action, *see Yorulmazoglu v. Lake Forest Hosp.*, 834 N.E.2d 468, 472–73 (Ill. App. Ct. 2005).

The district court did not abuse its discretion by denying JAWA's motion for a preliminary injunction, because JAWA was not likely to succeed in showing that Verizon engaged in improper conduct.  Verizon's actions against JAWA likely constituted a valid exercise of its contractual authority, *see Mac Enters. v. Del E. Webb Dev. Co.*, 645 P.2d 1245, 1250 (Ariz. Ct. App. 1982), and were driven by valid business considerations, *see Neonatology Assocs. v. Phx. Perinatal Assocs., Inc.*, 164 P.3d 691, 695 (Ariz. Ct. App. 2007).

We deny Verizon's request for attorney's fees because JAWA's appeal is not "wholly without merit."  *Operating Eng'rs Pension Trusts v. B&E Backhoe, Inc.*, 911 F.2d 1347, 1356 (9th Cir. 1990) (internal quotation marks omitted).

**AFFIRMED**.