# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cellco Partnership d/b/a Verizon Wireless, | Case No. CV11-0432-PHX DGC |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| Jason Hope; et al., | |
| Defendants. | |

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), having filed its Complaint requesting a permanent injunction and other relief, and defendants Cylon, LLC; New Economic Order, LLC; Saguaro Media, LLC; New EIN, LLC; Ink Sign Holdings, LLC; Yellow Ball Holdings, LLC; Message Plan, LLC; FYIsms.com, LLC; MYTXTSMS.com, LLC; Standard Plan, LLC; Standard Message, LLC; SMS City, LLC; Hot-Hot-News.com, LLC; City-O-Games.com, LLC; WorldTxts.com, LLC; TopicText.com, LLC; Text Charge, LLC; All-Game-Cheats.org, LLC; and News Alerts, LLC (collectively "Entity Defendants"), and Jason Hope; Wayne DeStefano; Christa Stephens; Steve Uhrman; Quinn McCullough; and Rick Perry (together with the Entity Defendants, the "JAWA Parties"), having filed their Counterclaims, have agreed to compromise and settle all matters and issues in dispute. Thus, the parties have mutually agreed to the entry of this Consent Decree.

**THEREFORE, GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS:**

1. The JAWA Parties and any entity in which the JAWA Parties individually or collectively have an ownership interest shall not seek to activate premium short message service ("PSMS") programs on the Verizon Wireless network without first obtaining written permission from the Verizon Wireless Designee, as defined in the Settlement Agreement and Release among the parties hereto. The person or entity submitting the request on behalf of one or all of the JAWA Parties shall provide to the Verizon Wireless Designee all information, including documents and electronic data, as required by Verizon Wireless to evaluate the request.

2. Beginning no earlier than six (6) months after the date of the Settlement Agreement and Release resolving this matter, the JAWA Parties may submit to Verizon Wireless such requests to deliver PSMS programs to Verizon Wireless customers by any one or all of the JAWA Parties and any entity in which the JAWA Parties individually or collectively have an ownership interest. After Verizon Wireless performs its review, it may decide to permit any one or all of the JAWA Parties to operate PSMS programs as approved by Verizon Wireless in accordance with the policies and procedures set by Verizon Wireless. Any decision to grant such access to the Verizon Wireless network shall be made solely and exclusively by Verizon Wireless, in its absolute discretion, and Verizon Wireless may deny such access for any reason.

3. If Verizon Wireless grants permission to any one or all of the JAWA Parties to activate PSMS programs on the Verizon Wireless network, the JAWA Parties agree that the JAWA Parties and their officers and agents are hereby prohibited from:

   (i) failing to disclose the relationships of any entities or individuals to the JAWA Parties or their affiliates, and providing false addresses or other information as part of any effort to access the Verizon Wireless network for the purpose of delivering PSMS to customers; and

   (ii) using marketing practices that fail to comply with Mobile Marketing Association ("MMA") Consumer Best Practices (as defined in the Amended Complaint herein) or any other Verizon specific requirements, when selling or attempting to sell PSMS through the Verizon Wireless network to customers.

4. The JAWA Parties, individually and collectively, will not block or attempt to block Verizon Wireless' efforts to monitor and access the internet webpages (URLs) used to market PSMS to Verizon Wireless customers.

5. Plaintiff's claims are dismissed with prejudice, subject to the terms of this Stipulated Consent Decree.

6. This Consent Decree shall be immediately enforceable.

7. This is a final order of the Court, and resolves all remaining issues in this lawsuit. All claims and counterclaims herein are dismissed with prejudice.

8. This Court shall retain continuing jurisdiction to enforce this Consent Decree.

Dated this 27th day of April, 2012.

_____
David G. Campbell
United States District Judge